**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

In re:                                                                    Chapter 11

OUTDOOR BY DESIGN LLC,                              Case No.: 8:20-bk-04253-CED

_____Debtor._____/

**NOTICE OF SERVICE OF SUBPOENAS FOR**
**RULE 2004 EXAMINATIONS AND**
**PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rule of Bankruptcy Procedure 2004-1 and Fed. R. Civ. P. 45, Taizhou

Yuanda Investment Group Co., Ltd., Taizhou Yuanda Furniture Co., Ltd., and Taizhou Yuanda

Travelling Articles Co., Ltd. (collectively "TZY"), by and through its undersigned counsel, hereby

gives notice of service of the subpoenas attached hereto as **Exhibit A**, pursuant to which TZY will

take the oral examinations of the following at the dates, times and locations listed below, and

pursuant to which TZY requests the production of documents as set forth in the subpoenas attached

hereto as Exhibit A by no later than December 16, 2020:

| DEPONENT | DATE AND TIME | LOCATION |
|---|---|---|
| **Donald Corning** | December 17, 2020<br><br>9:00 a.m. ET | Underwood Murray P.A.<br>100 N. Tampa St., Suite 2325<br>Tampa, FL 33062<br>(813-540-8403)<br>**by videoconference (link to be provided) |
| **Erin Corning** | December 18, 2020<br><br>9:00 a.m. ET | Underwood Murray P.A.<br>100 N. Tampa St., Suite 2325<br>Tampa, FL 33062<br>(813-540-8403)<br>**by videoconference (link to be provided) |

| Peter Hill | December 21, 2020<br><br>9:00 a.m. ET | Underwood Murray P.A.<br>100 N. Tampa St., Suite 2325<br>Tampa, FL 33062<br>(813-540-8403)<br>**by videoconference (link to be provided) |
| Outdoor by Design LLC 30(b)(6) representative | December 22, 2020<br><br>9:00 a.m. ET | Underwood Murray P.A.<br>100 N. Tampa St., Suite 2325<br>Tampa, FL 33062<br>(813-540-8403)<br>**by videoconference (link to be provided) |

The above-referenced examinations shall be taken at the times and locations listed above, or such other mutually agreeable date and location which allows for sufficient time and preparation, before a court reporter duly authorized by law to take depositions or before their designated representative, who is not of counsel to the parties and not interested in the events of the cause.

Production of documents as set forth in the subpoenas is requested to be delivered to Megan W. Murray, counsel for TZY, on or before December 16, 2020 at Underwood Murray P.A., 100 N. Tampa St., Suite 2325, Tampa, FL 33062.

Further, pursuant to Federal Rule of Bankruptcy Procedure 2004-1 and Fed. R. Civ. P. 45, by and through its undersigned counsel, TZY hereby gives notice of service of the subpoenas *duces tecum* attached hereto as **Exhibit B**, pursuant to which TZY requests the production of documents as set forth in the subpoenas attached hereto as Exhibit B by no later than December 16, 2020:

(1) iBusinessSolutions, Inc.

(2) AFG, LLC

(3) Alliant Furniture Group, LLC

(4) AMG International LLC

(5) B-Cool Technologies, LLC

(6) Jerry Camp, Jr.

(7) Tammy Camp

(8) Casual Products of America, LLC

(9) Donald Corning

(10)    Lois Corning

(11)    Erin Corning

(12)    Teresa Mueller

(13)    Jason Farley

(14)    Kendra Farley

(15)    Nancy Hill

(16)    Peter Hill

(17)    Steven Hornaday

(18)    Outdoor Brands International, LLC

(19)    Outdoor Innovations Group, LLC

(20)    Jody Shapiro

(21)    Norman Shapiro

(22)    Ashley Thomas

(23)    Michael Thomas

(24)    Z Outdoor Living, LLC

Dated:  November 25, 2020

Respectfully submitted,

/s/ Megan W. Murray
Megan W. Murray
Florida Bar Number 0093922
UNDERWOOD MURRAY PA
100 N Tampa St. Suite 2325
Tampa, FL 33602
Tel: (813) 540-8401
Email: mmurray@underwoodmurray.com

-and-

Jason M. Torf
ICE MILLER LLP
200 W. Madison St., Suite 3500
Chicago, IL  60606
Tel: (312) 726-6244
Email: jason.torf@icemiller.com

*Co-Counsel for TZY*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing has been furnished

via CM/ECF Electronic Notice on all counsel of record.

/s/ Megan W. Murray
Megan W. Murray, FBN 009392

# EXHIBIT A

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Middle _____ District of _____ Florida, Tampa Division _____

In re ____ Outdoor By Design LLC _____
                              Debtor

Case No. ____ 8:20-bk-04253-CED _____

_(Complete if issued in an adversary proceeding)_

Chapter ____ 11 _____

_____
                              Plaintiff

v.

_____
                              Defendant

Adv. Proc. No. _____

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Donald Corning,* 967 Carnoustie Way, Oregon, WI  53575-3924
     c/o Kevin J. Palmersheim, 1424 N. High Point Rd., Middleton, WI  53562

_(Name of person to whom the subpoena is directed)_

[X]  _Testimony_: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding).  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE  Underwood Murray, P.A., 100 N Tampa, Suite 2325, Tampa, FL 33602<br>813-540-8403<br>**by videoconference (link to be provided) | DATE AND TIME<br>December 17, 2020    9:00 a.m. ET |
|---|---|

The deposition will be recorded by this method:
     Court Reporter

[X]  _Production_:  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

     See attached Exhibits A and B

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  11/25/2020
       _____

             CLERK OF COURT

                                          OR

       _____          /s/ Megan W. Murray
       _Signature of Clerk or Deputy Clerk_          _Attorney's signature_

The name, address, email address, and telephone number of the attorney representing _(name of party)_ Taizhou Yuanda Investment Group Co., Ltd., et al. ("TZY") _____ , who issues or requests this subpoena, are:

_____

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

*The witness fee check will be sent by separate correspondence.

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

[X] I served the subpoena by delivering a copy to the named person as follows:  ___Donald Corning_____

__967 Carnoustie Way, Oregon, WI  53575-3924___  - AND-  c/o Kevin J. Palmersheim, 1424 N. High Point Rd., Middleton, WI  53562

_____via Certified Mail_____ on *(date)* ___11/25/2020_____ ; or

[ ] I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: ___11/25/2020_____

/s/ Megan W. Murray
_____
*Server's signature*

Megan W. Murray
_____
*Printed name and title*

Underwood Murray, P.A., 100 N. Tampa St., Suite 2325
Tampa, FL 33602
mmurray@underwoodmurray.com
_____
*Server's address*


Additional information concerning attempted service, etc.:

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A: DEFINITIONS AND INSTRUCTIONS

## DEFINITIONS

1.     The terms "You" or "Your" mean Donald Corning, including Your employees, partners, subsidiaries, affiliates, agents, staff members, or representatives.

2.     The term "TZY" means, collectively, Taizhou Yuanda Investment Group Co., Ltd., Taizhou Yuanda Furniture Co., Ltd., and Taizhou Yuanda Travelling Articles Co., Ltd., including their members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, or successors.

3.     The term "Affiliated Entities" means, collectively, Z Outdoor Living, LLC ("Z Outdoor Living"); AFG, LLC; Casual Products of America, LLC ("Casual Products of America" or "CPA"); Alliant Furniture Group, LLC; AMG International, LLC ("AMG"); B-Cool Technologies, LLC; Outdoor Brands International, LLC; and Outdoor Innovations Group, LLC, including their members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, or successors.

4.     The term "Bankruptcy Creditors" means, collectively, any individual or entity listed as a creditor on Outdoor by Design's bankruptcy filings.

5.     The terms "concerning," "relating to," "related to," "referring or relating to," "relate to," or "refer to," "referencing," mean to address, comprise, consider, reflect, record, reference, memorialize, mention, describe, discuss, contradict, evaluate, consider, review, pertain to, summarize, or report on the subject matter of the Request or to have been created, generated, or maintained in connection with or as a result of the subject matter of the Request.

6.      The term "communication(s)" means any conveyance, disclosure, transfer, transmittal, or exchange of oral or written information (in the form of facts, ideas, inquiries, or otherwise) between or among one or more persons or entities.

7.      The terms "Document" and "Documents" include any written, printed, typed, photocopied, photographed, recorded, or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds, or symbols, or any combination thereof. The terms include also, without limitation, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports, and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of meetings or communications, electronic mail/messages and/or email, texts, instant messaging, questionnaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, and all other data compilations from which information can be obtained, including, without limitation, thumb drives, external hard drives, electromagnetically sensitive storage media such as CDs, DVDs, memory sticks, floppy disks, hard disks, and magnetic tapes. The term "Document" also means every copy of a document where such copy is not an identical duplicate of the original.

2

## INSTRUCTIONS

1.      TZY seeks the production of the Documents set forth in the numbered Requests below that are in Your possession, custody, or control.

2.      In construing these Requests, You shall give effect to the Definitions set forth above. The Definitions apply whether or not the defined term is capitalized in the Request.

3.      Undefined words and terms should be given their common meaning. If You are unsure of the definition of a particular word or term that is not defined in the Definitions set forth above, You shall use the definition that You believe to be the most accurate and state that definition in Your response.

4.      Each Request for documents shall be construed independently and no Request shall be viewed as limiting the scope of any other Request.

5.      Where the context in the Requests makes it appropriate, each singular word shall include its plural and each plural word shall include its singular. The words "any," "and," and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery all responses that might otherwise be construed to be outside its scope. Each of the following words includes the meaning of every other word: "each," "every," "all," and "any." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

6.      In responding to these Requests, You shall furnish such information and documents in Your possession, custody, or control, including information that is in the possession, custody, or control of Your agents, investigators, consultants, and (subject to any otherwise applicable privileges) attorneys.

3

I\15572241.1

7.      Documents produced shall be numbered consecutively, with a prefix identifying the name of the producing entity. For each Document produced, indicate the custodian from whose custody or possession that Document was collected.

8.      Electronically stored information ("ESI") shall be produced in native form, with original metadata. Each production of ESI shall be accompanied by a metadata load file that contains links to the produced files via "Native Link" data values, as well as the original file name, and file path. Each native file shall be renamed with a Bates number and delivered sequentially without gaps. Any ESI that is not text-searchable in native form shall be rendered with OCR software to produce searchable text. Any hard copy documents scanned or otherwise converted to electronic form and produced in electronic form shall be produced as single page TIFF images with document-level (multi-page) searchable text (.TXT) files, rendered with OCR software. The source of the documents (e.g., hard copy, scanned documents) shall be identified. Load files for such productions shall include document breaks which indicate the start and stop of each Document, and sequential Bates numbering without gaps.

9.      If You object to any part of a Request, set forth the basis for Your objection and respond to all parts of the Request to which You do not object.

10.     Each Document requested herein must be produced in its entirety, regardless of whether You consider the entire Document to be relevant or responsive to these Requests. If You have redacted any portion of a Document, stamp the word "redacted" on each page of the Document that You have redacted. Privileged redactions must be included in a privilege log (per Instruction 11, below); non-privileged redactions must also be included in a log describing the basis for the redaction.

I\15572241.1

11.     If any Document is withheld from production, in whole or in part, based on a claim of privilege, provide a privilege log, which, at a minimum, shall specify, as to each Document:

      a.   Author(s);

      b.   Addressee(s) and recipient(s) of the Document, including Persons copied (cc'd) or blind-copied (bcc'd) on any transmittal of the Document;

      c.   Your basis for withholding the Document, including the specific nature of the Date of the Document and, if applicable, any transmittal(s);

      d.   The specific privilege or protection from disclosure asserted;

      e.   A description of the subject matter of the Document sufficient to allow Defendants and the Court to assess the applicability of the privilege or protection asserted;

      f.   The Bates page range or page length of the Document; and

      g.   The Request(s) to which the Document is responsive.

12.     If no document responsive to a Request exists, please state so in Your response.

13.     The relevant time period for these Requests is from January 1, 2017 through the date of these Requests, unless otherwise stated. Your answers shall include responsive documents created, sent, or received during that period. Defendants reserve the right to amend or revise the relevant time period if the Court orders discovery from a different time period or the parties agree to a different time period.

I\15572241.1

## EXHIBIT B: REQUESTS

**REQUEST NO. 1**     All Documents and Communications relating to the financial

condition of Outdoor by Design, including but not limited to tax returns and financial statements

dating back to January 1, 2017.

**RESPONSE:**

**REQUEST NO. 2**     All Documents and Communications relating to capital

contributions, loans, donations, or other items of value provided by You to Outdoor by Design

regardless of whether You expected to be compensated or not, including documents sufficient to

reflect the amount and terms of those contributions, donations, or loans, any payments made on

those loans, and the current repayment status.

**RESPONSE:**

**REQUEST NO. 3**     All Documents and Communication relating to the ownership of

Outdoor by Design, including changes in ownership over time and the reasons therefor.

**RESPONSE:**

**REQUEST NO. 4**     All Documents and Communications relating to the Affiliated

Entities, including any direct or indirect transfers of money or other items of value by, for, or

between Outdoor by Design, including You or any of its other members, and any of the

Affiliated Entities.

**RESPONSE:**

**REQUEST NO. 5**    All Documents and Communications relating to transfers from Outdoor by Design to You or any other member, or family member of any member, of Outdoor by Design.

**RESPONSE:**

**REQUEST NO. 6**    All Documents and Communications relating to any direct or indirect transfers of money or other items of value by, for, or between Outdoor by Design, including You or any of its other members, and its Bankruptcy Creditors.

**RESPONSE:**

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Middle _____ District of _____ Florida, Tampa Division _____

In re ___ Outdoor By Design LLC _____

Debtor

*(Complete if issued in an adversary proceeding)*

Case No. ___ 8:20-bk-04253-CED ___

Chapter ___ 11 ___

_____

Plaintiff

v.

Adv. Proc. No. _____

_____

Defendant

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

* 
To: Erin Corning, 5770 Longwood Lane, Fitchburg, WI  53711
c/o Kevin J. Palmersheim, 1424 N. High Point Rd., Middleton, WI  53562

*(Name of person to whom the subpoena is directed)*

[X] *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding).  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE   Underwood Murray, P.A., 100 N Tampa, Suite 2325, Tampa, FL 33602 | DATE AND TIME |
|---|---|
| 813-540-8403 **by videoconference (link to be provided) | December 18, 2020 at 9:00 am EST |

The deposition will be recorded by this method:

Court Reporter

[X] *Production*:  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attached Exhibits A and B

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   11/25/2020
_____

CLERK OF COURT

OR

_____        _____
Signature of Clerk or Deputy Clerk              *Attorney's signature*
                                                 Megan W. Murray

The name, address, email address, and telephone number of the attorney representing *(name of party)* Taizhou Yuanda Investment Group Co., Ltd., et al. ("TZY")    , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

* The witness fee check will be sent by separate correspondence.

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

[X] I served the subpoena by delivering a copy to the named person as follows: ___Erin Corning_____

____5770 Longwood Lane, Fitchburg, WI  53711   - AND-   c/o Kevin J. Palmersheim, 1424 N. High Point Rd., Middleton, WI  53562

_____via Certified Mail_____ on *(date)* ___11/25/2020_____ ; or

[ ] I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


 I declare under penalty of perjury that this information is true and correct.

Date:  ___11/25/2020_____

                                                    /s/ Megan W. Murray
                                                    _____
                                                    *Server's signature*
                                                    Megan W. Murray
                                                    _____
                                                    *Printed name and title*
                                                    Underwood Murray, P.A., 100  N. Tampa St., Suite 2325
                                                    Tampa, FL 33602
                                                    mmurray@underwoodmurray.com
                                                    _____
                                                    *Server's address*


Additional information concerning attempted service, etc.:

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A: DEFINITIONS AND INSTRUCTIONS

## DEFINITIONS

1.     The terms "You" or "Your" mean Erin Corning, including Your employees, partners, subsidiaries, affiliates, agents, staff members, or representatives.

2.     The term "TZY" means, collectively, Taizhou Yuanda Investment Group Co., Ltd., Taizhou Yuanda Furniture Co., Ltd., and Taizhou Yuanda Travelling Articles Co., Ltd., including their members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, or successors.

3.     The term "Affiliated Entities" means, collectively, Z Outdoor Living, LLC ("Z Outdoor Living"); AFG, LLC; Casual Products of America, LLC ("Casual Products of America" or "CPA"); Alliant Furniture Group, LLC; AMG International, LLC ("AMG"); B-Cool Technologies, LLC; Outdoor Brands International, LLC; and Outdoor Innovations Group, LLC, including their members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, or successors.

4.     The term "Bankruptcy Creditors" means, collectively, any individual or entity listed as a creditor on Outdoor by Design's bankruptcy filings.

5.     The terms "concerning," "relating to," "related to," "referring or relating to," "relate to," or "refer to," "referencing," mean to address, comprise, consider, reflect, record, reference, memorialize, mention, describe, discuss, contradict, evaluate, consider, review, pertain to, summarize, or report on the subject matter of the Request or to have been created, generated, or maintained in connection with or as a result of the subject matter of the Request.

6.      The term "communication(s)" means any conveyance, disclosure, transfer, transmittal, or exchange of oral or written information (in the form of facts, ideas, inquiries, or otherwise) between or among one or more persons or entities.

7.      The terms "Document" and "Documents" include any written, printed, typed, photocopied, photographed, recorded, or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds, or symbols, or any combination thereof. The terms include also, without limitation, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports, and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of meetings or communications, electronic mail/messages and/or email, texts, instant messaging, questionnaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, and all other data compilations from which information can be obtained, including, without limitation, thumb drives, external hard drives, electromagnetically sensitive storage media such as CDs, DVDs, memory sticks, floppy disks, hard disks, and magnetic tapes. The term "Document" also means every copy of a document where such copy is not an identical duplicate of the original.

I\15572241.1

## INSTRUCTIONS

1.        TZY seeks the production of the Documents set forth in the numbered Requests below that are in Your possession, custody, or control.

2.        In construing these Requests, You shall give effect to the Definitions set forth above. The Definitions apply whether or not the defined term is capitalized in the Request.

3.        Undefined words and terms should be given their common meaning. If You are unsure of the definition of a particular word or term that is not defined in the Definitions set forth above, You shall use the definition that You believe to be the most accurate and state that definition in Your response.

4.        Each Request for documents shall be construed independently and no Request shall be viewed as limiting the scope of any other Request.

5.        Where the context in the Requests makes it appropriate, each singular word shall include its plural and each plural word shall include its singular. The words "any," "and," and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery all responses that might otherwise be construed to be outside its scope. Each of the following words includes the meaning of every other word: "each," "every," "all," and "any." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

6.        In responding to these Requests, You shall furnish such information and documents in Your possession, custody, or control, including information that is in the possession, custody, or control of Your agents, investigators, consultants, and (subject to any otherwise applicable privileges) attorneys.

3

I\15572241.1

7.      Documents produced shall be numbered consecutively, with a prefix identifying the name of the producing entity. For each Document produced, indicate the custodian from whose custody or possession that Document was collected.

8.      Electronically stored information ("ESI") shall be produced in native form, with original metadata. Each production of ESI shall be accompanied by a metadata load file that contains links to the produced files via "Native Link" data values, as well as the original file name, and file path. Each native file shall be renamed with a Bates number and delivered sequentially without gaps. Any ESI that is not text-searchable in native form shall be rendered with OCR software to produce searchable text. Any hard copy documents scanned or otherwise converted to electronic form and produced in electronic form shall be produced as single page TIFF images with document-level (multi-page) searchable text (.TXT) files, rendered with OCR software. The source of the documents (e.g., hard copy, scanned documents) shall be identified. Load files for such productions shall include document breaks which indicate the start and stop of each Document, and sequential Bates numbering without gaps.

9.      If You object to any part of a Request, set forth the basis for Your objection and respond to all parts of the Request to which You do not object.

10.     Each Document requested herein must be produced in its entirety, regardless of whether You consider the entire Document to be relevant or responsive to these Requests. If You have redacted any portion of a Document, stamp the word "redacted" on each page of the Document that You have redacted. Privileged redactions must be included in a privilege log (per Instruction 11, below); non-privileged redactions must also be included in a log describing the basis for the redaction.

I\15572241.1

11.     If any Document is withheld from production, in whole or in part, based on a claim of privilege, provide a privilege log, which, at a minimum, shall specify, as to each Document:

      a.   Author(s);

      b.   Addressee(s) and recipient(s) of the Document, including Persons copied (cc'd) or blind-copied (bcc'd) on any transmittal of the Document;

      c.   Your basis for withholding the Document, including the specific nature of the Date of the Document and, if applicable, any transmittal(s);

      d.   The specific privilege or protection from disclosure asserted;

      e.   A description of the subject matter of the Document sufficient to allow Defendants and the Court to assess the applicability of the privilege or protection asserted;

      f.   The Bates page range or page length of the Document; and

      g.   The Request(s) to which the Document is responsive.

12.     If no document responsive to a Request exists, please state so in Your response.

13.     The relevant time period for these Requests is from January 1, 2017 through the date of these Requests, unless otherwise stated. Your answers shall include responsive documents created, sent, or received during that period. Defendants reserve the right to amend or revise the relevant time period if the Court orders discovery from a different time period or the parties agree to a different time period.

## EXHIBIT B: REQUESTS

**REQUEST NO. 1**    All Documents and Communications relating to the financial condition of Outdoor by Design, including but not limited to tax returns and financial statements dating back to January 1, 2017.

**RESPONSE:**

**REQUEST NO. 2**    All Documents and Communications relating to capital contributions, loans, donations, or other items of value provided by You to Outdoor by Design regardless of whether You expected to be compensated or not, including documents sufficient to reflect the amount and terms of those contributions, donations, or loans, any payments made on those loans, and the current repayment status.

**RESPONSE:**

**REQUEST NO. 3**    All Documents and Communication relating to the ownership of Outdoor by Design, including changes in ownership over time and the reasons therefor.

**RESPONSE:**

**REQUEST NO. 4**    All Documents and Communications relating to the Affiliated Entities, including any direct or indirect transfers of money or other items of value by, for, or between Outdoor by Design, including You or any of its other members, and any of the Affiliated Entities.

**RESPONSE:**

I\15572241.1

**REQUEST NO. 5**    All Documents and Communications relating to transfers from Outdoor by Design to You or any other member, or family member of any member, of Outdoor by Design.

**RESPONSE:**

**REQUEST NO. 6**    All Documents and Communications relating to any direct or indirect transfers of money or other items of value by, for, or between Outdoor by Design, including You or any of its other members, and its Bankruptcy Creditors.

**RESPONSE:**

I\15572241.1

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____Middle_____ District of ___Florida, Tampa Division___

In re ___Outdoor By Design LLC___
Debtor

_(Complete if issued in an adversary proceeding)_

_____
Plaintiff

v.

_____
Defendant

Case No. ___8:20-bk-04253-CED___

Chapter ___11___

Adv. Proc. No. _____

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

＊
Peter Hill, 2876 Deer Creek Run, Sun Prairie, WI  53590
To: c/o Kevin J. Palmersheim, 1424 N. High Point Rd., Middleton, WI  53562

_(Name of person to whom the subpoena is directed)_

[X] _Testimony_: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding).  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE  Underwood Murray, P.A., 100 N Tampa, Suite 2325, Tampa, FL 33602 813-540-8403 **by videoconference (link to be provided) | DATE AND TIME December 21, 2020 at 9:00 am EST |
|---|---|

The deposition will be recorded by this method:
Court Reporter

[X] _Production_:  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attached Exhibits A and B

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ___11/25/2020___

CLERK OF COURT

OR

_____
_Signature of Clerk or Deputy Clerk_

/s/ Megan W. Murray
_____
_Attorney's signature_

The name, address, email address, and telephone number of the attorney representing _(name of party)_ Taizhou Yuanda Investment
Group Co., Ltd., et al. ("TZY")_____ ,  who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).
 * The witness fee check will be sent by separate correspondence.

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

[X] I served the subpoena by delivering a copy to the named person as follows:  ___Peter Hill_____

___2876 Deer Creek Run, Sun Prairie, WI  53590___ - AND-  c/o Kevin J. Palmersheim, 1424 N. High Point Rd., Middleton, WI  53562

_____via Certified Mail_____ on *(date)* ___11/25/2020_____ ; or

[ ] I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

         I declare under penalty of perjury that this information is true and correct.

Date: _____
      11/25/2020

                                                    /s/ Megan W. Murray_____
                                                    *Server's signature*

                                                    Megan W. Murray_____
                                                    *Printed name and title*
                                                    Underwood Murray, P.A., 100  N. Tampa St., Suite 2325
                                                    Tampa, FL 33602
                                                    mmurray@underwoodmurray.com
                                                    *Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A: DEFINITIONS AND INSTRUCTIONS

## DEFINITIONS

1.    The terms "You" or "Your" mean Peter Hill, including Your employees, partners, subsidiaries, affiliates, agents, staff members, or representatives.

2.    The term "TZY" means, collectively, Taizhou Yuanda Investment Group Co., Ltd., Taizhou Yuanda Furniture Co., Ltd., and Taizhou Yuanda Travelling Articles Co., Ltd., including their members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, or successors.

3.    The term "Affiliated Entities" means, collectively, Z Outdoor Living, LLC ("Z Outdoor Living"); AFG, LLC; Casual Products of America, LLC ("Casual Products of America" or "CPA"); Alliant Furniture Group, LLC; AMG International, LLC ("AMG"); B-Cool Technologies, LLC; Outdoor Brands International, LLC; and Outdoor Innovations Group, LLC, including their members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, or successors.

4.    The term "Bankruptcy Creditors" means, collectively, any individual or entity listed as a creditor on Outdoor by Design's bankruptcy filings.

5.    The terms "concerning," "relating to," "related to," "referring or relating to," "relate to," or "refer to," "referencing," mean to address, comprise, consider, reflect, record, reference, memorialize, mention, describe, discuss, contradict, evaluate, consider, review, pertain to, summarize, or report on the subject matter of the Request or to have been created, generated, or maintained in connection with or as a result of the subject matter of the Request.

6.      The term "communication(s)" means any conveyance, disclosure, transfer, transmittal, or exchange of oral or written information (in the form of facts, ideas, inquiries, or otherwise) between or among one or more persons or entities.

7.      The terms "Document" and "Documents" include any written, printed, typed, photocopied, photographed, recorded, or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds, or symbols, or any combination thereof. The terms include also, without limitation, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports, and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of meetings or communications, electronic mail/messages and/or email, texts, instant messaging, questionnaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, and all other data compilations from which information can be obtained, including, without limitation, thumb drives, external hard drives, electromagnetically sensitive storage media such as CDs, DVDs, memory sticks, floppy disks, hard disks, and magnetic tapes. The term "Document" also means every copy of a document where such copy is not an identical duplicate of the original.

2

## INSTRUCTIONS

1.      TZY seeks the production of the Documents set forth in the numbered Requests below that are in Your possession, custody, or control.

2.      In construing these Requests, You shall give effect to the Definitions set forth above. The Definitions apply whether or not the defined term is capitalized in the Request.

3.      Undefined words and terms should be given their common meaning. If You are unsure of the definition of a particular word or term that is not defined in the Definitions set forth above, You shall use the definition that You believe to be the most accurate and state that definition in Your response.

4.      Each Request for documents shall be construed independently and no Request shall be viewed as limiting the scope of any other Request.

5.      Where the context in the Requests makes it appropriate, each singular word shall include its plural and each plural word shall include its singular. The words "any," "and," and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery all responses that might otherwise be construed to be outside its scope. Each of the following words includes the meaning of every other word: "each," "every," "all," and "any." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

6.      In responding to these Requests, You shall furnish such information and documents in Your possession, custody, or control, including information that is in the possession, custody, or control of Your agents, investigators, consultants, and (subject to any otherwise applicable privileges) attorneys.

3

7.      Documents produced shall be numbered consecutively, with a prefix identifying the name of the producing entity. For each Document produced, indicate the custodian from whose custody or possession that Document was collected.

8.      Electronically stored information ("ESI") shall be produced in native form, with original metadata. Each production of ESI shall be accompanied by a metadata load file that contains links to the produced files via "Native Link" data values, as well as the original file name, and file path. Each native file shall be renamed with a Bates number and delivered sequentially without gaps. Any ESI that is not text-searchable in native form shall be rendered with OCR software to produce searchable text. Any hard copy documents scanned or otherwise converted to electronic form and produced in electronic form shall be produced as single page TIFF images with document-level (multi-page) searchable text (.TXT) files, rendered with OCR software. The source of the documents (e.g., hard copy, scanned documents) shall be identified. Load files for such productions shall include document breaks which indicate the start and stop of each Document, and sequential Bates numbering without gaps.

9.      If You object to any part of a Request, set forth the basis for Your objection and respond to all parts of the Request to which You do not object.

10.     Each Document requested herein must be produced in its entirety, regardless of whether You consider the entire Document to be relevant or responsive to these Requests. If You have redacted any portion of a Document, stamp the word "redacted" on each page of the Document that You have redacted. Privileged redactions must be included in a privilege log (per Instruction 11, below); non-privileged redactions must also be included in a log describing the basis for the redaction.

I\15572241.1

11.     If any Document is withheld from production, in whole or in part, based on a claim of privilege, provide a privilege log, which, at a minimum, shall specify, as to each Document:

     a.  Author(s);

     b.  Addressee(s) and recipient(s) of the Document, including Persons copied (cc'd) or blind-copied (bcc'd) on any transmittal of the Document;

     c.  Your basis for withholding the Document, including the specific nature of the Date of the Document and, if applicable, any transmittal(s);

     d.  The specific privilege or protection from disclosure asserted;

     e.  A description of the subject matter of the Document sufficient to allow Defendants and the Court to assess the applicability of the privilege or protection asserted;

     f.  The Bates page range or page length of the Document; and

     g.  The Request(s) to which the Document is responsive.

12.     If no document responsive to a Request exists, please state so in Your response.

13.     The relevant time period for these Requests is from January 1, 2017 through the date of these Requests, unless otherwise stated. Your answers shall include responsive documents created, sent, or received during that period. Defendants reserve the right to amend or revise the relevant time period if the Court orders discovery from a different time period or the parties agree to a different time period.

I\15572241.1

## EXHIBIT B: REQUESTS

**REQUEST NO. 1**     All Documents and Communications relating to the financial condition of Outdoor by Design, including but not limited to tax returns and financial statements dating back to January 1, 2017.

**RESPONSE:**

**REQUEST NO. 2**     All Documents and Communications relating to capital contributions, loans, donations, or other items of value provided by You to Outdoor by Design regardless of whether You expected to be compensated or not, including documents sufficient to reflect the amount and terms of those contributions, donations, or loans, any payments made on those loans, and the current repayment status.

**RESPONSE:**

**REQUEST NO. 3**     All Documents and Communication relating to the ownership of Outdoor by Design, including changes in ownership over time and the reasons therefor.

**RESPONSE:**

**REQUEST NO. 4**     All Documents and Communications relating to the Affiliated Entities, including any direct or indirect transfers of money or other items of value by, for, or between Outdoor by Design, including You or any of its other members, and any of the Affiliated Entities.

**RESPONSE:**

I\15572241.1

**REQUEST NO. 5**    All Documents and Communications relating to transfers from Outdoor by Design to You or any other member, or family member of any member, of Outdoor by Design.

**RESPONSE:**

**REQUEST NO. 6**    All Documents and Communications relating to any direct or indirect transfers of money or other items of value by, for, or between Outdoor by Design, including You or any of its other members, and its Bankruptcy Creditors.

**RESPONSE:**

I\15572241.1

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Middle _____ District of _____ Florida, Tampa Division _____

In re _____ Outdoor By Design LLC _____
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. _____ 8:20-bk-04253-CED _____

Chapter _____ 11 _____

_____

Plaintiff

v.

_____

Defendant

Adv. Proc. No. _____

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Outdoor By Design LLC c/o Jerry Camp, Registered Agent
7839 Fruitville Road, Sarasota, FL  34240
_____

*(Name of person to whom the subpoena is directed)*

[X] *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding).  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:   See attached Exhibit 1

| PLACE    Underwood Murray, P.A., 100 N Tampa, Suite 2325, Tampa, FL 33602<br>813-540-8403<br>**by videoconference (link to be provided) | DATE AND TIME<br>December 22, 2020 at 9:00 am EST |
|---|---|

The deposition will be recorded by this method:
Court Reporter

[X] *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
See attached Exhibits A and B

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____ 11/25/2020 _____

CLERK OF COURT

OR

_____          /s/ Megan W. Murray
Signature of Clerk or Deputy Clerk          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*  Taizhou Yuanda Investment
__ Group Co., Ltd., et al. ("TZY") __ ,  who issues or requests this subpoena, are:

_____

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

* The witness fee check will be sent by separate correspondence.

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

[X] I served the subpoena by delivering a copy to the named person as follows: ___Outdoor By Design LLC_____

_____ c/o Jerry Camp, Registered Agent, 7839 Fruitville Road, Sarasota, FL  34240_____

_____ via Certified Mail _____ on *(date)* __11/25/2020_____ ; or

[ ] I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____
      11/25/2020

/s/ Megan W. Murray
_____
*Server's signature*

Megan W. Murray
_____
*Printed name and title*

Underwood Murray, P.A., 100  N. Tampa St., Suite 2325
Tampa, FL 33602
mmurray@underwoodmurray.com
_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A: DEFINITIONS AND INSTRUCTIONS

## DEFINITIONS

1.      The terms "You," "Your," or "Outdoor by Design" mean Outdoor by Design, LLC, including Your employees, partners, subsidiaries, affiliates, agents, staff members, or representatives.

2.      The term "TZY" means, collectively, Taizhou Yuanda Investment Group Co., Ltd., Taizhou Yuanda Furniture Co., Ltd., and Taizhou Yuanda Travelling Articles Co., Ltd., including their members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, or successors.

3.      The term "Affiliated Entities" means, collectively, Z Outdoor Living, LLC ("Z Outdoor Living"); AFG, LLC; Casual Products of America, LLC ("Casual Products of America" or "CPA"); Alliant Furniture Group, LLC; AMG International, LLC ("AMG"); B-Cool Technologies, LLC; Outdoor Brands International, LLC; and Outdoor Innovations Group, LLC, including their members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, or successors.

4.      The term "Bankruptcy Creditors" means, collectively, any individual or entity listed as a creditor on Outdoor by Design's bankruptcy filings.

5.      The terms "concerning," "relating to," "related to," "referring or relating to," "relate to," or "refer to," "referencing," mean to address, comprise, consider, reflect, record, reference, memorialize, mention, describe, discuss, contradict, evaluate, consider, review, pertain to, summarize, or report on the subject matter of the Request or to have been created, generated, or maintained in connection with or as a result of the subject matter of the Request.

6.      The term "communication(s)" means any conveyance, disclosure, transfer, transmittal, or exchange of oral or written information (in the form of facts, ideas, inquiries, or otherwise) between or among one or more persons or entities.

7.      The terms "Document" and "Documents" include any written, printed, typed, photocopied, photographed, recorded, or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds, or symbols, or any combination thereof. The terms include also, without limitation, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports, and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of meetings or communications, electronic mail/messages and/or email, texts, instant messaging, questionnaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, and all other data compilations from which information can be obtained, including, without limitation, thumb drives, external hard drives, electromagnetically sensitive storage media such as CDs, DVDs, memory sticks, floppy disks, hard disks, and magnetic tapes. The term "Document" also means every copy of a document where such copy is not an identical duplicate of the original.

2

## INSTRUCTIONS

1.      TZY seeks the production of the Documents set forth in the numbered Requests below that are in Your possession, custody, or control.

2.      In construing these Requests, You shall give effect to the Definitions set forth above. The Definitions apply whether or not the defined term is capitalized in the Request.

3.      Undefined words and terms should be given their common meaning. If You are unsure of the definition of a particular word or term that is not defined in the Definitions set forth above, You shall use the definition that You believe to be the most accurate and state that definition in Your response.

4.      Each Request for documents shall be construed independently and no Request shall be viewed as limiting the scope of any other Request.

5.      Where the context in the Requests makes it appropriate, each singular word shall include its plural and each plural word shall include its singular. The words "any," "and," and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery all responses that might otherwise be construed to be outside its scope.  Each of the following words includes the meaning of every other word: "each," "every," "all," and "any." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

6.      In responding to these Requests, You shall furnish such information and documents in Your possession, custody, or control, including information that is in the possession, custody, or control of Your agents, investigators, consultants, and (subject to any otherwise applicable privileges) attorneys.

3

7.      Documents produced shall be numbered consecutively, with a prefix identifying the name of the producing entity. For each Document produced, indicate the custodian from whose custody or possession that Document was collected.

8.      Electronically stored information ("ESI") shall be produced in native form, with original metadata. Each production of ESI shall be accompanied by a metadata load file that contains links to the produced files via "Native Link" data values, as well as the original file name, and file path. Each native file shall be renamed with a Bates number and delivered sequentially without gaps. Any ESI that is not text-searchable in native form shall be rendered with OCR software to produce searchable text. Any hard copy documents scanned or otherwise converted to electronic form and produced in electronic form shall be produced as single page TIFF images with document-level (multi-page) searchable text (.TXT) files, rendered with OCR software. The source of the documents (e.g., hard copy, scanned documents) shall be identified. Load files for such productions shall include document breaks which indicate the start and stop of each Document, and sequential Bates numbering without gaps.

9.      If You object to any part of a Request, set forth the basis for Your objection and respond to all parts of the Request to which You do not object.

10.      Each Document requested herein must be produced in its entirety, regardless of whether You consider the entire Document to be relevant or responsive to these Requests. If You have redacted any portion of a Document, stamp the word "redacted" on each page of the Document that You have redacted. Privileged redactions must be included in a privilege log (per Instruction 11, below); non-privileged redactions must also be included in a log describing the basis for the redaction.

4

11.    If any Document is withheld from production, in whole or in part, based on a claim of privilege, provide a privilege log, which, at a minimum, shall specify, as to each Document:

      a.    Author(s);

      b.    Addressee(s) and recipient(s) of the Document, including Persons copied (cc'd) or blind-copied (bcc'd) on any transmittal of the Document;

      c.    Your basis for withholding the Document, including the specific nature of the Date of the Document and, if applicable, any transmittal(s);

      d.    The specific privilege or protection from disclosure asserted;

      e.    A description of the subject matter of the Document sufficient to allow Defendants and the Court to assess the applicability of the privilege or protection asserted;

      f.    The Bates page range or page length of the Document; and

      g.    The Request(s) to which the Document is responsive.

12.    If no document responsive to a Request exists, please state so in Your response.

13.    The relevant time period for these Requests is from January 1, 2017 through the date of these Requests, unless otherwise stated. Your answers shall include responsive documents created, sent, or received during that period. Defendants reserve the right to amend or revise the relevant time period if the Court orders discovery from a different time period or the parties agree to a different time period.

I\15572241.1

## EXHIBIT B: REQUESTS

**REQUEST NO. 1**    All Documents and Communications relating to the financial condition of Outdoor by Design, including but not limited to tax returns and financial statements dating back to January 1, 2017.

**RESPONSE:**

**REQUEST NO. 2**    All Documents and Communications relating to capital contributions, loans, donations, or other items of value provided to Outdoor by Design, including documents sufficient to reflect the amount and terms of those contributions, donations, or loans, any payments made on those loans, and the current repayment status.

**RESPONSE:**

**REQUEST NO. 3**    All Documents and Communication relating to the ownership of Outdoor by Design, including changes in ownership over time and the reasons therefor.

**RESPONSE:**

**REQUEST NO. 4**    All Documents and Communications relating to the Affiliated Entities, including any direct or indirect transfers of money or other items of value by, for, or between Outdoor by Design, or any of its other members, and any of the Affiliated Entities.

**RESPONSE:**

**REQUEST NO. 5**    All Documents and Communications relating to transfers from Outdoor by Design to any member, or family member of any member, of Outdoor by Design.

I\15572241.1

**RESPONSE:**

**REQUEST NO. 6**     All Documents and Communications relating to any direct or indirect transfers of money or other items of value by, for, or between Outdoor by Design, or any of its other members, and its Bankruptcy Creditors.

**RESPONSE:**

7

# EXHIBIT B

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____Middle_____ District of _____Florida, Tampa Division_____

In re __Outdoor By Design LLC__
 Debtor

*(Complete if issued in an adversary proceeding)*

_____

 Plaintiff

v.

_____

 Defendant

Case No. __8:20-bk-04253-CED__

Chapter __11__

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __iBusinessSolutions, Inc. c/o David M. Yohn, 7020 Professional Parkway East, Suite 100, Lakewood Ranch, FL  34240__
 *(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibits A and B

| PLACE Underwood Murray, P.A.,  (attn: Megan W. Murray) 100 N Tampa, Suite 2325, Tampa, FL 33602 or email mmurray@underwoodmurray.com | DATE AND TIME 5:00 p.m. on December 16, 2020 |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __11/25/2020__

 CLERK OF COURT

 OR

_____     /s/ Megan W. Murray
*Signature of Clerk or Deputy Clerk*     _____
     *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Taizhou Yuanda Investment Group Co., Ltd., et al.  ("TZY") , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

[x] I served the subpoena by delivering a copy to the named person as follows: David M. Yohn, Registered Agent

iBusinessSolutions, Inc., 7020 Professional Parkway East, Suite 100, Lakewood Ranch, FL  34240

via Certified Mail _____ on *(date)* 11/25/2020 _____ ; or

[ ] I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____  .

I declare under penalty of perjury that this information is true and correct.

Date: 11/25/2020

_____
/s/ Megan W. Murray
*Server's signature*

_____
Megan W. Murray
*Printed name and title*

Underwood Murray P.A. 100 N. Tampa, Suite 2325, Tampa, FL 33602
mmurray@underwoodmurray.com
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A: DEFINITIONS AND INSTRUCTIONS

## DEFINITIONS

1.      The terms "You" or "Your" mean iBusiness, including its members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, or successors.

2.      The term "TZY" means, collectively, Taizhou Yuanda Investment Group Co., Ltd., Taizhou Yuanda Furniture Co., Ltd., and Taizhou Yuanda Travelling Articles Co., Ltd., including their members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, or successors.

3.      The term "Affiliated Entities" means, collectively, Z Outdoor Living, LLC ("Z Outdoor Living"); AFG, LLC; Casual Products of America, LLC ("Casual Products of America" or "CPA"); Alliant Furniture Group, LLC; AMG International, LLC ("AMG"); B-Cool Technologies, LLC; Outdoor Brands International, LLC; and Outdoor Innovations Group, LLC, including their members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, or successors.

4.      The term "Bankruptcy Creditors" means, collectively, any individual or entity listed as a creditor on Outdoor by Design's bankruptcy filings.

5.      The terms "concerning," "relating to," "related to," "referring or relating to," "relate to," or "refer to," "referencing," mean to address, comprise, consider, reflect, record, reference, memorialize, mention, describe, discuss, contradict, evaluate, consider, review, pertain to, summarize, or report on the subject matter of the Request or to have been created, generated, or maintained in connection with or as a result of the subject matter of the Request.

6.      The term "communication(s)" means any conveyance, disclosure, transfer, transmittal, or exchange of oral or written information (in the form of facts, ideas, inquiries, or otherwise) between or among one or more persons or entities.

7.      The terms "Document" and "Documents" include any written, printed, typed, photocopied, photographed, recorded, or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds, or symbols, or any combination thereof. The terms include also, without limitation, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports, and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of meetings or communications, electronic mail/messages and/or email, texts, instant messaging, questionnaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, and all other data compilations from which information can be obtained, including, without limitation, thumb drives, external hard drives, electromagnetically sensitive storage media such as CDs, DVDs, memory sticks, floppy disks, hard disks, and magnetic tapes. The term "Document" also means every copy of a document where such copy is not an identical duplicate of the original.

I\15572649.1

## INSTRUCTIONS

1.      Plaintiffs seek the production of the Documents set forth in the numbered Requests below that are in Your possession, custody, or control.

2.      In construing these Requests, You shall give effect to the Definitions set forth above. The Definitions apply whether or not the defined term is capitalized in the Request.

3.      Undefined words and terms should be given their common meaning. If You are unsure of the definition of a particular word or term that is not defined in the Definitions set forth above, You shall use the definition that You believe to be the most accurate and state that definition in Your response.

4.      Each Request for documents shall be construed independently and no Request shall be viewed as limiting the scope of any other Request.

5.      Where the context in the Requests makes it appropriate, each singular word shall include its plural and each plural word shall include its singular. The words "any," "and," and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery all responses that might otherwise be construed to be outside its scope. Each of the following words includes the meaning of every other word: "each," "every," "all," and "any." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

6.      In responding to these Requests, You shall furnish such information and documents in Your possession, custody, or control, including information that is in the possession, custody, or control of Your agents, investigators, consultants, and (subject to any otherwise applicable privileges) attorneys.

3

7.      Documents produced shall be numbered consecutively, with a prefix identifying the name of the producing entity. For each Document produced, indicate the custodian from whose custody or possession that Document was collected.

8.      Electronically stored information ("ESI") shall be produced in native form, with original metadata. Each production of ESI shall be accompanied by a metadata load file that contains links to the produced files via "Native Link" data values, as well as the original file name, and file path. Each native file shall be renamed with a Bates number and delivered sequentially without gaps. Any ESI that is not text-searchable in native form shall be rendered with OCR software to produce searchable text. Any hard copy documents scanned or otherwise converted to electronic form and produced in electronic form shall be produced as single page TIFF images with document-level (multi-page) searchable text (.TXT) files, rendered with OCR software. The source of the documents (e.g., hard copy, scanned documents) shall be identified. Load files for such productions shall include document breaks which indicate the start and stop of each Document, and sequential Bates numbering without gaps.

9.      If You object to any part of a Request, set forth the basis for Your objection and respond to all parts of the Request to which You do not object.

10.     Each Document requested herein must be produced in its entirety, regardless of whether You consider the entire Document to be relevant or responsive to these Requests. If You have redacted any portion of a Document, stamp the word "redacted" on each page of the Document that You have redacted. Privileged redactions must be included in a privilege log (per Instruction 11, below); non-privileged redactions must also be included in a log describing the basis for the redaction.

11.     If any Document is withheld from production, in whole or in part, based on a claim of privilege, provide a privilege log, which, at a minimum, shall specify, as to each Document:

      a.  Author(s);

      b.  Addressee(s) and recipient(s) of the Document, including Persons copied (cc'd) or blind-copied (bcc'd) on any transmittal of the Document;

      c.  Your basis for withholding the Document, including the specific nature of the Date of the Document and, if applicable, any transmittal(s);

      d.  The specific privilege or protection from disclosure asserted;

      e.  A description of the subject matter of the Document sufficient to allow Defendants and the Court to assess the applicability of the privilege or protection asserted;

      f.  The Bates page range or page length of the Document; and

      g.  The Request(s) to which the Document is responsive.

12.     If no document responsive to a Request exists, please state so in Your response.

13.     The relevant time period for these Requests is from January 1, 2017 through the date of these Requests, unless otherwise stated. Your answers shall include responsive documents created, sent, or received during that period. Defendants reserve the right to amend or revise the relevant time period if the Court orders discovery from a different time period or the parties agree to a different time period.

5

## EXHIBIT B: REQUESTS

**REQUEST NO. 1**    All Documents relating to transfers of money between You and Outdoor by Design, whether by wire transfer, ACH transfer, electronic check, check, or other any other method of transferring money.

**RESPONSE:**

**REQUEST NO. 2**    All Documents relating to transfers of money between You and the Affiliated Entities, whether by wire transfer, ACH transfer, electronic check, check, or other any other method of transferring money.

**RESPONSE:**

**REQUEST NO. 3**    All Documents relating to the reasons for initiating or receiving the transfers identified in response to Requests 1 and 2, including any instructions, directions, or other Documents of which You are aware regarding the initiation or receipt of such transfers.

**RESPONSE:**

**REQUEST NO. 4**    To the extent not produced in response to Requests 1 through 3, all account statements, adjusted journal entries, ledgers, balance sheets, or other similar records relating to payments made to or received from Outdoor by Design or the Affiliated Entities.

**RESPONSE:**

**REQUEST NO. 5**    All Documents relating to Outdoor by Design's tax withholdings and filings, including IRS Form W-2, Form W-3, Form W-4, Form 940, Form 941, Form 943, or any other documents relating to taxes paid by, to, or for the benefit of Outdoor by Design.

**RESPONSE:**

**REQUEST NO. 6**      To the extent not produced in response to Requests 1 through 5, all records evidencing payroll payments and the details of those payments, from January 1, 2017 to the present.

**RESPONSE:**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Middle _____ District of _____ Florida, Tampa Division _____

In re   Outdoor By Design LLC
_____
Debtor

Case No.   8:20-bk-04253-CED

*(Complete if issued in an adversary proceeding)*

Chapter   11

_____
Plaintiff

v.

Adv. Proc. No.   _____

_____
Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:   AFG, LLC c/o Casual Products of America, LLC, its Registered Agent
5976 Executive Drive, Suite B, Fitchburg, WI  53719-5329
_____
*(Name of person to whom the subpoena is directed)*

[X]  *Production*:  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See attached Exhibits A and B

| PLACE  Underwood Murray, P.A.,  (attn: Megan W. Murray) 100 N Tampa, Suite 2325, Tampa, FL 33602 or email mmurray@underwoodmurray.com | DATE AND TIME 5:00 p.m. on December 16, 2020 |
|---|---|

[ ]  *Inspection of Premises*:  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   11/25/2020
_____

CLERK OF COURT

OR

_____          /s/ Megan W. Murray
*Signature of Clerk or Deputy Clerk*          _____
                                              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*  Taizhou Yuanda Investment Group Co., Ltd., et al.  ("TZY") _____ ,  who issues or requests this subpoena, are:
_____

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

[X] I served the subpoena by delivering a copy to the named person as follows: AFG, LLC c/o Casual Products of America, LLC,

its Registered Agent, 5976 Executive Drive, Suite B, Fitchburg, WI  53719-5329

via Certified Mail _____ on *(date)* 11/25/2020 _____ ; or

[ ] I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: 11/25/2020 _____

_____
/s/ Megan W. Murray
*Server's signature*

_____
Megan W. Murray
*Printed name and title*

Underwood Murray, P.A.,
100 N Tampa, Suite 2325, Tampa, FL 33602
mmurray@underwoodmurray.com
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A: DEFINITIONS AND INSTRUCTIONS

## DEFINITIONS

1.    The terms "You" or "Your" mean AFG, LLC, including Your employees, partners, subsidiaries, affiliates, agents, staff members, or representatives.

2.    The term "TZY" means, collectively, Taizhou Yuanda Investment Group Co., Ltd., Taizhou Yuanda Furniture Co., Ltd., and Taizhou Yuanda Travelling Articles Co., Ltd., including their members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, or successors.

3.    The term "Affiliated Entities" means, collectively, Z Outdoor Living, LLC ("Z Outdoor Living"); Casual Products of America, LLC ("Casual Products of America" or "CPA"); Alliant Furniture Group, LLC; AMG International, LLC ("AMG"); B-Cool Technologies, LLC; Outdoor Brands International, LLC; and Outdoor Innovations Group, LLC, including their members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, or successors.

4.    The term "Bankruptcy Creditors" means, collectively, any individual or entity listed as a creditor on Outdoor by Design's bankruptcy filings.

5.    The terms "concerning," "relating to," "related to," "referring or relating to," "relate to," or "refer to," "referencing," mean to address, comprise, consider, reflect, record, reference, memorialize, mention, describe, discuss, contradict, evaluate, consider, review, pertain to, summarize, or report on the subject matter of the Request or to have been created, generated, or maintained in connection with or as a result of the subject matter of the Request.

6.      The term "communication(s)" means any conveyance, disclosure, transfer, transmittal, or exchange of oral or written information (in the form of facts, ideas, inquiries, or otherwise) between or among one or more persons or entities.

7.      The terms "Document" and "Documents" include any written, printed, typed, photocopied, photographed, recorded, or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds, or symbols, or any combination thereof. The terms include also, without limitation, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports, and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of meetings or communications, electronic mail/messages and/or email, texts, instant messaging, questionnaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, and all other data compilations from which information can be obtained, including, without limitation, thumb drives, external hard drives, electromagnetically sensitive storage media such as CDs, DVDs, memory sticks, floppy disks, hard disks, and magnetic tapes. The term "Document" also means every copy of a document where such copy is not an identical duplicate of the original.

2

## INSTRUCTIONS

1.      TZY seeks the production of the Documents set forth in the numbered Requests below that are in Your possession, custody, or control.

2.      In construing these Requests, You shall give effect to the Definitions set forth above. The Definitions apply whether or not the defined term is capitalized in the Request.

3.      Undefined words and terms should be given their common meaning. If You are unsure of the definition of a particular word or term that is not defined in the Definitions set forth above, You shall use the definition that You believe to be the most accurate and state that definition in Your response.

4.      Each Request for documents shall be construed independently and no Request shall be viewed as limiting the scope of any other Request.

5.      Where the context in the Requests makes it appropriate, each singular word shall include its plural and each plural word shall include its singular. The words "any," "and," and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery all responses that might otherwise be construed to be outside its scope. Each of the following words includes the meaning of every other word: "each," "every," "all," and "any." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

6.      In responding to these Requests, You shall furnish such information and documents in Your possession, custody, or control, including information that is in the possession, custody, or control of Your agents, investigators, consultants, and (subject to any otherwise applicable privileges) attorneys.

3

7.       Documents produced shall be numbered consecutively, with a prefix identifying the name of the producing entity. For each Document produced, indicate the custodian from whose custody or possession that Document was collected.

8.       Electronically stored information ("ESI") shall be produced in native form, with original metadata. Each production of ESI shall be accompanied by a metadata load file that contains links to the produced files via "Native Link" data values, as well as the original file name, and file path. Each native file shall be renamed with a Bates number and delivered sequentially without gaps. Any ESI that is not text-searchable in native form shall be rendered with OCR software to produce searchable text. Any hard copy documents scanned or otherwise converted to electronic form and produced in electronic form shall be produced as single page TIFF images with document-level (multi-page) searchable text (.TXT) files, rendered with OCR software. The source of the documents (e.g., hard copy, scanned documents) shall be identified. Load files for such productions shall include document breaks which indicate the start and stop of each Document, and sequential Bates numbering without gaps.

9.       If You object to any part of a Request, set forth the basis for Your objection and respond to all parts of the Request to which You do not object.

10.      Each Document requested herein must be produced in its entirety, regardless of whether You consider the entire Document to be relevant or responsive to these Requests. If You have redacted any portion of a Document, stamp the word "redacted" on each page of the Document that You have redacted. Privileged redactions must be included in a privilege log (per Instruction 11, below); non-privileged redactions must also be included in a log describing the basis for the redaction.

4

11.     If any Document is withheld from production, in whole or in part, based on a claim of privilege, provide a privilege log, which, at a minimum, shall specify, as to each Document:

    a.  Author(s);

    b.  Addressee(s) and recipient(s) of the Document, including Persons copied (cc'd) or blind-copied (bcc'd) on any transmittal of the Document;

    c.  Your basis for withholding the Document, including the specific nature of the Date of the Document and, if applicable, any transmittal(s);

    d.  The specific privilege or protection from disclosure asserted;

    e.  A description of the subject matter of the Document sufficient to allow Defendants and the Court to assess the applicability of the privilege or protection asserted;

    f.  The Bates page range or page length of the Document; and

    g.  The Request(s) to which the Document is responsive.

12.     If no document responsive to a Request exists, please state so in Your response.

13.     The relevant time period for these Requests is from January 1, 2017 through the date of these Requests, unless otherwise stated. Your answers shall include responsive documents created, sent, or received during that period. Defendants reserve the right to amend or revise the relevant time period if the Court orders discovery from a different time period or the parties agree to a different time period.

I\15572605.1

## EXHIBIT B: REQUESTS

**REQUEST NO. 1**    All Documents and Communications relating to the financial condition of Outdoor by Design, including but not limited to tax returns and financial statements.

**RESPONSE:**

**REQUEST NO. 2**    All Documents and Communications relating to Outdoor by Design.

**RESPONSE:**

**REQUEST NO. 3**    All Documents and Communications relating to capital contributions, loans, donations, or other items of value provided by You to Outdoor by Design regardless of whether You expected to be compensated or not, including documents sufficient to reflect the amount and terms of those contributions, donations, or loans, any payments made on those loans, and the current repayment status.

**RESPONSE:**

**REQUEST NO. 4**    All Documents and Communications relating to any direct or indirect transfers of money or other items of value by, for, or between Outdoor by Design and any of the Affiliated Entities, including You.

**RESPONSE:**

**REQUEST NO. 5**    All Documents and Communications relating to TZY.

**RESPONSE:**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Middle _____ District of _____ Florida, Tampa Division _____

In re    Outdoor By Design LLC
_____
                    Debtor

Case No.    8:20-bk-04253-CED

*(Complete if issued in an adversary proceeding)*

Chapter    11

_____
                    Plaintiff

                    v.

_____
                    Defendant

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:    Alliant Furniture Group, LLC (fka My Patio My Way LLC) c/o Peter Hill, Registered Agent
5976 Executive Drive, Suite B, Fitchburg, WI  53719-5329
_____
*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:    See attached Exhibits A and B

| PLACE    Underwood Murray, P.A.,  (attn: Megan W. Murray) 100 N Tampa, Suite 2325, Tampa, FL 33602 or email mmurray@underwoodmurray.com | DATE AND TIME 5:00 p.m. on December 16, 2020 |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    11/25/2020
_____

CLERK OF COURT

OR

_____         /s/ Megan W. Murray
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*   Taizhou Yuanda Investment
 Group Co., Ltd., et al.  ("TZY")_____   , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

[x]  I served the subpoena by delivering a copy to the named person as follows:  Alliant Furniture Group, LLC (fka My Patio My

Way LLC) c/o Peter Hill, Registered Agent, 5976 Executive Drive, Suite B, Fitchburg, WI  53719-5329

via Certified Mail _____ on *(date)* ___11/25/2020_____ ; or

[ ]  I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: ___11/25/2020_____

/s/ Megan W. Murray
_____
*Server's signature*

Megan W. Murray
_____
*Printed name and title*

Underwood Murray, P.A., 100  N. Tampa St., Suite 2325
Tampa, FL 33602
mmurray@underwoodmurray.com
_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A: DEFINITIONS AND INSTRUCTIONS

## DEFINITIONS

1.      The terms "You" or "Your" mean Alliant Furniture Group, LLC, including Your employees, partners, subsidiaries, affiliates, agents, staff members, or representatives.

2.      The term "TZY" means, collectively, Taizhou Yuanda Investment Group Co., Ltd., Taizhou Yuanda Furniture Co., Ltd., and Taizhou Yuanda Travelling Articles Co., Ltd., including their members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, or successors.

3.      The term "Affiliated Entities" means, collectively, Z Outdoor Living, LLC ("Z Outdoor Living"); AFG, LLC; Casual Products of America, LLC ("Casual Products of America" or "CPA"); AMG International, LLC ("AMG"); B-Cool Technologies, LLC; Outdoor Brands International, LLC; and Outdoor Innovations Group, LLC, including their members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, or successors.

4.      The term "Bankruptcy Creditors" means, collectively, any individual or entity listed as a creditor on Outdoor by Design's bankruptcy filings.

5.      The terms "concerning," "relating to," "related to," "referring or relating to," "relate to," or "refer to," "referencing," mean to address, comprise, consider, reflect, record, reference, memorialize, mention, describe, discuss, contradict, evaluate, consider, review, pertain to, summarize, or report on the subject matter of the Request or to have been created, generated, or maintained in connection with or as a result of the subject matter of the Request.

I:\15572605.1

6.    The term "communication(s)" means any conveyance, disclosure, transfer, transmittal, or exchange of oral or written information (in the form of facts, ideas, inquiries, or otherwise) between or among one or more persons or entities.

7.    The terms "Document" and "Documents" include any written, printed, typed, photocopied, photographed, recorded, or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds, or symbols, or any combination thereof. The terms include also, without limitation, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports, and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of meetings or communications, electronic mail/messages and/or email, texts, instant messaging, questionnaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, and all other data compilations from which information can be obtained, including, without limitation, thumb drives, external hard drives, electromagnetically sensitive storage media such as CDs, DVDs, memory sticks, floppy disks, hard disks, and magnetic tapes. The term "Document" also means every copy of a document where such copy is not an identical duplicate of the original.

2

## INSTRUCTIONS

1.      TZY seeks the production of the Documents set forth in the numbered Requests below that are in Your possession, custody, or control.

2.      In construing these Requests, You shall give effect to the Definitions set forth above. The Definitions apply whether or not the defined term is capitalized in the Request.

3.      Undefined words and terms should be given their common meaning. If You are unsure of the definition of a particular word or term that is not defined in the Definitions set forth above, You shall use the definition that You believe to be the most accurate and state that definition in Your response.

4.      Each Request for documents shall be construed independently and no Request shall be viewed as limiting the scope of any other Request.

5.      Where the context in the Requests makes it appropriate, each singular word shall include its plural and each plural word shall include its singular. The words "any," "and," and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery all responses that might otherwise be construed to be outside its scope. Each of the following words includes the meaning of every other word: "each," "every," "all," and "any." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

6.      In responding to these Requests, You shall furnish such information and documents in Your possession, custody, or control, including information that is in the possession, custody, or control of Your agents, investigators, consultants, and (subject to any otherwise applicable privileges) attorneys.

3

7.       Documents produced shall be numbered consecutively, with a prefix identifying the name of the producing entity. For each Document produced, indicate the custodian from whose custody or possession that Document was collected.

8.       Electronically stored information ("ESI") shall be produced in native form, with original metadata. Each production of ESI shall be accompanied by a metadata load file that contains links to the produced files via "Native Link" data values, as well as the original file name, and file path. Each native file shall be renamed with a Bates number and delivered sequentially without gaps. Any ESI that is not text-searchable in native form shall be rendered with OCR software to produce searchable text. Any hard copy documents scanned or otherwise converted to electronic form and produced in electronic form shall be produced as single page TIFF images with document-level (multi-page) searchable text (.TXT) files, rendered with OCR software. The source of the documents (e.g., hard copy, scanned documents) shall be identified. Load files for such productions shall include document breaks which indicate the start and stop of each Document, and sequential Bates numbering without gaps.

9.       If You object to any part of a Request, set forth the basis for Your objection and respond to all parts of the Request to which You do not object.

10.       Each Document requested herein must be produced in its entirety, regardless of whether You consider the entire Document to be relevant or responsive to these Requests. If You have redacted any portion of a Document, stamp the word "redacted" on each page of the Document that You have redacted. Privileged redactions must be included in a privilege log (per Instruction 11, below); non-privileged redactions must also be included in a log describing the basis for the redaction.

4

11.     If any Document is withheld from production, in whole or in part, based on a claim of privilege, provide a privilege log, which, at a minimum, shall specify, as to each Document:

        a.  Author(s);

        b.  Addressee(s) and recipient(s) of the Document, including Persons copied (cc'd) or blind-copied (bcc'd) on any transmittal of the Document;

        c.  Your basis for withholding the Document, including the specific nature of the Date of the Document and, if applicable, any transmittal(s);

        d.  The specific privilege or protection from disclosure asserted;

        e.  A description of the subject matter of the Document sufficient to allow Defendants and the Court to assess the applicability of the privilege or protection asserted;

        f.  The Bates page range or page length of the Document; and

        g.  The Request(s) to which the Document is responsive.

12.     If no document responsive to a Request exists, please state so in Your response.

13.     The relevant time period for these Requests is from January 1, 2017 through the date of these Requests, unless otherwise stated. Your answers shall include responsive documents created, sent, or received during that period. Defendants reserve the right to amend or revise the relevant time period if the Court orders discovery from a different time period or the parties agree to a different time period.

## EXHIBIT B: REQUESTS

**REQUEST NO. 1**    All Documents and Communications relating to the financial condition of Outdoor by Design, including but not limited to tax returns and financial statements.

**RESPONSE:**

**REQUEST NO. 2**    All Documents and Communications relating to Outdoor by Design.

**RESPONSE:**

**REQUEST NO. 3**    All Documents and Communications relating to capital contributions, loans, donations, or other items of value provided by You to Outdoor by Design regardless of whether You expected to be compensated or not, including documents sufficient to reflect the amount and terms of those contributions, donations, or loans, any payments made on those loans, and the current repayment status.

**RESPONSE:**

**REQUEST NO. 4**    All Documents and Communications relating to any direct or indirect transfers of money or other items of value by, for, or between Outdoor by Design and any of the Affiliated Entities, including You.

**RESPONSE:**

**REQUEST NO. 5**    All Documents and Communications relating to TZY.

**RESPONSE:**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Middle _____ District of _____ Florida, Tampa Division _____

In re  Outdoor By Design LLC
_____
Debtor

Case No.  8:20-bk-04253-CED

*(Complete if issued in an adversary proceeding)*

Chapter  11

_____
Plaintiff

v.

_____
Defendant

Adv. Proc. No.  _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  AMG International LLC, c/o Peter Hill, Registered Agent
5976 Executive Drive, Suite B, Madison, WI  53179-5329
*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See attached Exhibits A and B

| PLACE  Underwood Murray, P.A.,  (attn: Megan W. Murray) 100 N Tampa, Suite 2325, Tampa, FL 33602 or email mmurray@underwoodmurray.com | DATE AND TIME 5:00 p.m. on Decmeber 16, 2020 |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  11/25/2020
_____

CLERK OF COURT

OR

_____          /s/ Megan W. Murray
*Signature of Clerk or Deputy Clerk*          _____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*  Taizhou Yuanda Investment  Group Co., Ltd., et al.  ("TZY") _____ ,  who issues or requests this subpoena, are:

_____

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

[x] I served the subpoena by delivering a copy to the named person as follows: AMG International LLC, c/o Peter Hill, Registered Agent

___5976 Executive Drive, Suite B, Madison, WI  53179-5329_____

___via Certified Mail_____ on *(date)* ___11/25/2020_____ ; or

[ ] I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

 I declare under penalty of perjury that this information is true and correct.

Date: ___11/25/2020_____

                                        _____
                                                        /s/ Megan W. Murray
                                                        *Server's signature*
                                                        Megan W. Murray

                                        _____
                                                        *Printed name and title*
                                                        Underwood Murray, P.A., 100  N. Tampa St., Suite 2325
                                                        Tampa, FL 33602
                                                        ___mmurray@underwoodmurray.com_____
                                                        *Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A: DEFINITIONS AND INSTRUCTIONS

## DEFINITIONS

1.      The terms "You" or "Your" mean AMG International, LLC, including Your employees, partners, subsidiaries, affiliates, agents, staff members, or representatives.

2.      The term "TZY" means, collectively, Taizhou Yuanda Investment Group Co., Ltd., Taizhou Yuanda Furniture Co., Ltd., and Taizhou Yuanda Travelling Articles Co., Ltd., including their members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, or successors.

3.      The term "Affiliated Entities" means, collectively, Z Outdoor Living, LLC ("Z Outdoor Living"); AFG, LLC; Casual Products of America, LLC ("Casual Products of America" or "CPA"); Alliant Furniture Group, LLC; B-Cool Technologies, LLC; Outdoor Brands International, LLC; and Outdoor Innovations Group, LLC, including their members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, or successors.

4.      The term "Bankruptcy Creditors" means, collectively, any individual or entity listed as a creditor on Outdoor by Design's bankruptcy filings.

5.      The terms "concerning," "relating to," "related to," "referring or relating to," "relate to," or "refer to," "referencing," mean to address, comprise, consider, reflect, record, reference, memorialize, mention, describe, discuss, contradict, evaluate, consider, review, pertain to, summarize, or report on the subject matter of the Request or to have been created, generated, or maintained in connection with or as a result of the subject matter of the Request.

I\15572605.1

6.    The term "communication(s)" means any conveyance, disclosure, transfer, transmittal, or exchange of oral or written information (in the form of facts, ideas, inquiries, or otherwise) between or among one or more persons or entities.

7.    The terms "Document" and "Documents" include any written, printed, typed, photocopied, photographed, recorded, or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds, or symbols, or any combination thereof. The terms include also, without limitation, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports, and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of meetings or communications, electronic mail/messages and/or email, texts, instant messaging, questionnaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, and all other data compilations from which information can be obtained, including, without limitation, thumb drives, external hard drives, electromagnetically sensitive storage media such as CDs, DVDs, memory sticks, floppy disks, hard disks, and magnetic tapes. The term "Document" also means every copy of a document where such copy is not an identical duplicate of the original.

2

## INSTRUCTIONS

1.      TZY seeks the production of the Documents set forth in the numbered Requests below that are in Your possession, custody, or control.

2.      In construing these Requests, You shall give effect to the Definitions set forth above. The Definitions apply whether or not the defined term is capitalized in the Request.

3.      Undefined words and terms should be given their common meaning. If You are unsure of the definition of a particular word or term that is not defined in the Definitions set forth above, You shall use the definition that You believe to be the most accurate and state that definition in Your response.

4.      Each Request for documents shall be construed independently and no Request shall be viewed as limiting the scope of any other Request.

5.      Where the context in the Requests makes it appropriate, each singular word shall include its plural and each plural word shall include its singular. The words "any," "and," and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery all responses that might otherwise be construed to be outside its scope. Each of the following words includes the meaning of every other word: "each," "every," "all," and "any." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

6.      In responding to these Requests, You shall furnish such information and documents in Your possession, custody, or control, including information that is in the possession, custody, or control of Your agents, investigators, consultants, and (subject to any otherwise applicable privileges) attorneys.

3

7.        Documents produced shall be numbered consecutively, with a prefix identifying the name of the producing entity. For each Document produced, indicate the custodian from whose custody or possession that Document was collected.

8.        Electronically stored information ("ESI") shall be produced in native form, with original metadata. Each production of ESI shall be accompanied by a metadata load file that contains links to the produced files via "Native Link" data values, as well as the original file name, and file path. Each native file shall be renamed with a Bates number and delivered sequentially without gaps. Any ESI that is not text-searchable in native form shall be rendered with OCR software to produce searchable text. Any hard copy documents scanned or otherwise converted to electronic form and produced in electronic form shall be produced as single page TIFF images with document-level (multi-page) searchable text (.TXT) files, rendered with OCR software. The source of the documents (e.g., hard copy, scanned documents) shall be identified. Load files for such productions shall include document breaks which indicate the start and stop of each Document, and sequential Bates numbering without gaps.

9.        If You object to any part of a Request, set forth the basis for Your objection and respond to all parts of the Request to which You do not object.

10.        Each Document requested herein must be produced in its entirety, regardless of whether You consider the entire Document to be relevant or responsive to these Requests. If You have redacted any portion of a Document, stamp the word "redacted" on each page of the Document that You have redacted. Privileged redactions must be included in a privilege log (per Instruction 11, below); non-privileged redactions must also be included in a log describing the basis for the redaction.

I\15572605.1

11.    If any Document is withheld from production, in whole or in part, based on a claim of privilege, provide a privilege log, which, at a minimum, shall specify, as to each Document:

      a.  Author(s);

      b.  Addressee(s) and recipient(s) of the Document, including Persons copied (cc'd) or blind-copied (bcc'd) on any transmittal of the Document;

      c.  Your basis for withholding the Document, including the specific nature of the Date of the Document and, if applicable, any transmittal(s);

      d.  The specific privilege or protection from disclosure asserted;

      e.  A description of the subject matter of the Document sufficient to allow Defendants and the Court to assess the applicability of the privilege or protection asserted;

      f.  The Bates page range or page length of the Document; and

      g.  The Request(s) to which the Document is responsive.

12.    If no document responsive to a Request exists, please state so in Your response.

13.    The relevant time period for these Requests is from January 1, 2017 through the date of these Requests, unless otherwise stated. Your answers shall include responsive documents created, sent, or received during that period. Defendants reserve the right to amend or revise the relevant time period if the Court orders discovery from a different time period or the parties agree to a different time period.

**EXHIBIT B: REQUESTS**

**REQUEST NO. 1**    All Documents and Communications relating to the financial condition of Outdoor by Design, including but not limited to tax returns and financial statements.

**RESPONSE:**

**REQUEST NO. 2**    All Documents and Communications relating to Outdoor by Design.

**RESPONSE:**

**REQUEST NO. 3**    All Documents and Communications relating to capital contributions, loans, donations, or other items of value provided by You to Outdoor by Design regardless of whether You expected to be compensated or not, including documents sufficient to reflect the amount and terms of those contributions, donations, or loans, any payments made on those loans, and the current repayment status.

**RESPONSE:**

**REQUEST NO. 4**    All Documents and Communications relating to any direct or indirect transfers of money or other items of value by, for, or between Outdoor by Design and any of the Affiliated Entities, including You.

**RESPONSE:**

**REQUEST NO. 5**    All Documents and Communications relating to TZY.

**RESPONSE:**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Middle _____ District of ____ Florida, Tampa Division ____

In re  Outdoor By Design LLC
_____
Debtor

Case No.  8:20-bk-04253-CED

*(Complete if issued in an adversary proceeding)*

Chapter  11

_____

Plaintiff

Adv. Proc. No.  _____

v.

_____

Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  B-Cool Technologies, LLC c/o Peter Hill, Registered Agent
5976 Executive Drive, Suite B, Fitchburg, WI  53179
_____
*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See attached Exhibits A and B

| PLACE Underwood Murray, P.A.,  (attn: Megan W. Murray) 100 N Tampa, Suite 2325, Tampa, FL 33602 or email mmurray@underwoodmurray.com | DATE AND TIME 5:00 p.m. on Decmeber 16, 2020 |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  11/25/2020
_____

CLERK OF COURT

OR

_____      /s/ Megan W. Murray
*Signature of Clerk or Deputy Clerk*      _____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*  Taizhou Yuanda Investment Group Co., Ltd., et al.  ("TZY") _____ ,  who issues or requests this subpoena, are:

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

[x] I served the subpoena by delivering a copy to the named person as follows: B-Cool Technologies, LLC c/o Peter Hill,
_____ Registered Agent, 5976 Executive Drive, Suite B, Fitchburg, WI  53179 _____
_____ via Certified Mail _____ on *(date)* ___11/25/2020_____ ; or

[ ] I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

 I declare under penalty of perjury that this information is true and correct.

Date: ___11/25/2020_____

/s/ Megan  W. Murray
_____
*Server's signature*

Megan W. Murray
_____
*Printed name and title*

Underwood Murray, P.A., 100  N. Tampa St., Suite 2325
Tampa, FL 33602
mmurray@underwoodmurray.com
_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A: DEFINITIONS AND INSTRUCTIONS

## DEFINITIONS

1.      The terms "You" or "Your" mean B-Cool Technologies, LLC, including Your employees, partners, subsidiaries, affiliates, agents, staff members, or representatives.

2.      The term "TZY" means, collectively, Taizhou Yuanda Investment Group Co., Ltd., Taizhou Yuanda Furniture Co., Ltd., and Taizhou Yuanda Travelling Articles Co., Ltd., including their members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, or successors.

3.      The term "Affiliated Entities" means, collectively, Z Outdoor Living, LLC ("Z Outdoor Living"); AFG, LLC; Casual Products of America, LLC ("Casual Products of America" or "CPA"); Alliant Furniture Group, LLC; AMG International, LLC ("AMG"); Outdoor Brands International, LLC; and Outdoor Innovations Group, LLC, including their members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, or successors.

4.      The term "Bankruptcy Creditors" means, collectively, any individual or entity listed as a creditor on Outdoor by Design's bankruptcy filings.

5.      The terms "concerning," "relating to," "related to," "referring or relating to," "relate to," or "refer to," "referencing," mean to address, comprise, consider, reflect, record, reference, memorialize, mention, describe, discuss, contradict, evaluate, consider, review, pertain to, summarize, or report on the subject matter of the Request or to have been created, generated, or maintained in connection with or as a result of the subject matter of the Request.

I\15572605.1

6.     The term "communication(s)" means any conveyance, disclosure, transfer, transmittal, or exchange of oral or written information (in the form of facts, ideas, inquiries, or otherwise) between or among one or more persons or entities.

7.     The terms "Document" and "Documents" include any written, printed, typed, photocopied, photographed, recorded, or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds, or symbols, or any combination thereof. The terms include also, without limitation, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports, and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of meetings or communications, electronic mail/messages and/or email, texts, instant messaging, questionnaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, and all other data compilations from which information can be obtained, including, without limitation, thumb drives, external hard drives, electromagnetically sensitive storage media such as CDs, DVDs, memory sticks, floppy disks, hard disks, and magnetic tapes. The term "Document" also means every copy of a document where such copy is not an identical duplicate of the original.

2

## INSTRUCTIONS

1.      TZY seeks the production of the Documents set forth in the numbered Requests below that are in Your possession, custody, or control.

2.      In construing these Requests, You shall give effect to the Definitions set forth above. The Definitions apply whether or not the defined term is capitalized in the Request.

3.      Undefined words and terms should be given their common meaning. If You are unsure of the definition of a particular word or term that is not defined in the Definitions set forth above, You shall use the definition that You believe to be the most accurate and state that definition in Your response.

4.      Each Request for documents shall be construed independently and no Request shall be viewed as limiting the scope of any other Request.

5.      Where the context in the Requests makes it appropriate, each singular word shall include its plural and each plural word shall include its singular. The words "any," "and," and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery all responses that might otherwise be construed to be outside its scope. Each of the following words includes the meaning of every other word: "each," "every," "all," and "any." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

6.      In responding to these Requests, You shall furnish such information and documents in Your possession, custody, or control, including information that is in the possession, custody, or control of Your agents, investigators, consultants, and (subject to any otherwise applicable privileges) attorneys.

3

7.      Documents produced shall be numbered consecutively, with a prefix identifying the name of the producing entity. For each Document produced, indicate the custodian from whose custody or possession that Document was collected.

8.      Electronically stored information ("ESI") shall be produced in native form, with original metadata. Each production of ESI shall be accompanied by a metadata load file that contains links to the produced files via "Native Link" data values, as well as the original file name, and file path. Each native file shall be renamed with a Bates number and delivered sequentially without gaps. Any ESI that is not text-searchable in native form shall be rendered with OCR software to produce searchable text. Any hard copy documents scanned or otherwise converted to electronic form and produced in electronic form shall be produced as single page TIFF images with document-level (multi-page) searchable text (.TXT) files, rendered with OCR software. The source of the documents (e.g., hard copy, scanned documents) shall be identified. Load files for such productions shall include document breaks which indicate the start and stop of each Document, and sequential Bates numbering without gaps.

9.      If You object to any part of a Request, set forth the basis for Your objection and respond to all parts of the Request to which You do not object.

10.     Each Document requested herein must be produced in its entirety, regardless of whether You consider the entire Document to be relevant or responsive to these Requests. If You have redacted any portion of a Document, stamp the word "redacted" on each page of the Document that You have redacted. Privileged redactions must be included in a privilege log (per Instruction 11, below); non-privileged redactions must also be included in a log describing the basis for the redaction.

4

11.     If any Document is withheld from production, in whole or in part, based on a claim of privilege, provide a privilege log, which, at a minimum, shall specify, as to each Document:

    a.  Author(s);

    b.  Addressee(s) and recipient(s) of the Document, including Persons copied (cc'd) or blind-copied (bcc'd) on any transmittal of the Document;

    c.  Your basis for withholding the Document, including the specific nature of the Date of the Document and, if applicable, any transmittal(s);

    d.  The specific privilege or protection from disclosure asserted;

    e.  A description of the subject matter of the Document sufficient to allow Defendants and the Court to assess the applicability of the privilege or protection asserted;

    f.  The Bates page range or page length of the Document; and

    g.  The Request(s) to which the Document is responsive.

12.     If no document responsive to a Request exists, please state so in Your response.

13.     The relevant time period for these Requests is from January 1, 2017 through the date of these Requests, unless otherwise stated. Your answers shall include responsive documents created, sent, or received during that period. Defendants reserve the right to amend or revise the relevant time period if the Court orders discovery from a different time period or the parties agree to a different time period.

I\15572605.1

## EXHIBIT B: REQUESTS

**REQUEST NO. 1**     All Documents and Communications relating to the financial condition of Outdoor by Design, including but not limited to tax returns and financial statements.

**RESPONSE:**

**REQUEST NO. 2**     All Documents and Communications relating to Outdoor by Design.

**RESPONSE:**

**REQUEST NO. 3**     All Documents and Communications relating to capital contributions, loans, donations, or other items of value provided by You to Outdoor by Design regardless of whether You expected to be compensated or not, including documents sufficient to reflect the amount and terms of those contributions, donations, or loans, any payments made on those loans, and the current repayment status.

**RESPONSE:**

**REQUEST NO. 4**     All Documents and Communications relating to any direct or indirect transfers of money or other items of value by, for, or between Outdoor by Design and any of the Affiliated Entities, including You.

**RESPONSE:**

**REQUEST NO. 5**     All Documents and Communications relating to TZY.

**RESPONSE:**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Middle _____ District of _____ Florida, Tampa Division _____

In re   Outdoor By Design LLC
_____
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff

v.

_____
Defendant

Case No.   8:20-bk-04253-CED _____

Chapter   11 _____

Adv. Proc. No.  _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:   Jerry Camp, Jr., 2413 Sonoma Drive W., Nokomis, FL  34275
c/o Kevin J. Palmersheim, 1424 N. High Point Rd., Middleton, WI  53562
_____
*(Name of person to whom the subpoena is directed)*

[X]  *Production*:  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See attached Exhibits A and B

| PLACE  Underwood Murray, P.A.,  (attn: Megan W. Murray)<br>100 N Tampa, Suite 2325, Tampa, FL 33602<br>or email mmurray@underwoodmurray.com | DATE AND TIME<br>5:00 p.m. on December 16, 2020 |
|---|---|

[ ]  *Inspection of Premises*:  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   11/25/2020
_____

CLERK OF COURT

OR

_____          /s/ Megan W. Murray
*Signature of Clerk or Deputy Clerk*          _____
                                        *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*   Taizhou Yuanda Investment
 Group Co., Ltd., et al.  ("TZY") _____  , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
## (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

[x] I served the subpoena by delivering a copy to the named person as follows: Jerry Camp, Jr. _____

_2413 Sonoma Drive W., Nokomis, FL 34275 -AND- c/o Kevin J. Palmersheim, 1424 N. High Point Rd., Middleton, WI 53562

_____via Certified Mail_____ on *(date)* __11/25/2020_____ ; or

[ ] I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: ___11/25/2020_____

/s/ Megan W. Murray
_____
*Server's signature*

Megan W. Murray
_____
*Printed name and title*

Underwood Murray, P.A., 100 N. Tampa St., Suite 2325
Tampa, FL 33602
mmurray@underwoodmurray.com
_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A: DEFINITIONS AND INSTRUCTIONS

## DEFINITIONS

1.      The terms "You" or "Your" mean Jerry Camp Jr., including Your employees, partners, subsidiaries, affiliates, agents, staff members, or representatives.

2.      The term "TZY" means, collectively, Taizhou Yuanda Investment Group Co., Ltd., Taizhou Yuanda Furniture Co., Ltd., and Taizhou Yuanda Travelling Articles Co., Ltd., including their members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, or successors.

3.      The term "Affiliated Entities" means, collectively, Z Outdoor Living, LLC ("Z Outdoor Living"); AFG, LLC; Casual Products of America, LLC ("Casual Products of America" or "CPA"); Alliant Furniture Group, LLC; AMG International, LLC ("AMG"); B-Cool Technologies, LLC; Outdoor Brands International, LLC; and Outdoor Innovations Group, LLC, including their members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, or successors.

4.      The term "Bankruptcy Creditors" means, collectively, any individual or entity listed as a creditor on Outdoor by Design's bankruptcy filings.

5.      The terms "concerning," "relating to," "related to," "referring or relating to," "relate to," or "refer to," "referencing," mean to address, comprise, consider, reflect, record, reference, memorialize, mention, describe, discuss, contradict, evaluate, consider, review, pertain to, summarize, or report on the subject matter of the Request or to have been created, generated, or maintained in connection with or as a result of the subject matter of the Request.

6.      The term "communication(s)" means any conveyance, disclosure, transfer, transmittal, or exchange of oral or written information (in the form of facts, ideas, inquiries, or otherwise) between or among one or more persons or entities.

7.      The terms "Document" and "Documents" include any written, printed, typed, photocopied, photographed, recorded, or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds, or symbols, or any combination thereof. The terms include also, without limitation, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports, and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of meetings or communications, electronic mail/messages and/or email, texts, instant messaging, questionnaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, and all other data compilations from which information can be obtained, including, without limitation, thumb drives, external hard drives, electromagnetically sensitive storage media such as CDs, DVDs, memory sticks, floppy disks, hard disks, and magnetic tapes. The term "Document" also means every copy of a document where such copy is not an identical duplicate of the original.

2

## **INSTRUCTIONS**

1.      TZY seeks the production of the Documents set forth in the numbered Requests below that are in Your possession, custody, or control.

2.      In construing these Requests, You shall give effect to the Definitions set forth above. The Definitions apply whether or not the defined term is capitalized in the Request.

3.      Undefined words and terms should be given their common meaning. If You are unsure of the definition of a particular word or term that is not defined in the Definitions set forth above, You shall use the definition that You believe to be the most accurate and state that definition in Your response.

4.      Each Request for documents shall be construed independently and no Request shall be viewed as limiting the scope of any other Request.

5.      Where the context in the Requests makes it appropriate, each singular word shall include its plural and each plural word shall include its singular. The words "any," "and," and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery all responses that might otherwise be construed to be outside its scope. Each of the following words includes the meaning of every other word: "each," "every," "all," and "any." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

6.      In responding to these Requests, You shall furnish such information and documents in Your possession, custody, or control, including information that is in the possession, custody, or control of Your agents, investigators, consultants, and (subject to any otherwise applicable privileges) attorneys.

3

I\15572241.1

7.      Documents produced shall be numbered consecutively, with a prefix identifying the name of the producing entity. For each Document produced, indicate the custodian from whose custody or possession that Document was collected.

8.      Electronically stored information ("ESI") shall be produced in native form, with original metadata. Each production of ESI shall be accompanied by a metadata load file that contains links to the produced files via "Native Link" data values, as well as the original file name, and file path. Each native file shall be renamed with a Bates number and delivered sequentially without gaps. Any ESI that is not text-searchable in native form shall be rendered with OCR software to produce searchable text. Any hard copy documents scanned or otherwise converted to electronic form and produced in electronic form shall be produced as single page TIFF images with document-level (multi-page) searchable text (.TXT) files, rendered with OCR software. The source of the documents (e.g., hard copy, scanned documents) shall be identified. Load files for such productions shall include document breaks which indicate the start and stop of each Document, and sequential Bates numbering without gaps.

9.      If You object to any part of a Request, set forth the basis for Your objection and respond to all parts of the Request to which You do not object.

10.     Each Document requested herein must be produced in its entirety, regardless of whether You consider the entire Document to be relevant or responsive to these Requests. If You have redacted any portion of a Document, stamp the word "redacted" on each page of the Document that You have redacted. Privileged redactions must be included in a privilege log (per Instruction 11, below); non-privileged redactions must also be included in a log describing the basis for the redaction.

I\15572241.1

11.     If any Document is withheld from production, in whole or in part, based on a claim of privilege, provide a privilege log, which, at a minimum, shall specify, as to each Document:

    a.   Author(s);

    b.   Addressee(s) and recipient(s) of the Document, including Persons copied (cc'd) or blind-copied (bcc'd) on any transmittal of the Document;

    c.   Your basis for withholding the Document, including the specific nature of the Date of the Document and, if applicable, any transmittal(s);

    d.   The specific privilege or protection from disclosure asserted;

    e.   A description of the subject matter of the Document sufficient to allow Defendants and the Court to assess the applicability of the privilege or protection asserted;

    f.   The Bates page range or page length of the Document; and

    g.   The Request(s) to which the Document is responsive.

12.     If no document responsive to a Request exists, please state so in Your response.

13.     The relevant time period for these Requests is from January 1, 2017 through the date of these Requests, unless otherwise stated. Your answers shall include responsive documents created, sent, or received during that period. Defendants reserve the right to amend or revise the relevant time period if the Court orders discovery from a different time period or the parties agree to a different time period.

I\15572241.1

## EXHIBIT B: REQUESTS

**REQUEST NO. 1**     All Documents and Communications relating to the financial

condition of Outdoor by Design, including but not limited to tax returns and financial statements

dating back to January 1, 2017.

**RESPONSE:**

**REQUEST NO. 2**     All Documents and Communications relating to capital

contributions, loans, donations, or other items of value provided by You to Outdoor by Design

regardless of whether You expected to be compensated or not, including documents sufficient to

reflect the amount and terms of those contributions, donations, or loans, any payments made on

those loans, and the current repayment status.

**RESPONSE:**

**REQUEST NO. 3**     All Documents and Communication relating to the ownership of

Outdoor by Design, including changes in ownership over time and the reasons therefor.

**RESPONSE:**

**REQUEST NO. 4**     All Documents and Communications relating to the Affiliated

Entities, including any direct or indirect transfers of money or other items of value by, for, or

between Outdoor by Design, including You or any of its other members, and any of the

Affiliated Entities.

**RESPONSE:**

**REQUEST NO. 5**    All Documents and Communications relating to transfers from Outdoor by Design to You or any other member, or family member of any member, of Outdoor by Design.

**RESPONSE:**

**REQUEST NO. 6**    All Documents and Communications relating to any direct or indirect transfers of money or other items of value by, for, or between Outdoor by Design, including You or any of its other members, and its Bankruptcy Creditors.

**RESPONSE:**

I\15572241.1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Middle _____ District of _____ Florida, Tampa Division _____

In re  Outdoor By Design LLC _____
_____
Debtor

*(Complete if issued in an adversary proceeding)*

Case No.  8:20-bk-04253-CED _____

Chapter  11 _____

_____
Plaintiff

v.

_____
Defendant

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Tammy Camp, 2413 Sonoma Drive W., Nokomis, FL  34275
c/o Kevin J. Palmersheim, 1424 N. High Point Rd., Middleton, WI  53562

*(Name of person to whom the subpoena is directed)*

[X]  *Production*:  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See attached Exhibits A and B

| PLACE  Underwood Murray, P.A.,  (attn: Megan W. Murray)<br>100 N Tampa, Suite 2325, Tampa, FL 33602<br>or email mmurray@underwoodmurray.com | DATE AND TIME<br>5:00 p.m. on December 16 ,2020 |
|---|---|

[ ]  *Inspection of Premises*:  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  11/25/2020 _____

CLERK OF COURT

OR

_____         /s/ Megan W. Murray
*Signature of Clerk or Deputy Clerk*            _____
                                              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*  Taizhou Yuanda Investment Group Co., Ltd., et al.  ("TZY") _____ ,  who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

[x] I served the subpoena by delivering a copy to the named person as follows: __Tammy Camp_____

__2413 Sonoma Drive W., Nokomis, FL  34275   -AND-   c/o Kevin J. Palmersheim, 1424 N. High Point Rd., Middleton, WI  53562__

_____via Certified Mail_____ on *(date)* __11/25/2020_____ ; or

[ ] I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: __11/25/2020_____

                                        /s/ Megan W. Murray
                                        _____
                                                    *Server's signature*

                                        Megan W. Murray
                                        _____
                                                    *Printed name and title*

                                        Underwood Murray, P.A., 100  N. Tampa St., Suite 2325
                                        Tampa, FL 33602
                                        mmurray@underwoodmurray.com
                                        _____
                                                    *Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A: DEFINITIONS AND INSTRUCTIONS

## DEFINITIONS

1.      The terms "You" or "Your" mean Tammy Camp, including Your employees, partners, subsidiaries, affiliates, agents, staff members, or representatives.

2.      The term "TZY" means, collectively, Taizhou Yuanda Investment Group Co., Ltd., Taizhou Yuanda Furniture Co., Ltd., and Taizhou Yuanda Travelling Articles Co., Ltd., including their members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, or successors.

3.      The term "Affiliated Entities" means, collectively, Z Outdoor Living, LLC ("Z Outdoor Living"); AFG, LLC; Casual Products of America, LLC ("Casual Products of America" or "CPA"); Alliant Furniture Group, LLC; AMG International, LLC ("AMG"); B-Cool Technologies, LLC; Outdoor Brands International, LLC; and Outdoor Innovations Group, LLC, including their members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, or successors.

4.      The term "Bankruptcy Creditors" means, collectively, any individual or entity listed as a creditor on Outdoor by Design's bankruptcy filings.

5.      The terms "concerning," "relating to," "related to," "referring or relating to," "relate to," or "refer to," "referencing," mean to address, comprise, consider, reflect, record, reference, memorialize, mention, describe, discuss, contradict, evaluate, consider, review, pertain to, summarize, or report on the subject matter of the Request or to have been created, generated, or maintained in connection with or as a result of the subject matter of the Request.

6.     The term "communication(s)" means any conveyance, disclosure, transfer, transmittal, or exchange of oral or written information (in the form of facts, ideas, inquiries, or otherwise) between or among one or more persons or entities.

7.     The terms "Document" and "Documents" include any written, printed, typed, photocopied, photographed, recorded, or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds, or symbols, or any combination thereof. The terms include also, without limitation, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports, and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of meetings or communications, electronic mail/messages and/or email, texts, instant messaging, questionnaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, and all other data compilations from which information can be obtained, including, without limitation, thumb drives, external hard drives, electromagnetically sensitive storage media such as CDs, DVDs, memory sticks, floppy disks, hard disks, and magnetic tapes. The term "Document" also means every copy of a document where such copy is not an identical duplicate of the original.

I\15572241.1

## INSTRUCTIONS

1.      TZY seeks the production of the Documents set forth in the numbered Requests below that are in Your possession, custody, or control.

2.      In construing these Requests, You shall give effect to the Definitions set forth above. The Definitions apply whether or not the defined term is capitalized in the Request.

3.      Undefined words and terms should be given their common meaning. If You are unsure of the definition of a particular word or term that is not defined in the Definitions set forth above, You shall use the definition that You believe to be the most accurate and state that definition in Your response.

4.      Each Request for documents shall be construed independently and no Request shall be viewed as limiting the scope of any other Request.

5.      Where the context in the Requests makes it appropriate, each singular word shall include its plural and each plural word shall include its singular. The words "any," "and," and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery all responses that might otherwise be construed to be outside its scope. Each of the following words includes the meaning of every other word: "each," "every," "all," and "any." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

6.      In responding to these Requests, You shall furnish such information and documents in Your possession, custody, or control, including information that is in the possession, custody, or control of Your agents, investigators, consultants, and (subject to any otherwise applicable privileges) attorneys.

3

7.      Documents produced shall be numbered consecutively, with a prefix identifying the name of the producing entity. For each Document produced, indicate the custodian from whose custody or possession that Document was collected.

8.      Electronically stored information ("ESI") shall be produced in native form, with original metadata. Each production of ESI shall be accompanied by a metadata load file that contains links to the produced files via "Native Link" data values, as well as the original file name, and file path. Each native file shall be renamed with a Bates number and delivered sequentially without gaps. Any ESI that is not text-searchable in native form shall be rendered with OCR software to produce searchable text. Any hard copy documents scanned or otherwise converted to electronic form and produced in electronic form shall be produced as single page TIFF images with document-level (multi-page) searchable text (.TXT) files, rendered with OCR software. The source of the documents (e.g., hard copy, scanned documents) shall be identified. Load files for such productions shall include document breaks which indicate the start and stop of each Document, and sequential Bates numbering without gaps.

9.      If You object to any part of a Request, set forth the basis for Your objection and respond to all parts of the Request to which You do not object.

10.     Each Document requested herein must be produced in its entirety, regardless of whether You consider the entire Document to be relevant or responsive to these Requests. If You have redacted any portion of a Document, stamp the word "redacted" on each page of the Document that You have redacted. Privileged redactions must be included in a privilege log (per Instruction 11, below); non-privileged redactions must also be included in a log describing the basis for the redaction.

I\15572241.1

11.     If any Document is withheld from production, in whole or in part, based on a claim of privilege, provide a privilege log, which, at a minimum, shall specify, as to each Document:

    a.   Author(s);

    b.   Addressee(s) and recipient(s) of the Document, including Persons copied (cc'd) or blind-copied (bcc'd) on any transmittal of the Document;

    c.   Your basis for withholding the Document, including the specific nature of the Date of the Document and, if applicable, any transmittal(s);

    d.   The specific privilege or protection from disclosure asserted;

    e.   A description of the subject matter of the Document sufficient to allow Defendants and the Court to assess the applicability of the privilege or protection asserted;

    f.   The Bates page range or page length of the Document; and

    g.   The Request(s) to which the Document is responsive.

12.     If no document responsive to a Request exists, please state so in Your response.

13.     The relevant time period for these Requests is from January 1, 2017 through the date of these Requests, unless otherwise stated. Your answers shall include responsive documents created, sent, or received during that period. Defendants reserve the right to amend or revise the relevant time period if the Court orders discovery from a different time period or the parties agree to a different time period.

5

## EXHIBIT B: REQUESTS

**REQUEST NO. 1**    All Documents and Communications relating to the financial condition of Outdoor by Design, including but not limited to tax returns and financial statements dating back to January 1, 2017.

**RESPONSE:**

**REQUEST NO. 2**    All Documents and Communications relating to capital contributions, loans, donations, or other items of value provided by You to Outdoor by Design regardless of whether You expected to be compensated or not, including documents sufficient to reflect the amount and terms of those contributions, donations, or loans, any payments made on those loans, and the current repayment status.

**RESPONSE:**

**REQUEST NO. 3**    All Documents and Communication relating to the ownership of Outdoor by Design, including changes in ownership over time and the reasons therefor.

**RESPONSE:**

**REQUEST NO. 4**    All Documents and Communications relating to the Affiliated Entities, including any direct or indirect transfers of money or other items of value by, for, or between Outdoor by Design, including You or any of its other members, and any of the Affiliated Entities.

**RESPONSE:**

**REQUEST NO. 5**    All Documents and Communications relating to transfers from Outdoor by Design to You or any other member, or family member of any member, of Outdoor by Design.

**RESPONSE:**

**REQUEST NO. 6**    All Documents and Communications relating to any direct or indirect transfers of money or other items of value by, for, or between Outdoor by Design, including You or any of its other members, and its Bankruptcy Creditors.

**RESPONSE:**

I\15572241.1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Middle _____ District of _____ Florida, Tampa Division

In re    Outdoor By Design LLC
_____
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff

v.

_____
Defendant

Case No.    8:20-bk-04253-CED

Chapter    11

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:    Casual Products of America, LLC c/o Peter Hill, Registered Agent
5976 Executive Drive, Suite B, Fitchburg, WI  53179-5329
_____

*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:    See attached Exhibits A and B

| PLACE Underwood Murray, P.A.,  (attn: Megan W. Murray) 100 N Tampa, Suite 2325, Tampa, FL 33602 or email mmurray@underwoodmurray.com | DATE AND TIME 5:00 p.m. on December 16, 2020 |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    11/25/2020
_____

CLERK OF COURT

OR

_____
Signature of Clerk or Deputy Clerk

/s/ Megan W. Murray
_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*    Taizhou Yuanda Investment  Group Co., Ltd., et al.  ("TZY")_____    , who issues or requests this subpoena, are:

_____

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

[X] I served the subpoena by delivering a copy to the named person as follows: __Casual Products of America, LLC__
____c/o Peter Hill, Registered Agent, 5976 Executive Drive, Suite B, Fitchburg, WI  53179-5329_____
_____via Certified Mail_____ on *(date)* ___11/25/2020_____ ; or

[ ] I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

  My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

          I declare under penalty of perjury that this information is true and correct.

Date: ___11/25/2020_____

                                        /s/ Megan W. Murray
                                   _____
                                              *Server's signature*

                                      Megan W. Murray
                                   _____
                                            *Printed name and title*

                                   Underwood Murray, P.A., 100  N. Tampa St., Suite 2325
                                   Tampa, FL 33602
                                   __mmurray@underwoodmurray.com_____
                                              *Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A: DEFINITIONS AND INSTRUCTIONS

## DEFINITIONS

1.      The terms "You" or "Your" mean Casual Products of America, LLC ("Casual Products of America" or "CPA"), including Your employees, partners, subsidiaries, affiliates, agents, staff members, or representatives.

2.      The term "TZY" means, collectively, Taizhou Yuanda Investment Group Co., Ltd., Taizhou Yuanda Furniture Co., Ltd., and Taizhou Yuanda Travelling Articles Co., Ltd., including their members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, or successors.

3.      The term "Affiliated Entities" means, collectively, Z Outdoor Living, LLC ("Z Outdoor Living"); AFG, LLC; Alliant Furniture Group, LLC; AMG International, LLC ("AMG"); B-Cool Technologies, LLC; Outdoor Brands International, LLC; and Outdoor Innovations Group, LLC, including their members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, or successors.

4.      The term "Bankruptcy Creditors" means, collectively, any individual or entity listed as a creditor on Outdoor by Design's bankruptcy filings.

5.      The terms "concerning," "relating to," "related to," "referring or relating to," "relate to," or "refer to," "referencing," mean to address, comprise, consider, reflect, record, reference, memorialize, mention, describe, discuss, contradict, evaluate, consider, review, pertain to, summarize, or report on the subject matter of the Request or to have been created, generated, or maintained in connection with or as a result of the subject matter of the Request.

6.    The term "communication(s)" means any conveyance, disclosure, transfer, transmittal, or exchange of oral or written information (in the form of facts, ideas, inquiries, or otherwise) between or among one or more persons or entities.

7.    The terms "Document" and "Documents" include any written, printed, typed, photocopied, photographed, recorded, or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds, or symbols, or any combination thereof. The terms include also, without limitation, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports, and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of meetings or communications, electronic mail/messages and/or email, texts, instant messaging, questionnaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, and all other data compilations from which information can be obtained, including, without limitation, thumb drives, external hard drives, electromagnetically sensitive storage media such as CDs, DVDs, memory sticks, floppy disks, hard disks, and magnetic tapes. The term "Document" also means every copy of a document where such copy is not an identical duplicate of the original.

2

## INSTRUCTIONS

1.       TZY seeks the production of the Documents set forth in the numbered Requests below that are in Your possession, custody, or control.

2.       In construing these Requests, You shall give effect to the Definitions set forth above. The Definitions apply whether or not the defined term is capitalized in the Request.

3.       Undefined words and terms should be given their common meaning. If You are unsure of the definition of a particular word or term that is not defined in the Definitions set forth above, You shall use the definition that You believe to be the most accurate and state that definition in Your response.

4.       Each Request for documents shall be construed independently and no Request shall be viewed as limiting the scope of any other Request.

5.       Where the context in the Requests makes it appropriate, each singular word shall include its plural and each plural word shall include its singular. The words "any," "and," and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery all responses that might otherwise be construed to be outside its scope. Each of the following words includes the meaning of every other word: "each," "every," "all," and "any." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

6.       In responding to these Requests, You shall furnish such information and documents in Your possession, custody, or control, including information that is in the possession, custody, or control of Your agents, investigators, consultants, and (subject to any otherwise applicable privileges) attorneys.

3

I\15572605.1

7.     Documents produced shall be numbered consecutively, with a prefix identifying the name of the producing entity. For each Document produced, indicate the custodian from whose custody or possession that Document was collected.

8.     Electronically stored information ("ESI") shall be produced in native form, with original metadata. Each production of ESI shall be accompanied by a metadata load file that contains links to the produced files via "Native Link" data values, as well as the original file name, and file path. Each native file shall be renamed with a Bates number and delivered sequentially without gaps. Any ESI that is not text-searchable in native form shall be rendered with OCR software to produce searchable text. Any hard copy documents scanned or otherwise converted to electronic form and produced in electronic form shall be produced as single page TIFF images with document-level (multi-page) searchable text (.TXT) files, rendered with OCR software. The source of the documents (e.g., hard copy, scanned documents) shall be identified. Load files for such productions shall include document breaks which indicate the start and stop of each Document, and sequential Bates numbering without gaps.

9.     If You object to any part of a Request, set forth the basis for Your objection and respond to all parts of the Request to which You do not object.

10.    Each Document requested herein must be produced in its entirety, regardless of whether You consider the entire Document to be relevant or responsive to these Requests. If You have redacted any portion of a Document, stamp the word "redacted" on each page of the Document that You have redacted. Privileged redactions must be included in a privilege log (per Instruction 11, below); non-privileged redactions must also be included in a log describing the basis for the redaction.

11.     If any Document is withheld from production, in whole or in part, based on a claim of privilege, provide a privilege log, which, at a minimum, shall specify, as to each Document:

  a. Author(s);

  b. Addressee(s) and recipient(s) of the Document, including Persons copied (cc'd) or blind-copied (bcc'd) on any transmittal of the Document;

  c. Your basis for withholding the Document, including the specific nature of the Date of the Document and, if applicable, any transmittal(s);

  d. The specific privilege or protection from disclosure asserted;

  e. A description of the subject matter of the Document sufficient to allow Defendants and the Court to assess the applicability of the privilege or protection asserted;

  f. The Bates page range or page length of the Document; and

  g. The Request(s) to which the Document is responsive.

12.     If no document responsive to a Request exists, please state so in Your response.

13.     The relevant time period for these Requests is from January 1, 2017 through the date of these Requests, unless otherwise stated. Your answers shall include responsive documents created, sent, or received during that period. Defendants reserve the right to amend or revise the relevant time period if the Court orders discovery from a different time period or the parties agree to a different time period.

5

## EXHIBIT B: REQUESTS

**REQUEST NO. 1**   All Documents and Communications relating to the financial condition of Outdoor by Design, including but not limited to tax returns and financial statements.

**RESPONSE:**

**REQUEST NO. 2**   All Documents and Communications relating to Outdoor by Design.

**RESPONSE:**

**REQUEST NO. 3**   All Documents and Communications relating to capital contributions, loans, donations, or other items of value provided by You to Outdoor by Design regardless of whether You expected to be compensated or not, including documents sufficient to reflect the amount and terms of those contributions, donations, or loans, any payments made on those loans, and the current repayment status.

**RESPONSE:**

**REQUEST NO. 4**   All Documents and Communications relating to any direct or indirect transfers of money or other items of value by, for, or between Outdoor by Design and any of the Affiliated Entities, including You.

**RESPONSE:**

**REQUEST NO. 5**   All Documents and Communications relating to TZY.

**RESPONSE:**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Middle _____ District of _____ Florida, Tampa Division _____

In re ___Outdoor By Design LLC_____
                              Debtor

Case No. ___8:20-bk-04253-CED_____

_(Complete if issued in an adversary proceeding)_

Chapter __11_____

_____
                              Plaintiff

                              v.

Adv. Proc. No. _____

_____
                              Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

Donald Corning, 967 Carnoustie Way, Oregon, WI  53575-3924
To:   c/o Kevin J. Palmersheim, 1424 N. High Point Rd., Middleton, WI  53562
_(Name of person to whom the subpoena is directed)_

[X] _Production_:  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See attached Exhibits A and B

| PLACE  Underwood Murray, P.A.,  (attn: Megan W. Murray) 100 N Tampa, Suite 2325, Tampa, FL 33602 or email mmurray@underwoodmurray.com | DATE AND TIME 5:00 p.m. on December 16, 2020 |
|---|---|

[ ] _Inspection of Premises_:  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  11/25/2020
       _____

CLERK OF COURT

                                        OR        /s/ Megan W. Murray
_____              _____
_Signature of Clerk or Deputy Clerk_              _Attorney's signature_

The name, address, email address, and telephone number of the attorney representing _(name of party)_  Taizhou Yuanda Investment Group Co., Ltd., et al.  ("TZY")_____ , who issues or requests this subpoena, are:

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

[x] I served the subpoena by delivering a copy to the named person as follows:  Donald Corning _____

____ 967 Carnoustie Way, Oregon, WI  53575-3924   - AND-   c/o Kevin J. Palmersheim, 1424 N. High Point Rd., Middleton, WI  53562

_____ via Certified Mail _____ on *(date)* __11/25/2020_____ ; or

[ ] I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: __11/25/2020_____

/s/ Megan W. Murray
_____
*Server's signature*

Megan W. Murray
_____
*Printed name and title*

Underwood Murray, P.A., 100  N. Tampa St., Suite 2325
Tampa, FL 33602
mmurray@underwoodmurray.com
_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A: DEFINITIONS AND INSTRUCTIONS

## DEFINITIONS

1.      The terms "You" or "Your" mean Donald Corning, including Your employees, partners, subsidiaries, affiliates, agents, staff members, or representatives.

2.      The term "TZY" means, collectively, Taizhou Yuanda Investment Group Co., Ltd., Taizhou Yuanda Furniture Co., Ltd., and Taizhou Yuanda Travelling Articles Co., Ltd., including their members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, or successors.

3.      The term "Affiliated Entities" means, collectively, Z Outdoor Living, LLC ("Z Outdoor Living"); AFG, LLC; Casual Products of America, LLC ("Casual Products of America" or "CPA"); Alliant Furniture Group, LLC; AMG International, LLC ("AMG"); B-Cool Technologies, LLC; Outdoor Brands International, LLC; and Outdoor Innovations Group, LLC, including their members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, or successors.

4.      The term "Bankruptcy Creditors" means, collectively, any individual or entity listed as a creditor on Outdoor by Design's bankruptcy filings.

5.      The terms "concerning," "relating to," "related to," "referring or relating to," "relate to," or "refer to," "referencing," mean to address, comprise, consider, reflect, record, reference, memorialize, mention, describe, discuss, contradict, evaluate, consider, review, pertain to, summarize, or report on the subject matter of the Request or to have been created, generated, or maintained in connection with or as a result of the subject matter of the Request.

6.     The term "communication(s)" means any conveyance, disclosure, transfer, transmittal, or exchange of oral or written information (in the form of facts, ideas, inquiries, or otherwise) between or among one or more persons or entities.

7.     The terms "Document" and "Documents" include any written, printed, typed, photocopied, photographed, recorded, or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds, or symbols, or any combination thereof. The terms include also, without limitation, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports, and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of meetings or communications, electronic mail/messages and/or email, texts, instant messaging, questionnaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, and all other data compilations from which information can be obtained, including, without limitation, thumb drives, external hard drives, electromagnetically sensitive storage media such as CDs, DVDs, memory sticks, floppy disks, hard disks, and magnetic tapes. The term "Document" also means every copy of a document where such copy is not an identical duplicate of the original.

2

## INSTRUCTIONS

1.      TZY seeks the production of the Documents set forth in the numbered Requests below that are in Your possession, custody, or control.

2.      In construing these Requests, You shall give effect to the Definitions set forth above. The Definitions apply whether or not the defined term is capitalized in the Request.

3.      Undefined words and terms should be given their common meaning. If You are unsure of the definition of a particular word or term that is not defined in the Definitions set forth above, You shall use the definition that You believe to be the most accurate and state that definition in Your response.

4.      Each Request for documents shall be construed independently and no Request shall be viewed as limiting the scope of any other Request.

5.      Where the context in the Requests makes it appropriate, each singular word shall include its plural and each plural word shall include its singular. The words "any," "and," and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery all responses that might otherwise be construed to be outside its scope. Each of the following words includes the meaning of every other word: "each," "every," "all," and "any." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

6.      In responding to these Requests, You shall furnish such information and documents in Your possession, custody, or control, including information that is in the possession, custody, or control of Your agents, investigators, consultants, and (subject to any otherwise applicable privileges) attorneys.

3

I\15572241.1

7.      Documents produced shall be numbered consecutively, with a prefix identifying the name of the producing entity. For each Document produced, indicate the custodian from whose custody or possession that Document was collected.

8.      Electronically stored information ("ESI") shall be produced in native form, with original metadata. Each production of ESI shall be accompanied by a metadata load file that contains links to the produced files via "Native Link" data values, as well as the original file name, and file path. Each native file shall be renamed with a Bates number and delivered sequentially without gaps. Any ESI that is not text-searchable in native form shall be rendered with OCR software to produce searchable text. Any hard copy documents scanned or otherwise converted to electronic form and produced in electronic form shall be produced as single page TIFF images with document-level (multi-page) searchable text (.TXT) files, rendered with OCR software. The source of the documents (e.g., hard copy, scanned documents) shall be identified. Load files for such productions shall include document breaks which indicate the start and stop of each Document, and sequential Bates numbering without gaps.

9.      If You object to any part of a Request, set forth the basis for Your objection and respond to all parts of the Request to which You do not object.

10.     Each Document requested herein must be produced in its entirety, regardless of whether You consider the entire Document to be relevant or responsive to these Requests. If You have redacted any portion of a Document, stamp the word "redacted" on each page of the Document that You have redacted. Privileged redactions must be included in a privilege log (per Instruction 11, below); non-privileged redactions must also be included in a log describing the basis for the redaction.

I\15572241.1

11.     If any Document is withheld from production, in whole or in part, based on a claim of privilege, provide a privilege log, which, at a minimum, shall specify, as to each Document:

      a.   Author(s);

      b.   Addressee(s) and recipient(s) of the Document, including Persons copied (cc'd) or blind-copied (bcc'd) on any transmittal of the Document;

      c.   Your basis for withholding the Document, including the specific nature of the Date of the Document and, if applicable, any transmittal(s);

      d.   The specific privilege or protection from disclosure asserted;

      e.   A description of the subject matter of the Document sufficient to allow Defendants and the Court to assess the applicability of the privilege or protection asserted;

      f.   The Bates page range or page length of the Document; and

      g.   The Request(s) to which the Document is responsive.

12.     If no document responsive to a Request exists, please state so in Your response.

13.     The relevant time period for these Requests is from January 1, 2017 through the date of these Requests, unless otherwise stated. Your answers shall include responsive documents created, sent, or received during that period. Defendants reserve the right to amend or revise the relevant time period if the Court orders discovery from a different time period or the parties agree to a different time period.

5

I\15572241.1

## EXHIBIT B: REQUESTS

**REQUEST NO. 1**    All Documents and Communications relating to the financial condition of Outdoor by Design, including but not limited to tax returns and financial statements dating back to January 1, 2017.

**RESPONSE:**

**REQUEST NO. 2**    All Documents and Communications relating to capital contributions, loans, donations, or other items of value provided by You to Outdoor by Design regardless of whether You expected to be compensated or not, including documents sufficient to reflect the amount and terms of those contributions, donations, or loans, any payments made on those loans, and the current repayment status.

**RESPONSE:**

**REQUEST NO. 3**    All Documents and Communication relating to the ownership of Outdoor by Design, including changes in ownership over time and the reasons therefor.

**RESPONSE:**

**REQUEST NO. 4**    All Documents and Communications relating to the Affiliated Entities, including any direct or indirect transfers of money or other items of value by, for, or between Outdoor by Design, including You or any of its other members, and any of the Affiliated Entities.

**RESPONSE:**

I\15572241.1

**REQUEST NO. 5**    All Documents and Communications relating to transfers from Outdoor by Design to You or any other member, or family member of any member, of Outdoor by Design.

**RESPONSE:**

**REQUEST NO. 6**    All Documents and Communications relating to any direct or indirect transfers of money or other items of value by, for, or between Outdoor by Design, including You or any of its other members, and its Bankruptcy Creditors.

**RESPONSE:**

I\15572241.1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Middle _____ District of _____ Florida, Tampa Division _____

In re _ Outdoor By Design LLC _____

Debtor

*(Complete if issued in an adversary proceeding)*

Case No. _ 8:20-bk-04253-CED _____

Chapter _ 11 _____

_____

Plaintiff

v.

_____

Defendant

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Lois Corning, 967 Carnoustie Way, Oregon, WI  53575-3924
c/o Kevin J. Palmersheim, 1424 N. High Point Rd., Middleton, WI  53562

*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See attached Exhibits A and B

| PLACE  Underwood Murray, P.A.,  (attn: Megan W. Murray) | DATE AND TIME |
| 100 N Tampa, Suite 2325, Tampa, FL 33602 | 5:00 p.m. on December 16, 2020 |
| or email mmurray@underwoodmurray.com | |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _ 11/25/2020 _____

CLERK OF COURT

OR

_____          /s/ Megan W. Murray
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*  Taizhou Yuanda Investment Group Co., Ltd., et al.  ("TZY") _____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
## (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

[x] I served the subpoena by delivering a copy to the named person as follows:  Lois Corning _____

____ 967 Carnoustie Way, Oregon, WI  53575-3924    - AND-    c/o Kevin J. Palmersheim, 1424 N. High Point Rd., Middleton, WI  53562

_____ via Certified Mail _____ on *(date)* _11/25/2020_____ ; or

[ ] I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

        I declare under penalty of perjury that this information is true and correct.

Date: __11/25/2020_____

                                        /s/ Megan W. Murray _____
                                        *Server's signature*

                                         Megan W. Murray _____
                                        *Printed name and title*
                                        Underwood Murray, P.A., 100  N. Tampa St., Suite 2325
                                        Tampa, FL 33602
                                        mmurray@underwoodmurray.com _____
                                        *Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A: DEFINITIONS AND INSTRUCTIONS

## DEFINITIONS

1.      The terms "You" or "Your" mean Lois Corning, including Your employees, partners, subsidiaries, affiliates, agents, staff members, or representatives.

2.      The term "TZY" means, collectively, Taizhou Yuanda Investment Group Co., Ltd., Taizhou Yuanda Furniture Co., Ltd., and Taizhou Yuanda Travelling Articles Co., Ltd., including their members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, or successors.

3.      The term "Affiliated Entities" means, collectively, Z Outdoor Living, LLC ("Z Outdoor Living"); AFG, LLC; Casual Products of America, LLC ("Casual Products of America" or "CPA"); Alliant Furniture Group, LLC; AMG International, LLC ("AMG"); B-Cool Technologies, LLC; Outdoor Brands International, LLC; and Outdoor Innovations Group, LLC, including their members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, or successors.

4.      The term "Bankruptcy Creditors" means, collectively, any individual or entity listed as a creditor on Outdoor by Design's bankruptcy filings.

5.      The terms "concerning," "relating to," "related to," "referring or relating to," "relate to," or "refer to," "referencing," mean to address, comprise, consider, reflect, record, reference, memorialize, mention, describe, discuss, contradict, evaluate, consider, review, pertain to, summarize, or report on the subject matter of the Request or to have been created, generated, or maintained in connection with or as a result of the subject matter of the Request.

I\15572241.1

6.      The term "communication(s)" means any conveyance, disclosure, transfer, transmittal, or exchange of oral or written information (in the form of facts, ideas, inquiries, or otherwise) between or among one or more persons or entities.

7.      The terms "Document" and "Documents" include any written, printed, typed, photocopied, photographed, recorded, or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds, or symbols, or any combination thereof. The terms include also, without limitation, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports, and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of meetings or communications, electronic mail/messages and/or email, texts, instant messaging, questionnaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, and all other data compilations from which information can be obtained, including, without limitation, thumb drives, external hard drives, electromagnetically sensitive storage media such as CDs, DVDs, memory sticks, floppy disks, hard disks, and magnetic tapes. The term "Document" also means every copy of a document where such copy is not an identical duplicate of the original.

I\15572241.1

## **INSTRUCTIONS**

1.      TZY seeks the production of the Documents set forth in the numbered Requests below that are in Your possession, custody, or control.

2.      In construing these Requests, You shall give effect to the Definitions set forth above. The Definitions apply whether or not the defined term is capitalized in the Request.

3.      Undefined words and terms should be given their common meaning. If You are unsure of the definition of a particular word or term that is not defined in the Definitions set forth above, You shall use the definition that You believe to be the most accurate and state that definition in Your response.

4.      Each Request for documents shall be construed independently and no Request shall be viewed as limiting the scope of any other Request.

5.      Where the context in the Requests makes it appropriate, each singular word shall include its plural and each plural word shall include its singular. The words "any," "and," and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery all responses that might otherwise be construed to be outside its scope. Each of the following words includes the meaning of every other word: "each," "every," "all," and "any." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

6.      In responding to these Requests, You shall furnish such information and documents in Your possession, custody, or control, including information that is in the possession, custody, or control of Your agents, investigators, consultants, and (subject to any otherwise applicable privileges) attorneys.

3

7.      Documents produced shall be numbered consecutively, with a prefix identifying the name of the producing entity. For each Document produced, indicate the custodian from whose custody or possession that Document was collected.

8.      Electronically stored information ("ESI") shall be produced in native form, with original metadata. Each production of ESI shall be accompanied by a metadata load file that contains links to the produced files via "Native Link" data values, as well as the original file name, and file path. Each native file shall be renamed with a Bates number and delivered sequentially without gaps. Any ESI that is not text-searchable in native form shall be rendered with OCR software to produce searchable text. Any hard copy documents scanned or otherwise converted to electronic form and produced in electronic form shall be produced as single page TIFF images with document-level (multi-page) searchable text (.TXT) files, rendered with OCR software. The source of the documents (e.g., hard copy, scanned documents) shall be identified. Load files for such productions shall include document breaks which indicate the start and stop of each Document, and sequential Bates numbering without gaps.

9.      If You object to any part of a Request, set forth the basis for Your objection and respond to all parts of the Request to which You do not object.

10.     Each Document requested herein must be produced in its entirety, regardless of whether You consider the entire Document to be relevant or responsive to these Requests. If You have redacted any portion of a Document, stamp the word "redacted" on each page of the Document that You have redacted. Privileged redactions must be included in a privilege log (per Instruction 11, below); non-privileged redactions must also be included in a log describing the basis for the redaction.

I\15572241.1

11.     If any Document is withheld from production, in whole or in part, based on a claim of privilege, provide a privilege log, which, at a minimum, shall specify, as to each Document:

   a.   Author(s);

   b.   Addressee(s) and recipient(s) of the Document, including Persons copied (cc'd) or blind-copied (bcc'd) on any transmittal of the Document;

   c.   Your basis for withholding the Document, including the specific nature of the Date of the Document and, if applicable, any transmittal(s);

   d.   The specific privilege or protection from disclosure asserted;

   e.   A description of the subject matter of the Document sufficient to allow Defendants and the Court to assess the applicability of the privilege or protection asserted;

   f.   The Bates page range or page length of the Document; and

   g.   The Request(s) to which the Document is responsive.

12.     If no document responsive to a Request exists, please state so in Your response.

13.     The relevant time period for these Requests is from January 1, 2017 through the date of these Requests, unless otherwise stated. Your answers shall include responsive documents created, sent, or received during that period. Defendants reserve the right to amend or revise the relevant time period if the Court orders discovery from a different time period or the parties agree to a different time period.

## EXHIBIT B: REQUESTS

**REQUEST NO. 1**    All Documents and Communications relating to the financial condition of Outdoor by Design, including but not limited to tax returns and financial statements dating back to January 1, 2017.

**RESPONSE:**

**REQUEST NO. 2**    All Documents and Communications relating to capital contributions, loans, donations, or other items of value provided by You to Outdoor by Design regardless of whether You expected to be compensated or not, including documents sufficient to reflect the amount and terms of those contributions, donations, or loans, any payments made on those loans, and the current repayment status.

**RESPONSE:**

**REQUEST NO. 3**    All Documents and Communication relating to the ownership of Outdoor by Design, including changes in ownership over time and the reasons therefor.

**RESPONSE:**

**REQUEST NO. 4**    All Documents and Communications relating to the Affiliated Entities, including any direct or indirect transfers of money or other items of value by, for, or between Outdoor by Design, including You or any of its other members, and any of the Affiliated Entities.

**RESPONSE:**

I\15572241.1

**REQUEST NO. 5**    All Documents and Communications relating to transfers from Outdoor by Design to You or any other member, or family member of any member, of Outdoor by Design.

**RESPONSE:**

**REQUEST NO. 6**    All Documents and Communications relating to any direct or indirect transfers of money or other items of value by, for, or between Outdoor by Design, including You or any of its other members, and its Bankruptcy Creditors.

**RESPONSE:**

I\15572241.1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Middle _____ District of _____ Florida, Tampa Division _____

In re  Outdoor By Design LLC
_____
Debtor

Case No.  8:20-bk-04253-CED

*(Complete if issued in an adversary proceeding)*

Chapter  11

_____
Plaintiff

Adv. Proc. No.  _____

v.

_____
Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Erin Corning, 5770 Longwood Lane, Fitchburg, WI  53711
c/o Kevin J. Palmersheim, 1424 N. High Point Rd., Middleton, WI  53562

*(Name of person to whom the subpoena is directed)*

[X]  *Production*:  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See attached Exhibits A and B

| PLACE  Underwood Murray, P.A.,  (attn: Megan W. Murray) 100 N Tampa, Suite 2325, Tampa, FL 33602 or email mmurray@underwoodmurray.com | DATE AND TIME 5:00 p.m. on Decmber 16, 2020 |
|---|---|

[ ]  *Inspection of Premises*:  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  11/25/2020
_____

CLERK OF COURT

OR    /s/ Megan W. Murray

_____        _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*  Taizhou Yuanda Investment Group Co., Ltd., et al.  ("TZY")_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

[X] I served the subpoena by delivering a copy to the named person as follows:  Erin Corning
_____

_____ 5770 Longwood Lane, Fitchburg, WI  53711     - AND-     c/o Kevin J. Palmersheim, 1424 N. High Point Rd., Middleton, WI  53562

_____ via Certified Mail _____ on *(date)* _____ 11/25/2020 _____ ; or

[ ] I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____  11/25/2020

/s/ Megan W. Murray
_____
*Server's signature*

Megan W. Murray
_____
*Printed name and title*

Underwood Murray, P.A., 100  N. Tampa St., Suite 2325
Tampa, FL 33602
mmurray@underwoodmurray.com
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A: DEFINITIONS AND INSTRUCTIONS

## DEFINITIONS

1.      The terms "You" or "Your" mean Erin Corning, including Your employees, partners, subsidiaries, affiliates, agents, staff members, or representatives.

2.      The term "TZY" means, collectively, Taizhou Yuanda Investment Group Co., Ltd., Taizhou Yuanda Furniture Co., Ltd., and Taizhou Yuanda Travelling Articles Co., Ltd., including their members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, or successors.

3.      The term "Affiliated Entities" means, collectively, Z Outdoor Living, LLC ("Z Outdoor Living"); AFG, LLC; Casual Products of America, LLC ("Casual Products of America" or "CPA"); Alliant Furniture Group, LLC; AMG International, LLC ("AMG"); B-Cool Technologies, LLC; Outdoor Brands International, LLC; and Outdoor Innovations Group, LLC, including their members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, or successors.

4.      The term "Bankruptcy Creditors" means, collectively, any individual or entity listed as a creditor on Outdoor by Design's bankruptcy filings.

5.      The terms "concerning," "relating to," "related to," "referring or relating to," "relate to," or "refer to," "referencing," mean to address, comprise, consider, reflect, record, reference, memorialize, mention, describe, discuss, contradict, evaluate, consider, review, pertain to, summarize, or report on the subject matter of the Request or to have been created, generated, or maintained in connection with or as a result of the subject matter of the Request.

I\15572241.1

6.      The term "communication(s)" means any conveyance, disclosure, transfer, transmittal, or exchange of oral or written information (in the form of facts, ideas, inquiries, or otherwise) between or among one or more persons or entities.

7.      The terms "Document" and "Documents" include any written, printed, typed, photocopied, photographed, recorded, or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds, or symbols, or any combination thereof. The terms include also, without limitation, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports, and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of meetings or communications, electronic mail/messages and/or email, texts, instant messaging, questionnaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, and all other data compilations from which information can be obtained, including, without limitation, thumb drives, external hard drives, electromagnetically sensitive storage media such as CDs, DVDs, memory sticks, floppy disks, hard disks, and magnetic tapes. The term "Document" also means every copy of a document where such copy is not an identical duplicate of the original.

2

I\15572241.1

## INSTRUCTIONS

1.    TZY seeks the production of the Documents set forth in the numbered Requests below that are in Your possession, custody, or control.

2.    In construing these Requests, You shall give effect to the Definitions set forth above. The Definitions apply whether or not the defined term is capitalized in the Request.

3.    Undefined words and terms should be given their common meaning. If You are unsure of the definition of a particular word or term that is not defined in the Definitions set forth above, You shall use the definition that You believe to be the most accurate and state that definition in Your response.

4.    Each Request for documents shall be construed independently and no Request shall be viewed as limiting the scope of any other Request.

5.    Where the context in the Requests makes it appropriate, each singular word shall include its plural and each plural word shall include its singular. The words "any," "and," and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery all responses that might otherwise be construed to be outside its scope. Each of the following words includes the meaning of every other word: "each," "every," "all," and "any." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

6.    In responding to these Requests, You shall furnish such information and documents in Your possession, custody, or control, including information that is in the possession, custody, or control of Your agents, investigators, consultants, and (subject to any otherwise applicable privileges) attorneys.

3

I\15572241.1

7.      Documents produced shall be numbered consecutively, with a prefix identifying the name of the producing entity. For each Document produced, indicate the custodian from whose custody or possession that Document was collected.

8.      Electronically stored information ("ESI") shall be produced in native form, with original metadata. Each production of ESI shall be accompanied by a metadata load file that contains links to the produced files via "Native Link" data values, as well as the original file name, and file path. Each native file shall be renamed with a Bates number and delivered sequentially without gaps. Any ESI that is not text-searchable in native form shall be rendered with OCR software to produce searchable text. Any hard copy documents scanned or otherwise converted to electronic form and produced in electronic form shall be produced as single page TIFF images with document-level (multi-page) searchable text (.TXT) files, rendered with OCR software. The source of the documents (e.g., hard copy, scanned documents) shall be identified. Load files for such productions shall include document breaks which indicate the start and stop of each Document, and sequential Bates numbering without gaps.

9.      If You object to any part of a Request, set forth the basis for Your objection and respond to all parts of the Request to which You do not object.

10.     Each Document requested herein must be produced in its entirety, regardless of whether You consider the entire Document to be relevant or responsive to these Requests. If You have redacted any portion of a Document, stamp the word "redacted" on each page of the Document that You have redacted. Privileged redactions must be included in a privilege log (per Instruction 11, below); non-privileged redactions must also be included in a log describing the basis for the redaction.

I\15572241.1

11.    If any Document is withheld from production, in whole or in part, based on a claim of privilege, provide a privilege log, which, at a minimum, shall specify, as to each Document:

    a.   Author(s);

    b.   Addressee(s) and recipient(s) of the Document, including Persons copied (cc'd) or blind-copied (bcc'd) on any transmittal of the Document;

    c.   Your basis for withholding the Document, including the specific nature of the Date of the Document and, if applicable, any transmittal(s);

    d.   The specific privilege or protection from disclosure asserted;

    e.   A description of the subject matter of the Document sufficient to allow Defendants and the Court to assess the applicability of the privilege or protection asserted;

    f.   The Bates page range or page length of the Document; and

    g.   The Request(s) to which the Document is responsive.

12.    If no document responsive to a Request exists, please state so in Your response.

13.    The relevant time period for these Requests is from January 1, 2017 through the date of these Requests, unless otherwise stated. Your answers shall include responsive documents created, sent, or received during that period. Defendants reserve the right to amend or revise the relevant time period if the Court orders discovery from a different time period or the parties agree to a different time period.

## EXHIBIT B: REQUESTS

**REQUEST NO. 1**     All Documents and Communications relating to the financial condition of Outdoor by Design, including but not limited to tax returns and financial statements dating back to January 1, 2017.

**RESPONSE:**

**REQUEST NO. 2**     All Documents and Communications relating to capital contributions, loans, donations, or other items of value provided by You to Outdoor by Design regardless of whether You expected to be compensated or not, including documents sufficient to reflect the amount and terms of those contributions, donations, or loans, any payments made on those loans, and the current repayment status.

**RESPONSE:**

**REQUEST NO. 3**     All Documents and Communication relating to the ownership of Outdoor by Design, including changes in ownership over time and the reasons therefor.

**RESPONSE:**

**REQUEST NO. 4**     All Documents and Communications relating to the Affiliated Entities, including any direct or indirect transfers of money or other items of value by, for, or between Outdoor by Design, including You or any of its other members, and any of the Affiliated Entities.

**RESPONSE:**

**REQUEST NO. 5**    All Documents and Communications relating to transfers from Outdoor by Design to You or any other member, or family member of any member, of Outdoor by Design.

**RESPONSE:**

**REQUEST NO. 6**    All Documents and Communications relating to any direct or indirect transfers of money or other items of value by, for, or between Outdoor by Design, including You or any of its other members, and its Bankruptcy Creditors.

**RESPONSE:**

I\15572241.1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

__Middle__ District of __Florida, Tampa Division__

In re __Outdoor By Design LLC__
### Debtor

*(Complete if issued in an adversary proceeding)*

_____
### Plaintiff
v.
_____
### Defendant

Case No. __8:20-bk-04253-CED__

Chapter __11__

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Teresa Mueller, 5770 Longwood Lane, Fitchburg, WI  53711
c/o Kevin J. Palmersheim, 1424 N. High Point Rd., Middleton, WI  53562

*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See attached Exhibits A and B

| PLACE Underwood Murray, P.A.,  (attn: Megan W. Murray) 100 N Tampa, Suite 2325, Tampa, FL 33602 or email mmurray@underwoodmurray.com | DATE AND TIME 5:00 p.m. on December 16, 2020 |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __11/25/2020__

CLERK OF COURT

OR

_____          /s/ Megan W. Murray
*Signature of Clerk or Deputy Clerk*          _____
                                                              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Taizhou Yuanda Investment Group Co., Ltd., et al.  ("TZY")          , who issues or requests this subpoena, are:

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

### PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

[x] I served the subpoena by delivering a copy to the named person as follows: <u>Teresa Mueller</u> _____

___<u>5770 Longwood Lane, Fitchburg, WI  53711</u>    - AND-    <u>c/o Kevin J. Palmersheim, 1424 N. High Point Rd., Middleton, WI  53562</u>

__<u>via Certified Mail</u>_____ on *(date)* <u>11/25/2020</u>_____ ; or

[ ] I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: <u>11/25/2020</u>_____

/s/ Megan W. Murray

_____
*Server's signature*

Megan W. Murray

_____
*Printed name and title*

Underwood Murray, P.A., 100  N. Tampa St., Suite 2325
Tampa, FL 33602
mmurray@underwoodmurray.com
_____
*Server's address*

Additional information concerning attempted service, etc.:

Case 8:20-bk-04253-CED   Doc 70   Filed 11/25/20   Page 154 of 278

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A: DEFINITIONS AND INSTRUCTIONS

## DEFINITIONS

1.      The terms "You" or "Your" mean Teresa Mueller, including Your employees, partners, subsidiaries, affiliates, agents, staff members, or representatives.

2.      The term "TZY" means, collectively, Taizhou Yuanda Investment Group Co., Ltd., Taizhou Yuanda Furniture Co., Ltd., and Taizhou Yuanda Travelling Articles Co., Ltd., including their members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, or successors.

3.      The term "Affiliated Entities" means, collectively, Z Outdoor Living, LLC ("Z Outdoor Living"); AFG, LLC; Casual Products of America, LLC ("Casual Products of America" or "CPA"); Alliant Furniture Group, LLC; AMG International, LLC ("AMG"); B-Cool Technologies, LLC; Outdoor Brands International, LLC; and Outdoor Innovations Group, LLC, including their members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, or successors.

4.      The term "Bankruptcy Creditors" means, collectively, any individual or entity listed as a creditor on Outdoor by Design's bankruptcy filings.

5.      The terms "concerning," "relating to," "related to," "referring or relating to," "relate to," or "refer to," "referencing," mean to address, comprise, consider, reflect, record, reference, memorialize, mention, describe, discuss, contradict, evaluate, consider, review, pertain to, summarize, or report on the subject matter of the Request or to have been created, generated, or maintained in connection with or as a result of the subject matter of the Request.

6.      The term "communication(s)" means any conveyance, disclosure, transfer, transmittal, or exchange of oral or written information (in the form of facts, ideas, inquiries, or otherwise) between or among one or more persons or entities.

7.      The terms "Document" and "Documents" include any written, printed, typed, photocopied, photographed, recorded, or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds, or symbols, or any combination thereof. The terms include also, without limitation, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports, and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of meetings or communications, electronic mail/messages and/or email, texts, instant messaging, questionnaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, and all other data compilations from which information can be obtained, including, without limitation, thumb drives, external hard drives, electromagnetically sensitive storage media such as CDs, DVDs, memory sticks, floppy disks, hard disks, and magnetic tapes. The term "Document" also means every copy of a document where such copy is not an identical duplicate of the original.

2

# INSTRUCTIONS

1.      TZY seeks the production of the Documents set forth in the numbered Requests below that are in Your possession, custody, or control.

2.      In construing these Requests, You shall give effect to the Definitions set forth above. The Definitions apply whether or not the defined term is capitalized in the Request.

3.      Undefined words and terms should be given their common meaning. If You are unsure of the definition of a particular word or term that is not defined in the Definitions set forth above, You shall use the definition that You believe to be the most accurate and state that definition in Your response.

4.      Each Request for documents shall be construed independently and no Request shall be viewed as limiting the scope of any other Request.

5.      Where the context in the Requests makes it appropriate, each singular word shall include its plural and each plural word shall include its singular. The words "any," "and," and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery all responses that might otherwise be construed to be outside its scope. Each of the following words includes the meaning of every other word: "each," "every," "all," and "any." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

6.      In responding to these Requests, You shall furnish such information and documents in Your possession, custody, or control, including information that is in the possession, custody, or control of Your agents, investigators, consultants, and (subject to any otherwise applicable privileges) attorneys.

3

7.      Documents produced shall be numbered consecutively, with a prefix identifying the name of the producing entity. For each Document produced, indicate the custodian from whose custody or possession that Document was collected.

8.      Electronically stored information ("ESI") shall be produced in native form, with original metadata. Each production of ESI shall be accompanied by a metadata load file that contains links to the produced files via "Native Link" data values, as well as the original file name, and file path. Each native file shall be renamed with a Bates number and delivered sequentially without gaps. Any ESI that is not text-searchable in native form shall be rendered with OCR software to produce searchable text. Any hard copy documents scanned or otherwise converted to electronic form and produced in electronic form shall be produced as single page TIFF images with document-level (multi-page) searchable text (.TXT) files, rendered with OCR software. The source of the documents (e.g., hard copy, scanned documents) shall be identified. Load files for such productions shall include document breaks which indicate the start and stop of each Document, and sequential Bates numbering without gaps.

9.      If You object to any part of a Request, set forth the basis for Your objection and respond to all parts of the Request to which You do not object.

10.      Each Document requested herein must be produced in its entirety, regardless of whether You consider the entire Document to be relevant or responsive to these Requests. If You have redacted any portion of a Document, stamp the word "redacted" on each page of the Document that You have redacted. Privileged redactions must be included in a privilege log (per Instruction 11, below); non-privileged redactions must also be included in a log describing the basis for the redaction.

4

11.     If any Document is withheld from production, in whole or in part, based on a claim of privilege, provide a privilege log, which, at a minimum, shall specify, as to each Document:

    a.   Author(s);

    b.   Addressee(s) and recipient(s) of the Document, including Persons copied (cc'd) or blind-copied (bcc'd) on any transmittal of the Document;

    c.   Your basis for withholding the Document, including the specific nature of the Date of the Document and, if applicable, any transmittal(s);

    d.   The specific privilege or protection from disclosure asserted;

    e.   A description of the subject matter of the Document sufficient to allow Defendants and the Court to assess the applicability of the privilege or protection asserted;

    f.   The Bates page range or page length of the Document; and

    g.   The Request(s) to which the Document is responsive.

12.     If no document responsive to a Request exists, please state so in Your response.

13.     The relevant time period for these Requests is from January 1, 2017 through the date of these Requests, unless otherwise stated. Your answers shall include responsive documents created, sent, or received during that period. Defendants reserve the right to amend or revise the relevant time period if the Court orders discovery from a different time period or the parties agree to a different time period.

I\15572241.1

## **EXHIBIT B: REQUESTS**

**REQUEST NO. 1**    All Documents and Communications relating to the financial condition of Outdoor by Design, including but not limited to tax returns and financial statements dating back to January 1, 2017.

**RESPONSE:**

**REQUEST NO. 2**    All Documents and Communications relating to capital contributions, loans, donations, or other items of value provided by You to Outdoor by Design regardless of whether You expected to be compensated or not, including documents sufficient to reflect the amount and terms of those contributions, donations, or loans, any payments made on those loans, and the current repayment status.

**RESPONSE:**

**REQUEST NO. 3**    All Documents and Communication relating to the ownership of Outdoor by Design, including changes in ownership over time and the reasons therefor.

**RESPONSE:**

**REQUEST NO. 4**    All Documents and Communications relating to the Affiliated Entities, including any direct or indirect transfers of money or other items of value by, for, or between Outdoor by Design, including You or any of its other members, and any of the Affiliated Entities.

**RESPONSE:**

I\15572241.1

**REQUEST NO. 5**    All Documents and Communications relating to transfers from Outdoor by Design to You or any other member, or family member of any member, of Outdoor by Design.

**RESPONSE:**

**REQUEST NO. 6**    All Documents and Communications relating to any direct or indirect transfers of money or other items of value by, for, or between Outdoor by Design, including You or any of its other members, and its Bankruptcy Creditors.

**RESPONSE:**

I\15572241.1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Middle _____  District of  _____ Florida, Tampa Division _____

In re  Outdoor By Design LLC
_____
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff

v.

_____
Defendant

Case No.  8:20-bk-04253-CED

Chapter  11

Adv. Proc. No.  _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Jason Farley, 6 Payson Court, Madison, WI  53719-4719
c/o Kevin J. Palmersheim, 1424 N. High Point Rd., Middleton, WI  53562

*(Name of person to whom the subpoena is directed)*

[X] *Production*:  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See attached Exhibits A and B

| PLACE | DATE AND TIME |
|---|---|
| Underwood Murray, P.A.,  (attn: Megan W. Murray)<br>100 N Tampa, Suite 2325, Tampa, FL 33602<br>or email mmurray@underwoodmurray.com | 5:00 p.m. on Dember 16, 2020 |

[ ] *Inspection of Premises*:  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  11/25/2020
_____

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

/s/ Megan W. Murray
_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*  Taizhou Yuanda Investment Group Co., Ltd., et al.  ("TZY") _____ ,  who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

[x] I served the subpoena by delivering a copy to the named person as follows: __Jason Farley_____

___6 Payson Court, Madison, WI  53719-4719    - AND-    c/o Kevin J. Palmersheim, 1424 N. High Point Rd., Middleton, WI  53562

_____via Certified Mail_____ on *(date)* __11/25/2020_____ ; or

[ ] I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


 I declare under penalty of perjury that this information is true and correct.

Date: __11/25/2020_____                    /s/ Megan W. Murray

                                     _____
                                                *Server's signature*

                                       Megan W. Murray
                                     _____
                                                *Printed name and title*
                                       Underwood Murray, P.A., 100  N. Tampa St., Suite 2325
                                       Tampa, FL 33602
                                     __mmurray@underwoodmurray.com_____
                                                *Server's address*


Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A: DEFINITIONS AND INSTRUCTIONS

## DEFINITIONS

1.     The terms "You" or "Your" mean Jason Farley, including Your employees, partners, subsidiaries, affiliates, agents, staff members, or representatives.

2.     The term "TZY" means, collectively, Taizhou Yuanda Investment Group Co., Ltd., Taizhou Yuanda Furniture Co., Ltd., and Taizhou Yuanda Travelling Articles Co., Ltd., including their members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, or successors.

3.     The term "Affiliated Entities" means, collectively, Z Outdoor Living, LLC ("Z Outdoor Living"); AFG, LLC; Casual Products of America, LLC ("Casual Products of America" or "CPA"); Alliant Furniture Group, LLC; AMG International, LLC ("AMG"); B-Cool Technologies, LLC; Outdoor Brands International, LLC; and Outdoor Innovations Group, LLC, including their members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, or successors.

4.     The term "Bankruptcy Creditors" means, collectively, any individual or entity listed as a creditor on Outdoor by Design's bankruptcy filings.

5.     The terms "concerning," "relating to," "related to," "referring or relating to," "relate to," or "refer to," "referencing," mean to address, comprise, consider, reflect, record, reference, memorialize, mention, describe, discuss, contradict, evaluate, consider, review, pertain to, summarize, or report on the subject matter of the Request or to have been created, generated, or maintained in connection with or as a result of the subject matter of the Request.

6.     The term "communication(s)" means any conveyance, disclosure, transfer, transmittal, or exchange of oral or written information (in the form of facts, ideas, inquiries, or otherwise) between or among one or more persons or entities.

7.     The terms "Document" and "Documents" include any written, printed, typed, photocopied, photographed, recorded, or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds, or symbols, or any combination thereof. The terms include also, without limitation, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports, and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of meetings or communications, electronic mail/messages and/or email, texts, instant messaging, questionnaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, and all other data compilations from which information can be obtained, including, without limitation, thumb drives, external hard drives, electromagnetically sensitive storage media such as CDs, DVDs, memory sticks, floppy disks, hard disks, and magnetic tapes. The term "Document" also means every copy of a document where such copy is not an identical duplicate of the original.

I\15572241.1

## INSTRUCTIONS

1.      TZY seeks the production of the Documents set forth in the numbered Requests below that are in Your possession, custody, or control.

2.      In construing these Requests, You shall give effect to the Definitions set forth above. The Definitions apply whether or not the defined term is capitalized in the Request.

3.      Undefined words and terms should be given their common meaning. If You are unsure of the definition of a particular word or term that is not defined in the Definitions set forth above, You shall use the definition that You believe to be the most accurate and state that definition in Your response.

4.      Each Request for documents shall be construed independently and no Request shall be viewed as limiting the scope of any other Request.

5.      Where the context in the Requests makes it appropriate, each singular word shall include its plural and each plural word shall include its singular. The words "any," "and," and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery all responses that might otherwise be construed to be outside its scope. Each of the following words includes the meaning of every other word: "each," "every," "all," and "any." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

6.      In responding to these Requests, You shall furnish such information and documents in Your possession, custody, or control, including information that is in the possession, custody, or control of Your agents, investigators, consultants, and (subject to any otherwise applicable privileges) attorneys.

3

I\15572241.1

7.      Documents produced shall be numbered consecutively, with a prefix identifying the name of the producing entity. For each Document produced, indicate the custodian from whose custody or possession that Document was collected.

8.      Electronically stored information ("ESI") shall be produced in native form, with original metadata. Each production of ESI shall be accompanied by a metadata load file that contains links to the produced files via "Native Link" data values, as well as the original file name, and file path. Each native file shall be renamed with a Bates number and delivered sequentially without gaps. Any ESI that is not text-searchable in native form shall be rendered with OCR software to produce searchable text. Any hard copy documents scanned or otherwise converted to electronic form and produced in electronic form shall be produced as single page TIFF images with document-level (multi-page) searchable text (.TXT) files, rendered with OCR software. The source of the documents (e.g., hard copy, scanned documents) shall be identified. Load files for such productions shall include document breaks which indicate the start and stop of each Document, and sequential Bates numbering without gaps.

9.      If You object to any part of a Request, set forth the basis for Your objection and respond to all parts of the Request to which You do not object.

10.      Each Document requested herein must be produced in its entirety, regardless of whether You consider the entire Document to be relevant or responsive to these Requests. If You have redacted any portion of a Document, stamp the word "redacted" on each page of the Document that You have redacted. Privileged redactions must be included in a privilege log (per Instruction 11, below); non-privileged redactions must also be included in a log describing the basis for the redaction.

I\15572241.1

11.     If any Document is withheld from production, in whole or in part, based on a claim of privilege, provide a privilege log, which, at a minimum, shall specify, as to each Document:

   a.   Author(s);

   b.   Addressee(s) and recipient(s) of the Document, including Persons copied (cc'd) or blind-copied (bcc'd) on any transmittal of the Document;

   c.   Your basis for withholding the Document, including the specific nature of the Date of the Document and, if applicable, any transmittal(s);

   d.   The specific privilege or protection from disclosure asserted;

   e.   A description of the subject matter of the Document sufficient to allow Defendants and the Court to assess the applicability of the privilege or protection asserted;

   f.   The Bates page range or page length of the Document; and

   g.   The Request(s) to which the Document is responsive.

12.     If no document responsive to a Request exists, please state so in Your response.

13.     The relevant time period for these Requests is from January 1, 2017 through the date of these Requests, unless otherwise stated. Your answers shall include responsive documents created, sent, or received during that period. Defendants reserve the right to amend or revise the relevant time period if the Court orders discovery from a different time period or the parties agree to a different time period.

I\15572241.1

## **EXHIBIT B: REQUESTS**

**REQUEST NO. 1**    All Documents and Communications relating to the financial condition of Outdoor by Design, including but not limited to tax returns and financial statements dating back to January 1, 2017.

**RESPONSE:**

**REQUEST NO. 2**    All Documents and Communications relating to capital contributions, loans, donations, or other items of value provided by You to Outdoor by Design regardless of whether You expected to be compensated or not, including documents sufficient to reflect the amount and terms of those contributions, donations, or loans, any payments made on those loans, and the current repayment status.

**RESPONSE:**

**REQUEST NO. 3**    All Documents and Communication relating to the ownership of Outdoor by Design, including changes in ownership over time and the reasons therefor.

**RESPONSE:**

**REQUEST NO. 4**    All Documents and Communications relating to the Affiliated Entities, including any direct or indirect transfers of money or other items of value by, for, or between Outdoor by Design, including You or any of its other members, and any of the Affiliated Entities.

**RESPONSE:**

I\15572241.1

**REQUEST NO. 5**    All Documents and Communications relating to transfers from Outdoor by Design to You or any other member, or family member of any member, of Outdoor by Design.

**RESPONSE:**

**REQUEST NO. 6**    All Documents and Communications relating to any direct or indirect transfers of money or other items of value by, for, or between Outdoor by Design, including You or any of its other members, and its Bankruptcy Creditors.

**RESPONSE:**

I\15572241.1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Middle _____ District of _____ Florida, Tampa Division _____

In re __Outdoor By Design LLC_____

Debtor

*(Complete if issued in an adversary proceeding)*

_____

Plaintiff

v.

_____

Defendant

Case No. __8:20-bk-04253-CED_____

Chapter __11_____

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Kendra Farley, 6 Payson Court, Madison, WI  53719-4719
c/o Kevin J. Palmersheim, 1424 N. High Point Rd., Middleton, WI  53562

*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See attached Exhibits A and B

| PLACE Underwood Murray, P.A.,  (attn: Megan W. Murray) 100 N Tampa, Suite 2325, Tampa, FL 33602 or email mmurray@underwoodmurray.com | DATE AND TIME 5:00 p.m. on December 16, 2020 |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __11/25/2020_____

CLERK OF COURT

OR

_____          /s/ Megan W. Murray

*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*  Taizhou Yuanda Investment  Group Co., Ltd., et al.  ("TZY")_____  , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

[x] I served the subpoena by delivering a copy to the named person as follows:  __Kendra Farley_____

__6 Payson Court, Madison, WI  53719-4719   - AND-   c/o Kevin J. Palmersheim, 1424 N. High Point Rd., Middleton, WI  53562

__via Certified Mail_____ on *(date)* _____ ; or

[ ] I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


    I declare under penalty of perjury that this information is true and correct.

Date:  _____
       11/25/2020

                                        /s/ Megan W. Murray
                                        _____
                                                    *Server's signature*

                                        Megan W. Murray
                                        _____
                                                    *Printed name and title*

                                        Underwood Murray, P.A., 100  N. Tampa St., Suite 2325
                                        Tampa, FL 33602
                                        mmurray@underwoodmurray.com
                                        _____
                                                    *Server's address*


Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A: DEFINITIONS AND INSTRUCTIONS

## DEFINITIONS

1.      The terms "You" or "Your" mean Kendra Farley, including Your employees, partners, subsidiaries, affiliates, agents, staff members, or representatives.

2.      The term "TZY" means, collectively, Taizhou Yuanda Investment Group Co., Ltd., Taizhou Yuanda Furniture Co., Ltd., and Taizhou Yuanda Travelling Articles Co., Ltd., including their members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, or successors.

3.      The term "Affiliated Entities" means, collectively, Z Outdoor Living, LLC ("Z Outdoor Living"); AFG, LLC; Casual Products of America, LLC ("Casual Products of America" or "CPA"); Alliant Furniture Group, LLC; AMG International, LLC ("AMG"); B-Cool Technologies, LLC; Outdoor Brands International, LLC; and Outdoor Innovations Group, LLC, including their members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, or successors.

4.      The term "Bankruptcy Creditors" means, collectively, any individual or entity listed as a creditor on Outdoor by Design's bankruptcy filings.

5.      The terms "concerning," "relating to," "related to," "referring or relating to," "relate to," or "refer to," "referencing," mean to address, comprise, consider, reflect, record, reference, memorialize, mention, describe, discuss, contradict, evaluate, consider, review, pertain to, summarize, or report on the subject matter of the Request or to have been created, generated, or maintained in connection with or as a result of the subject matter of the Request.

6.      The term "communication(s)" means any conveyance, disclosure, transfer, transmittal, or exchange of oral or written information (in the form of facts, ideas, inquiries, or otherwise) between or among one or more persons or entities.

7.      The terms "Document" and "Documents" include any written, printed, typed, photocopied, photographed, recorded, or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds, or symbols, or any combination thereof. The terms include also, without limitation, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports, and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of meetings or communications, electronic mail/messages and/or email, texts, instant messaging, questionnaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, and all other data compilations from which information can be obtained, including, without limitation, thumb drives, external hard drives, electromagnetically sensitive storage media such as CDs, DVDs, memory sticks, floppy disks, hard disks, and magnetic tapes. The term "Document" also means every copy of a document where such copy is not an identical duplicate of the original.

2

I\15572241.1

## INSTRUCTIONS

1.      TZY seeks the production of the Documents set forth in the numbered Requests below that are in Your possession, custody, or control.

2.      In construing these Requests, You shall give effect to the Definitions set forth above. The Definitions apply whether or not the defined term is capitalized in the Request.

3.      Undefined words and terms should be given their common meaning. If You are unsure of the definition of a particular word or term that is not defined in the Definitions set forth above, You shall use the definition that You believe to be the most accurate and state that definition in Your response.

4.      Each Request for documents shall be construed independently and no Request shall be viewed as limiting the scope of any other Request.

5.      Where the context in the Requests makes it appropriate, each singular word shall include its plural and each plural word shall include its singular. The words "any," "and," and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery all responses that might otherwise be construed to be outside its scope. Each of the following words includes the meaning of every other word: "each," "every," "all," and "any." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

6.      In responding to these Requests, You shall furnish such information and documents in Your possession, custody, or control, including information that is in the possession, custody, or control of Your agents, investigators, consultants, and (subject to any otherwise applicable privileges) attorneys.

3

7.      Documents produced shall be numbered consecutively, with a prefix identifying the name of the producing entity. For each Document produced, indicate the custodian from whose custody or possession that Document was collected.

8.      Electronically stored information ("ESI") shall be produced in native form, with original metadata. Each production of ESI shall be accompanied by a metadata load file that contains links to the produced files via "Native Link" data values, as well as the original file name, and file path. Each native file shall be renamed with a Bates number and delivered sequentially without gaps. Any ESI that is not text-searchable in native form shall be rendered with OCR software to produce searchable text. Any hard copy documents scanned or otherwise converted to electronic form and produced in electronic form shall be produced as single page TIFF images with document-level (multi-page) searchable text (.TXT) files, rendered with OCR software. The source of the documents (e.g., hard copy, scanned documents) shall be identified. Load files for such productions shall include document breaks which indicate the start and stop of each Document, and sequential Bates numbering without gaps.

9.      If You object to any part of a Request, set forth the basis for Your objection and respond to all parts of the Request to which You do not object.

10.     Each Document requested herein must be produced in its entirety, regardless of whether You consider the entire Document to be relevant or responsive to these Requests. If You have redacted any portion of a Document, stamp the word "redacted" on each page of the Document that You have redacted. Privileged redactions must be included in a privilege log (per Instruction 11, below); non-privileged redactions must also be included in a log describing the basis for the redaction.

11.      If any Document is withheld from production, in whole or in part, based on a claim of privilege, provide a privilege log, which, at a minimum, shall specify, as to each Document:

 a.   Author(s);

 b.   Addressee(s) and recipient(s) of the Document, including Persons copied (cc'd) or blind-copied (bcc'd) on any transmittal of the Document;

 c.   Your basis for withholding the Document, including the specific nature of the Date of the Document and, if applicable, any transmittal(s);

 d.   The specific privilege or protection from disclosure asserted;

 e.   A description of the subject matter of the Document sufficient to allow Defendants and the Court to assess the applicability of the privilege or protection asserted;

 f.   The Bates page range or page length of the Document; and

 g.   The Request(s) to which the Document is responsive.

12.      If no document responsive to a Request exists, please state so in Your response.

13.      The relevant time period for these Requests is from January 1, 2017 through the date of these Requests, unless otherwise stated. Your answers shall include responsive documents created, sent, or received during that period. Defendants reserve the right to amend or revise the relevant time period if the Court orders discovery from a different time period or the parties agree to a different time period.

**EXHIBIT B: REQUESTS**

**REQUEST NO. 1**   All Documents and Communications relating to the financial condition of Outdoor by Design, including but not limited to tax returns and financial statements dating back to January 1, 2017.

**RESPONSE:**

**REQUEST NO. 2**   All Documents and Communications relating to capital contributions, loans, donations, or other items of value provided by You to Outdoor by Design regardless of whether You expected to be compensated or not, including documents sufficient to reflect the amount and terms of those contributions, donations, or loans, any payments made on those loans, and the current repayment status.

**RESPONSE:**

**REQUEST NO. 3**   All Documents and Communication relating to the ownership of Outdoor by Design, including changes in ownership over time and the reasons therefor.

**RESPONSE:**

**REQUEST NO. 4**   All Documents and Communications relating to the Affiliated Entities, including any direct or indirect transfers of money or other items of value by, for, or between Outdoor by Design, including You or any of its other members, and any of the Affiliated Entities.

**RESPONSE:**

I\15572241.1

**REQUEST NO. 5**    All Documents and Communications relating to transfers from Outdoor by Design to You or any other member, or family member of any member, of Outdoor by Design.

**RESPONSE:**

**REQUEST NO. 6**    All Documents and Communications relating to any direct or indirect transfers of money or other items of value by, for, or between Outdoor by Design, including You or any of its other members, and its Bankruptcy Creditors.

**RESPONSE:**

I\15572241.1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____Middle_____ District of ___Florida, Tampa Division___

In re ___Outdoor By Design LLC___
### Debtor

*(Complete if issued in an adversary proceeding)*

_____
### Plaintiff
### v.
_____
### Defendant

Case No. ___8:20-bk-04253-CED___

Chapter __11__

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Nancy Hill, 2876 Deer Creek Run, Sun Prairie, WI  53590
c/o Kevin J. Palmersheim, 1424 N. High Point Rd., Middleton, WI  53562

*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See attached Exhibits A and B

| PLACE   Underwood Murray, P.A.,  (attn: Megan W. Murray) 100 N Tampa, Suite 2325, Tampa, FL 33602 or email mmurray@underwoodmurray.com | DATE AND TIME 5:00 p.m. on December 16, 2020 |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ___11/25/2020___

### CLERK OF COURT

OR

_____     /s/ Megan W. Murray
*Signature of Clerk or Deputy Clerk*          _____
                                              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*   Taizhou Yuanda Investment Group Co., Ltd., et al.  ("TZY")_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

[x] I served the subpoena by delivering a copy to the named person as follows:  __Nancy Hill_____

___2876 Deer Creek Run, Sun Prairie, WI  53590__ - AND-  ___c/o Kevin J. Palmersheim, 1424 N. High Point Rd., Middleton, WI  53562

___via Certified Mail_____ on *(date)* __11/25/2020_____ ; or

[ ] I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

       I declare under penalty of perjury that this information is true and correct.

Date: __11/25/2020_____

                                        /s/ Megan W. Murray
                                        _____
                                               *Server's signature*

                                         Megan W. Murray
                                        _____
                                               *Printed name and title*
                                        Underwood Murray, P.A., 100  N. Tampa St., Suite 2325
                                        Tampa, FL 33602
                                        mmurray@underwoodmurray.com
                                        _____
                                               *Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A: DEFINITIONS AND INSTRUCTIONS

## DEFINITIONS

1.      The terms "You" or "Your" mean Nancy Hill, including Your employees, partners, subsidiaries, affiliates, agents, staff members, or representatives.

2.      The term "TZY" means, collectively, Taizhou Yuanda Investment Group Co., Ltd., Taizhou Yuanda Furniture Co., Ltd., and Taizhou Yuanda Travelling Articles Co., Ltd., including their members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, or successors.

3.      The term "Affiliated Entities" means, collectively, Z Outdoor Living, LLC ("Z Outdoor Living"); AFG, LLC; Casual Products of America, LLC ("Casual Products of America" or "CPA"); Alliant Furniture Group, LLC; AMG International, LLC ("AMG"); B-Cool Technologies, LLC; Outdoor Brands International, LLC; and Outdoor Innovations Group, LLC, including their members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, or successors.

4.      The term "Bankruptcy Creditors" means, collectively, any individual or entity listed as a creditor on Outdoor by Design's bankruptcy filings.

5.      The terms "concerning," "relating to," "related to," "referring or relating to," "relate to," or "refer to," "referencing," mean to address, comprise, consider, reflect, record, reference, memorialize, mention, describe, discuss, contradict, evaluate, consider, review, pertain to, summarize, or report on the subject matter of the Request or to have been created, generated, or maintained in connection with or as a result of the subject matter of the Request.

I\15572241.1

6.    The term "communication(s)" means any conveyance, disclosure, transfer, transmittal, or exchange of oral or written information (in the form of facts, ideas, inquiries, or otherwise) between or among one or more persons or entities.

7.    The terms "Document" and "Documents" include any written, printed, typed, photocopied, photographed, recorded, or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds, or symbols, or any combination thereof. The terms include also, without limitation, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports, and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of meetings or communications, electronic mail/messages and/or email, texts, instant messaging, questionnaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, and all other data compilations from which information can be obtained, including, without limitation, thumb drives, external hard drives, electromagnetically sensitive storage media such as CDs, DVDs, memory sticks, floppy disks, hard disks, and magnetic tapes. The term "Document" also means every copy of a document where such copy is not an identical duplicate of the original.

I\15572241.1

## INSTRUCTIONS

1.      TZY seeks the production of the Documents set forth in the numbered Requests below that are in Your possession, custody, or control.

2.      In construing these Requests, You shall give effect to the Definitions set forth above. The Definitions apply whether or not the defined term is capitalized in the Request.

3.      Undefined words and terms should be given their common meaning. If You are unsure of the definition of a particular word or term that is not defined in the Definitions set forth above, You shall use the definition that You believe to be the most accurate and state that definition in Your response.

4.      Each Request for documents shall be construed independently and no Request shall be viewed as limiting the scope of any other Request.

5.      Where the context in the Requests makes it appropriate, each singular word shall include its plural and each plural word shall include its singular. The words "any," "and," and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery all responses that might otherwise be construed to be outside its scope. Each of the following words includes the meaning of every other word: "each," "every," "all," and "any." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

6.      In responding to these Requests, You shall furnish such information and documents in Your possession, custody, or control, including information that is in the possession, custody, or control of Your agents, investigators, consultants, and (subject to any otherwise applicable privileges) attorneys.

3

7.      Documents produced shall be numbered consecutively, with a prefix identifying the name of the producing entity. For each Document produced, indicate the custodian from whose custody or possession that Document was collected.

8.      Electronically stored information ("ESI") shall be produced in native form, with original metadata. Each production of ESI shall be accompanied by a metadata load file that contains links to the produced files via "Native Link" data values, as well as the original file name, and file path. Each native file shall be renamed with a Bates number and delivered sequentially without gaps. Any ESI that is not text-searchable in native form shall be rendered with OCR software to produce searchable text. Any hard copy documents scanned or otherwise converted to electronic form and produced in electronic form shall be produced as single page TIFF images with document-level (multi-page) searchable text (.TXT) files, rendered with OCR software. The source of the documents (e.g., hard copy, scanned documents) shall be identified. Load files for such productions shall include document breaks which indicate the start and stop of each Document, and sequential Bates numbering without gaps.

9.      If You object to any part of a Request, set forth the basis for Your objection and respond to all parts of the Request to which You do not object.

10.      Each Document requested herein must be produced in its entirety, regardless of whether You consider the entire Document to be relevant or responsive to these Requests. If You have redacted any portion of a Document, stamp the word "redacted" on each page of the Document that You have redacted. Privileged redactions must be included in a privilege log (per Instruction 11, below); non-privileged redactions must also be included in a log describing the basis for the redaction.

I\15572241.1

11.     If any Document is withheld from production, in whole or in part, based on a claim of privilege, provide a privilege log, which, at a minimum, shall specify, as to each Document:

    a.   Author(s);

    b.   Addressee(s) and recipient(s) of the Document, including Persons copied (cc'd) or blind-copied (bcc'd) on any transmittal of the Document;

    c.   Your basis for withholding the Document, including the specific nature of the Date of the Document and, if applicable, any transmittal(s);

    d.   The specific privilege or protection from disclosure asserted;

    e.   A description of the subject matter of the Document sufficient to allow Defendants and the Court to assess the applicability of the privilege or protection asserted;

    f.   The Bates page range or page length of the Document; and

    g.   The Request(s) to which the Document is responsive.

12.     If no document responsive to a Request exists, please state so in Your response.

13.     The relevant time period for these Requests is from January 1, 2017 through the date of these Requests, unless otherwise stated. Your answers shall include responsive documents created, sent, or received during that period. Defendants reserve the right to amend or revise the relevant time period if the Court orders discovery from a different time period or the parties agree to a different time period.

I\15572241.1

## EXHIBIT B: REQUESTS

**REQUEST NO. 1**    All Documents and Communications relating to the financial condition of Outdoor by Design, including but not limited to tax returns and financial statements dating back to January 1, 2017.

**RESPONSE:**

**REQUEST NO. 2**    All Documents and Communications relating to capital contributions, loans, donations, or other items of value provided by You to Outdoor by Design regardless of whether You expected to be compensated or not, including documents sufficient to reflect the amount and terms of those contributions, donations, or loans, any payments made on those loans, and the current repayment status.

**RESPONSE:**

**REQUEST NO. 3**    All Documents and Communication relating to the ownership of Outdoor by Design, including changes in ownership over time and the reasons therefor.

**RESPONSE:**

**REQUEST NO. 4**    All Documents and Communications relating to the Affiliated Entities, including any direct or indirect transfers of money or other items of value by, for, or between Outdoor by Design, including You or any of its other members, and any of the Affiliated Entities.

**RESPONSE:**

I\15572241.1

**REQUEST NO. 5**    All Documents and Communications relating to transfers from Outdoor by Design to You or any other member, or family member of any member, of Outdoor by Design.

**RESPONSE:**

**REQUEST NO. 6**    All Documents and Communications relating to any direct or indirect transfers of money or other items of value by, for, or between Outdoor by Design, including You or any of its other members, and its Bankruptcy Creditors.

**RESPONSE:**

I\15572241.1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____Middle_____ District of ___Florida, Tampa Division___

In re ___Outdoor By Design LLC___
Debtor

(Complete if issued in an adversary proceeding)

Case No. ___8:20-bk-04253-CED___

Chapter __11__

_____
Plaintiff

v.

_____
Defendant

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Peter Hill, 2876 Deer Creek Run, Sun Prairie, WI  53590
c/o Kevin J. Palmersheim, 1424 N. High Point Rd., Middleton, WI  53562

(Name of person to whom the subpoena is directed)

[X] _Production_: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See attached Exhibits A and B

| PLACE | DATE AND TIME |
|---|---|
| Underwood Murray, P.A.,  (attn: Megan W. Murray) 100 N Tampa, Suite 2325, Tampa, FL 33602 or email mmurray@underwoodmurray.com | 5:00 p.m. on December 16, 2020 |

[ ] _Inspection of Premises_: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __11/25/2020__

CLERK OF COURT

OR

_____            /s/ Megan W. Murray
_Signature of Clerk or Deputy Clerk_            _Attorney's signature_

The name, address, email address, and telephone number of the attorney representing _(name of party)_ Taizhou Yuanda Investment Group Co., Ltd., et al.  ("TZY")          , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

[x] I served the subpoena by delivering a copy to the named person as follows:  __Peter Hill_____

____2876 Deer Creek Run, Sun Prairie, WI  53590    - AND-    c/o Kevin J. Palmersheim, 1424 N. High Point Rd., Middleton, WI  53562

_____via Certified Mail_____ on *(date)* ____11/25/2020_____ ; or

[ ] I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: ____11/25/2020_____

/s/ Megan W. Murray

_____
*Server's signature*

Megan W. Murray

_____
*Printed name and title*

Underwood Murray, P.A., 100  N. Tampa St., Suite 2325
Tampa, FL 33602
mmurray@underwoodmurray.com

*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A: DEFINITIONS AND INSTRUCTIONS

## DEFINITIONS

1.      The terms "You" or "Your" mean Peter Hill, including Your employees, partners, subsidiaries, affiliates, agents, staff members, or representatives.

2.      The term "TZY" means, collectively, Taizhou Yuanda Investment Group Co., Ltd., Taizhou Yuanda Furniture Co., Ltd., and Taizhou Yuanda Travelling Articles Co., Ltd., including their members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, or successors.

3.      The term "Affiliated Entities" means, collectively, Z Outdoor Living, LLC ("Z Outdoor Living"); AFG, LLC; Casual Products of America, LLC ("Casual Products of America" or "CPA"); Alliant Furniture Group, LLC; AMG International, LLC ("AMG"); B-Cool Technologies, LLC; Outdoor Brands International, LLC; and Outdoor Innovations Group, LLC, including their members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, or successors.

4.      The term "Bankruptcy Creditors" means, collectively, any individual or entity listed as a creditor on Outdoor by Design's bankruptcy filings.

5.      The terms "concerning," "relating to," "related to," "referring or relating to," "relate to," or "refer to," "referencing," mean to address, comprise, consider, reflect, record, reference, memorialize, mention, describe, discuss, contradict, evaluate, consider, review, pertain to, summarize, or report on the subject matter of the Request or to have been created, generated, or maintained in connection with or as a result of the subject matter of the Request.

I\15572241.1

6.    The term "communication(s)" means any conveyance, disclosure, transfer, transmittal, or exchange of oral or written information (in the form of facts, ideas, inquiries, or otherwise) between or among one or more persons or entities.

7.    The terms "Document" and "Documents" include any written, printed, typed, photocopied, photographed, recorded, or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds, or symbols, or any combination thereof. The terms include also, without limitation, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports, and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of meetings or communications, electronic mail/messages and/or email, texts, instant messaging, questionnaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, and all other data compilations from which information can be obtained, including, without limitation, thumb drives, external hard drives, electromagnetically sensitive storage media such as CDs, DVDs, memory sticks, floppy disks, hard disks, and magnetic tapes. The term "Document" also means every copy of a document where such copy is not an identical duplicate of the original.

I\15572241.1

## INSTRUCTIONS

1.      TZY seeks the production of the Documents set forth in the numbered Requests below that are in Your possession, custody, or control.

2.      In construing these Requests, You shall give effect to the Definitions set forth above. The Definitions apply whether or not the defined term is capitalized in the Request.

3.      Undefined words and terms should be given their common meaning. If You are unsure of the definition of a particular word or term that is not defined in the Definitions set forth above, You shall use the definition that You believe to be the most accurate and state that definition in Your response.

4.      Each Request for documents shall be construed independently and no Request shall be viewed as limiting the scope of any other Request.

5.      Where the context in the Requests makes it appropriate, each singular word shall include its plural and each plural word shall include its singular. The words "any," "and," and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery all responses that might otherwise be construed to be outside its scope. Each of the following words includes the meaning of every other word: "each," "every," "all," and "any." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

6.      In responding to these Requests, You shall furnish such information and documents in Your possession, custody, or control, including information that is in the possession, custody, or control of Your agents, investigators, consultants, and (subject to any otherwise applicable privileges) attorneys.

3

7.      Documents produced shall be numbered consecutively, with a prefix identifying the name of the producing entity. For each Document produced, indicate the custodian from whose custody or possession that Document was collected.

8.      Electronically stored information ("ESI") shall be produced in native form, with original metadata. Each production of ESI shall be accompanied by a metadata load file that contains links to the produced files via "Native Link" data values, as well as the original file name, and file path. Each native file shall be renamed with a Bates number and delivered sequentially without gaps. Any ESI that is not text-searchable in native form shall be rendered with OCR software to produce searchable text. Any hard copy documents scanned or otherwise converted to electronic form and produced in electronic form shall be produced as single page TIFF images with document-level (multi-page) searchable text (.TXT) files, rendered with OCR software. The source of the documents (e.g., hard copy, scanned documents) shall be identified. Load files for such productions shall include document breaks which indicate the start and stop of each Document, and sequential Bates numbering without gaps.

9.      If You object to any part of a Request, set forth the basis for Your objection and respond to all parts of the Request to which You do not object.

10.     Each Document requested herein must be produced in its entirety, regardless of whether You consider the entire Document to be relevant or responsive to these Requests. If You have redacted any portion of a Document, stamp the word "redacted" on each page of the Document that You have redacted. Privileged redactions must be included in a privilege log (per Instruction 11, below); non-privileged redactions must also be included in a log describing the basis for the redaction.

4

11.     If any Document is withheld from production, in whole or in part, based on a claim of privilege, provide a privilege log, which, at a minimum, shall specify, as to each Document:

  a.  Author(s);

  b.  Addressee(s) and recipient(s) of the Document, including Persons copied (cc'd) or blind-copied (bcc'd) on any transmittal of the Document;

  c.  Your basis for withholding the Document, including the specific nature of the Date of the Document and, if applicable, any transmittal(s);

  d.  The specific privilege or protection from disclosure asserted;

  e.  A description of the subject matter of the Document sufficient to allow Defendants and the Court to assess the applicability of the privilege or protection asserted;

  f.  The Bates page range or page length of the Document; and

  g.  The Request(s) to which the Document is responsive.

12.     If no document responsive to a Request exists, please state so in Your response.

13.     The relevant time period for these Requests is from January 1, 2017 through the date of these Requests, unless otherwise stated. Your answers shall include responsive documents created, sent, or received during that period. Defendants reserve the right to amend or revise the relevant time period if the Court orders discovery from a different time period or the parties agree to a different time period.

5

I\15572241.1

## EXHIBIT B: REQUESTS

**REQUEST NO. 1**     All Documents and Communications relating to the financial condition of Outdoor by Design, including but not limited to tax returns and financial statements dating back to January 1, 2017.

**RESPONSE:**

**REQUEST NO. 2**     All Documents and Communications relating to capital contributions, loans, donations, or other items of value provided by You to Outdoor by Design regardless of whether You expected to be compensated or not, including documents sufficient to reflect the amount and terms of those contributions, donations, or loans, any payments made on those loans, and the current repayment status.

**RESPONSE:**

**REQUEST NO. 3**     All Documents and Communication relating to the ownership of Outdoor by Design, including changes in ownership over time and the reasons therefor.

**RESPONSE:**

**REQUEST NO. 4**     All Documents and Communications relating to the Affiliated Entities, including any direct or indirect transfers of money or other items of value by, for, or between Outdoor by Design, including You or any of its other members, and any of the Affiliated Entities.

**RESPONSE:**

I\15572241.1

**REQUEST NO. 5**     All Documents and Communications relating to transfers from Outdoor by Design to You or any other member, or family member of any member, of Outdoor by Design.

**RESPONSE:**

**REQUEST NO. 6**     All Documents and Communications relating to any direct or indirect transfers of money or other items of value by, for, or between Outdoor by Design, including You or any of its other members, and its Bankruptcy Creditors.

**RESPONSE:**

I\15572241.1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Middle _____ District of _____ Florida, Tampa Division _____

In re __ Outdoor By Design LLC _____

Debtor

*(Complete if issued in an adversary proceeding)*

_____

Plaintiff

v.

_____

Defendant

Case No. __ 8:20-bk-04253-CED ____

Chapter __ 11 ____

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Steven Hornaday
6129 55th Avenue Cir E., Bradenton, FL  34203-9755

*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:    See attached Exhibits A and B

| PLACE Underwood Murray, P.A.,  (attn: Megan W. Murray) 100 N Tampa, Suite 2325, Tampa, FL 33602 or email mmurray@underwoodmurray.com | DATE AND TIME 5:00 p.m. on December 16, 2020 |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __ 11/25/2020 ____

CLERK OF COURT

OR

_____           /s/ Megan W. Murray
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*  Taizhou Yuanda Investment _ Group Co., Ltd., et al.  ("TZY") _____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

[x] I served the subpoena by delivering a copy to the named person as follows:   Steven Hornaday

_____ 6129 55th Avenue Cir E., Bradenton, FL  34203-9755

_____ via Certified Mail _____ on *(date)* _11/25/2020_____ ; or

[ ] I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

 I declare under penalty of perjury that this information is true and correct.

Date: _11/25/2020_____

/s/ Megan W. Murray
_____
*Server's signature*

Megan W. Murray
_____
*Printed name and title*

Underwood Murray, P.A., 100  N. Tampa St., Suite 2325
Tampa, FL 33602
mmurray@underwoodmurray.com
_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A: DEFINITIONS AND INSTRUCTIONS

## DEFINITIONS

1.      The terms "You" or "Your" mean Steven Hornaday, including Your agents, staff members, and representatives.

2.      The term "TZY" means, collectively, Taizhou Yuanda Investment Group Co., Ltd., Taizhou Yuanda Furniture Co., Ltd., and Taizhou Yuanda Travelling Articles Co., Ltd., including their members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, or successors.

3.      The term "Affiliated Entities" means, collectively, Z Outdoor Living, LLC ("Z Outdoor Living"); AFG, LLC; Casual Products of America, LLC ("Casual Products of America" or "CPA"); Alliant Furniture Group, LLC; AMG International, LLC ("AMG"); B-Cool Technologies, LLC; Outdoor Brands International, LLC; and Outdoor Innovations Group, LLC, including their members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, or successors.

4.      The term "Bankruptcy Creditors" means, collectively, any individual or entity listed as a creditor on Outdoor by Design's bankruptcy filings.

5.      The terms "concerning," "relating to," "related to," "referring or relating to," "relate to," or "refer to," "referencing," mean to address, comprise, consider, reflect, record, reference, memorialize, mention, describe, discuss, contradict, evaluate, consider, review, pertain to, summarize, or report on the subject matter of the Request or to have been created, generated, or maintained in connection with or as a result of the subject matter of the Request.

6.      The term "communication(s)" means any conveyance, disclosure, transfer, transmittal, or exchange of oral or written information (in the form of facts, ideas, inquiries, or otherwise) between or among one or more persons or entities.

7.      The terms "Document" and "Documents" include any written, printed, typed, photocopied, photographed, recorded, or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds, or symbols, or any combination thereof. The terms include also, without limitation, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports, and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of meetings or communications, electronic mail/messages and/or email, texts, instant messaging, questionnaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, and all other data compilations from which information can be obtained, including, without limitation, thumb drives, external hard drives, electromagnetically sensitive storage media such as CDs, DVDs, memory sticks, floppy disks, hard disks, and magnetic tapes. The term "Document" also means every copy of a document where such copy is not an identical duplicate of the original.

I\15571757.1

## INSTRUCTIONS

1.      Plaintiffs seek the production of the Documents set forth in the numbered Requests below that are in Your possession, custody, or control.

2.      In construing these Requests, You shall give effect to the Definitions set forth above. The Definitions apply whether or not the defined term is capitalized in the Request.

3.      Undefined words and terms should be given their common meaning. If You are unsure of the definition of a particular word or term that is not defined in the Definitions set forth above, You shall use the definition that You believe to be the most accurate and state that definition in Your response.

4.      Each Request for documents shall be construed independently and no Request shall be viewed as limiting the scope of any other Request.

5.      Where the context in the Requests makes it appropriate, each singular word shall include its plural and each plural word shall include its singular. The words "any," "and," and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery all responses that might otherwise be construed to be outside its scope. Each of the following words includes the meaning of every other word: "each," "every," "all," and "any." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

6.      In responding to these Requests, You shall furnish such information and documents in Your possession, custody, or control, including information that is in the possession, custody, or control of Your agents, investigators, consultants, and (subject to any otherwise applicable privileges) attorneys.

3

7.      Documents produced shall be numbered consecutively, with a prefix identifying the name of the producing entity. For each Document produced, indicate the custodian from whose custody or possession that Document was collected.

8.      Electronically stored information ("ESI") shall be produced in native form, with original metadata. Each production of ESI shall be accompanied by a metadata load file that contains links to the produced files via "Native Link" data values, as well as the original file name, and file path. Each native file shall be renamed with a Bates number and delivered sequentially without gaps. Any ESI that is not text-searchable in native form shall be rendered with OCR software to produce searchable text. Any hard copy documents scanned or otherwise converted to electronic form and produced in electronic form shall be produced as single page TIFF images with document-level (multi-page) searchable text (.TXT) files, rendered with OCR software. The source of the documents (e.g., hard copy, scanned documents) shall be identified. Load files for such productions shall include document breaks which indicate the start and stop of each Document, and sequential Bates numbering without gaps.

9.      If You object to any part of a Request, set forth the basis for Your objection and respond to all parts of the Request to which You do not object.

10.     Each Document requested herein must be produced in its entirety, regardless of whether You consider the entire Document to be relevant or responsive to these Requests. If You have redacted any portion of a Document, stamp the word "redacted" on each page of the Document that You have redacted. Privileged redactions must be included in a privilege log (per Instruction 11, below); non-privileged redactions must also be included in a log describing the basis for the redaction.

11.     If any Document is withheld from production, in whole or in part, based on a claim of privilege, provide a privilege log, which, at a minimum, shall specify, as to each Document:

   a.   Author(s);

   b.   Addressee(s) and recipient(s) of the Document, including Persons copied (cc'd) or blind-copied (bcc'd) on any transmittal of the Document;

   c.   Your basis for withholding the Document, including the specific nature of the Date of the Document and, if applicable, any transmittal(s);

   d.   The specific privilege or protection from disclosure asserted;

   e.   A description of the subject matter of the Document sufficient to allow Defendants and the Court to assess the applicability of the privilege or protection asserted;

   f.   The Bates page range or page length of the Document; and

   g.   The Request(s) to which the Document is responsive.

12.     If no document responsive to a Request exists, please state so in Your response.

13.     The relevant time period for these Requests is from January 1, 2017 through the date of these Requests, unless otherwise stated. Your answers shall include responsive documents created, sent, or received during that period. Defendants reserve the right to amend or revise the relevant time period if the Court orders discovery from a different time period or the parties agree to a different time period.

I\15571757.1

## EXHIBIT B: REQUESTS

**REQUEST NO. 1**    All Documents relating to Defendants' tax returns, tax withholdings, and tax filings, including IRS Form W-2, Form W-3, Form W-4, Form 940, Form 941, Form 943, or any other documents relating to taxes paid by, to, or for the benefit of Outdoor by Design or any of the Affiliated Entities dating back to January 1, 2017.

**RESPONSE:**

**REQUEST NO. 2**    All Documents and Communications relating to the financial condition of Outdoor by Design, including but not limited to financial statements dating back to January 1, 2017.

**RESPONSE:**

**REQUEST NO. 3**    All receipts, invoices, and other documents provided to You by members or employees of Outdoor by Design to enable an accounting of Outdoor by Design's finances dating back to January 1, 2017.

**RESPONSE:**

**REQUEST NO. 4**    All Documents or Communications from or with members, employees, agents, or representatives of Outdoor by Design relating to Outdoor by Design's tax returns, financial statements, financial condition, or transfer to or from any third parties including the Affiliated Entities and any Bankruptcy Creditor dating back to January 1, 2017.

**RESPONSE:**

**REQUEST NO. 5**     All Documents relating to any direct or indirect transfers of money or other items of value by, for, or between Outdoor by Design and any of the Affiliated Entities or Bankruptcy Creditors dating back to January 1, 2017.

**RESPONSE:**

I\15571757.1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____Middle_____ District of _____Florida, Tampa Division_____

In re   Outdoor By Design LLC
_____
Debtor

Case No.   8:20-bk-04253-CED

*(Complete if issued in an adversary proceeding)*

Chapter   11

_____
Plaintiff

v.

Adv. Proc. No.   _____

_____
Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:   Outdoor Brands International, LLC c/o Jerry Camp, Registered Agent
      7839 Fruitville Road, Sarasota, FL  34240
_____
*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See attached Exhibits A and B

| PLACE  Underwood Murray, P.A.,  (attn: Megan W. Murray) 100 N Tampa, Suite 2325, Tampa, FL 33602 or email mmurray@underwoodmurray.com | DATE AND TIME 5:00 p.m. on December 16, 2020 |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   11/25/2020
       _____

CLERK OF COURT

OR

_____          /s/ Megan W. Murray
*Signature of Clerk or Deputy Clerk*          _____
                                              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*   Taizhou Yuanda Investment
_Group Co., Ltd., et al.  ("TZY")_____   , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

[X] I served the subpoena by delivering a copy to the named person as follows:   Outdoor Brands International, LLC

c/o Jerry Camp, Registered Agent, 7839 Fruitville Road, Sarasota, FL  34240

_____ via Certified Mail _____ on *(date)* ___11/25/2020___ ; or

[ ] I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: ___11/25/2020___

/s/ Megan W. Murray
_____
*Server's signature*

Megan W. Murray
_____
*Printed name and title*

Underwood Murray, P.A., 100  N. Tampa St., Suite 2325
Tampa, FL 33602
mmurray@underwoodmurray.com
_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A: DEFINITIONS AND INSTRUCTIONS

## DEFINITIONS

1.     The terms "You" or "Your" mean Outdoor Brands International, LLC, including Your employees, partners, subsidiaries, affiliates, agents, staff members, or representatives.

2.     The term "TZY" means, collectively, Taizhou Yuanda Investment Group Co., Ltd., Taizhou Yuanda Furniture Co., Ltd., and Taizhou Yuanda Travelling Articles Co., Ltd., including their members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, or successors.

3.     The term "Affiliated Entities" means, collectively, Z Outdoor Living, LLC ("Z Outdoor Living"); AFG, LLC; Casual Products of America, LLC ("Casual Products of America" or "CPA"); Alliant Furniture Group, LLC; AMG International, LLC ("AMG"); B-Cool Technologies, LLC; and Outdoor Innovations Group, LLC, including their members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, or successors.

4.     The term "Bankruptcy Creditors" means, collectively, any individual or entity listed as a creditor on Outdoor by Design's bankruptcy filings.

5.     The terms "concerning," "relating to," "related to," "referring or relating to," "relate to," or "refer to," "referencing," mean to address, comprise, consider, reflect, record, reference, memorialize, mention, describe, discuss, contradict, evaluate, consider, review, pertain to, summarize, or report on the subject matter of the Request or to have been created, generated, or maintained in connection with or as a result of the subject matter of the Request.

6.    The term "communication(s)" means any conveyance, disclosure, transfer, transmittal, or exchange of oral or written information (in the form of facts, ideas, inquiries, or otherwise) between or among one or more persons or entities.

7.    The terms "Document" and "Documents" include any written, printed, typed, photocopied, photographed, recorded, or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds, or symbols, or any combination thereof. The terms include also, without limitation, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports, and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of meetings or communications, electronic mail/messages and/or email, texts, instant messaging, questionnaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, and all other data compilations from which information can be obtained, including, without limitation, thumb drives, external hard drives, electromagnetically sensitive storage media such as CDs, DVDs, memory sticks, floppy disks, hard disks, and magnetic tapes. The term "Document" also means every copy of a document where such copy is not an identical duplicate of the original.

I\15572605.1

## **INSTRUCTIONS**

1.      TZY seeks the production of the Documents set forth in the numbered Requests below that are in Your possession, custody, or control.

2.      In construing these Requests, You shall give effect to the Definitions set forth above. The Definitions apply whether or not the defined term is capitalized in the Request.

3.      Undefined words and terms should be given their common meaning. If You are unsure of the definition of a particular word or term that is not defined in the Definitions set forth above, You shall use the definition that You believe to be the most accurate and state that definition in Your response.

4.      Each Request for documents shall be construed independently and no Request shall be viewed as limiting the scope of any other Request.

5.      Where the context in the Requests makes it appropriate, each singular word shall include its plural and each plural word shall include its singular. The words "any," "and," and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery all responses that might otherwise be construed to be outside its scope. Each of the following words includes the meaning of every other word: "each," "every," "all," and "any." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

6.      In responding to these Requests, You shall furnish such information and documents in Your possession, custody, or control, including information that is in the possession, custody, or control of Your agents, investigators, consultants, and (subject to any otherwise applicable privileges) attorneys.

3

7.      Documents produced shall be numbered consecutively, with a prefix identifying the name of the producing entity. For each Document produced, indicate the custodian from whose custody or possession that Document was collected.

8.      Electronically stored information ("ESI") shall be produced in native form, with original metadata. Each production of ESI shall be accompanied by a metadata load file that contains links to the produced files via "Native Link" data values, as well as the original file name, and file path. Each native file shall be renamed with a Bates number and delivered sequentially without gaps. Any ESI that is not text-searchable in native form shall be rendered with OCR software to produce searchable text. Any hard copy documents scanned or otherwise converted to electronic form and produced in electronic form shall be produced as single page TIFF images with document-level (multi-page) searchable text (.TXT) files, rendered with OCR software. The source of the documents (e.g., hard copy, scanned documents) shall be identified. Load files for such productions shall include document breaks which indicate the start and stop of each Document, and sequential Bates numbering without gaps.

9.      If You object to any part of a Request, set forth the basis for Your objection and respond to all parts of the Request to which You do not object.

10.     Each Document requested herein must be produced in its entirety, regardless of whether You consider the entire Document to be relevant or responsive to these Requests. If You have redacted any portion of a Document, stamp the word "redacted" on each page of the Document that You have redacted. Privileged redactions must be included in a privilege log (per Instruction 11, below); non-privileged redactions must also be included in a log describing the basis for the redaction.

11.     If any Document is withheld from production, in whole or in part, based on a claim of privilege, provide a privilege log, which, at a minimum, shall specify, as to each Document:

      a.  Author(s);

      b.  Addressee(s) and recipient(s) of the Document, including Persons copied (cc'd) or blind-copied (bcc'd) on any transmittal of the Document;

      c.  Your basis for withholding the Document, including the specific nature of the Date of the Document and, if applicable, any transmittal(s);

      d.  The specific privilege or protection from disclosure asserted;

      e.  A description of the subject matter of the Document sufficient to allow Defendants and the Court to assess the applicability of the privilege or protection asserted;

      f.  The Bates page range or page length of the Document; and

      g.  The Request(s) to which the Document is responsive.

12.     If no document responsive to a Request exists, please state so in Your response.

13.     The relevant time period for these Requests is from January 1, 2017 through the date of these Requests, unless otherwise stated. Your answers shall include responsive documents created, sent, or received during that period. Defendants reserve the right to amend or revise the relevant time period if the Court orders discovery from a different time period or the parties agree to a different time period.

5

## EXHIBIT B: REQUESTS

**REQUEST NO. 1**    All Documents and Communications relating to the financial condition of Outdoor by Design, including but not limited to tax returns and financial statements.

**RESPONSE:**

**REQUEST NO. 2**    All Documents and Communications relating to Outdoor by Design.

**RESPONSE:**

**REQUEST NO. 3**    All Documents and Communications relating to capital contributions, loans, donations, or other items of value provided by You to Outdoor by Design regardless of whether You expected to be compensated or not, including documents sufficient to reflect the amount and terms of those contributions, donations, or loans, any payments made on those loans, and the current repayment status.

**RESPONSE:**

**REQUEST NO. 4**    All Documents and Communications relating to any direct or indirect transfers of money or other items of value by, for, or between Outdoor by Design and any of the Affiliated Entities, including You.

**RESPONSE:**

**REQUEST NO. 5**    All Documents and Communications relating to TZY.

**RESPONSE:**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

__Middle__ District of __Florida, Tampa Division__

In re __Outdoor By Design LLC__

**Debtor**

*(Complete if issued in an adversary proceeding)*

Case No. __8:20-bk-04253-CED__

Chapter __11__

_____

**Plaintiff**

v.

_____

**Defendant**

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Outdoor Innovations Group, LLC c/o Casual Products of America, LLC, its Registered Agent
5976 Executive Drive, Suite B, Fitchburg, WI  53179-5329

*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See attached Exhibits A and B

| PLACE Underwood Murray, P.A.,  (attn: Megan W. Murray) 100 N Tampa, Suite 2325, Tampa, FL 33602 or email mmurray@underwoodmurray.com | DATE AND TIME 5:00 p.m. on December 16, 2020 |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __11/25/2020__

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

OR

/s/ Megan W. Murray

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Taizhou Yuanda Investment Group Co., Ltd., et al.  ("TZY") , who issues or requests this subpoena, are:

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

[x] I served the subpoena by delivering a copy to the named person as follows: __Outdoor Innovations Group, LLC__
___c/o Casual Products of America, LLC, its Registered Agent, 5976 Executive Drive, Suite B, Fitchburg, WI  53179-5329___
_____via Certified Mail_____ on *(date)* ___11/25/2020_____ ; or

[ ] I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

        I declare under penalty of perjury that this information is true and correct.

Date: ___11/25/2020_____

/s/ Megan W. Muray
_____
*Server's signature*

Megan W. Murray
_____
*Printed name and title*

Underwood Murray, P.A., 100  N. Tampa St., Suite 2325
Tampa, FL 33602
mmurray@underwoodmurray.com
_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A: DEFINITIONS AND INSTRUCTIONS

## DEFINITIONS

1.      The terms "You" or "Your" mean Outdoor Innovations Group, LLC, including Your employees, partners, subsidiaries, affiliates, agents, staff members, or representatives.

2.      The term "TZY" means, collectively, Taizhou Yuanda Investment Group Co., Ltd., Taizhou Yuanda Furniture Co., Ltd., and Taizhou Yuanda Travelling Articles Co., Ltd., including their members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, or successors.

3.      The term "Affiliated Entities" means, collectively, Z Outdoor Living, LLC ("Z Outdoor Living"); AFG, LLC; Casual Products of America, LLC ("Casual Products of America" or "CPA"); Alliant Furniture Group, LLC; AMG International, LLC ("AMG"); B-Cool Technologies, LLC; and Outdoor Brands International, LLC, including their members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, or successors.

4.      The term "Bankruptcy Creditors" means, collectively, any individual or entity listed as a creditor on Outdoor by Design's bankruptcy filings.

5.      The terms "concerning," "relating to," "related to," "referring or relating to," "relate to," or "refer to," "referencing," mean to address, comprise, consider, reflect, record, reference, memorialize, mention, describe, discuss, contradict, evaluate, consider, review, pertain to, summarize, or report on the subject matter of the Request or to have been created, generated, or maintained in connection with or as a result of the subject matter of the Request.

I\15572605.1

6.      The term "communication(s)" means any conveyance, disclosure, transfer, transmittal, or exchange of oral or written information (in the form of facts, ideas, inquiries, or otherwise) between or among one or more persons or entities.

7.      The terms "Document" and "Documents" include any written, printed, typed, photocopied, photographed, recorded, or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds, or symbols, or any combination thereof. The terms include also, without limitation, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports, and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of meetings or communications, electronic mail/messages and/or email, texts, instant messaging, questionnaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, and all other data compilations from which information can be obtained, including, without limitation, thumb drives, external hard drives, electromagnetically sensitive storage media such as CDs, DVDs, memory sticks, floppy disks, hard disks, and magnetic tapes. The term "Document" also means every copy of a document where such copy is not an identical duplicate of the original.

2

## **INSTRUCTIONS**

1.      TZY seeks the production of the Documents set forth in the numbered Requests below that are in Your possession, custody, or control.

2.      In construing these Requests, You shall give effect to the Definitions set forth above. The Definitions apply whether or not the defined term is capitalized in the Request.

3.      Undefined words and terms should be given their common meaning. If You are unsure of the definition of a particular word or term that is not defined in the Definitions set forth above, You shall use the definition that You believe to be the most accurate and state that definition in Your response.

4.      Each Request for documents shall be construed independently and no Request shall be viewed as limiting the scope of any other Request.

5.      Where the context in the Requests makes it appropriate, each singular word shall include its plural and each plural word shall include its singular. The words "any," "and," and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery all responses that might otherwise be construed to be outside its scope. Each of the following words includes the meaning of every other word: "each," "every," "all," and "any." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

6.      In responding to these Requests, You shall furnish such information and documents in Your possession, custody, or control, including information that is in the possession, custody, or control of Your agents, investigators, consultants, and (subject to any otherwise applicable privileges) attorneys.

3

7.      Documents produced shall be numbered consecutively, with a prefix identifying the name of the producing entity. For each Document produced, indicate the custodian from whose custody or possession that Document was collected.

8.      Electronically stored information ("ESI") shall be produced in native form, with original metadata. Each production of ESI shall be accompanied by a metadata load file that contains links to the produced files via "Native Link" data values, as well as the original file name, and file path. Each native file shall be renamed with a Bates number and delivered sequentially without gaps. Any ESI that is not text-searchable in native form shall be rendered with OCR software to produce searchable text. Any hard copy documents scanned or otherwise converted to electronic form and produced in electronic form shall be produced as single page TIFF images with document-level (multi-page) searchable text (.TXT) files, rendered with OCR software. The source of the documents (e.g., hard copy, scanned documents) shall be identified. Load files for such productions shall include document breaks which indicate the start and stop of each Document, and sequential Bates numbering without gaps.

9.      If You object to any part of a Request, set forth the basis for Your objection and respond to all parts of the Request to which You do not object.

10.     Each Document requested herein must be produced in its entirety, regardless of whether You consider the entire Document to be relevant or responsive to these Requests. If You have redacted any portion of a Document, stamp the word "redacted" on each page of the Document that You have redacted. Privileged redactions must be included in a privilege log (per Instruction 11, below); non-privileged redactions must also be included in a log describing the basis for the redaction.

11.     If any Document is withheld from production, in whole or in part, based on a claim of privilege, provide a privilege log, which, at a minimum, shall specify, as to each Document:

      a.   Author(s);

      b.   Addressee(s) and recipient(s) of the Document, including Persons copied (cc'd) or blind-copied (bcc'd) on any transmittal of the Document;

      c.   Your basis for withholding the Document, including the specific nature of the Date of the Document and, if applicable, any transmittal(s);

      d.   The specific privilege or protection from disclosure asserted;

      e.   A description of the subject matter of the Document sufficient to allow Defendants and the Court to assess the applicability of the privilege or protection asserted;

      f.   The Bates page range or page length of the Document; and

      g.   The Request(s) to which the Document is responsive.

12.     If no document responsive to a Request exists, please state so in Your response.

13.     The relevant time period for these Requests is from January 1, 2017 through the date of these Requests, unless otherwise stated. Your answers shall include responsive documents created, sent, or received during that period. Defendants reserve the right to amend or revise the relevant time period if the Court orders discovery from a different time period or the parties agree to a different time period.

5

## EXHIBIT B: REQUESTS

**REQUEST NO. 1**     All Documents and Communications relating to the financial condition of Outdoor by Design, including but not limited to tax returns and financial statements.

**RESPONSE:**

**REQUEST NO. 2**     All Documents and Communications relating to Outdoor by Design.

**RESPONSE:**

**REQUEST NO. 3**     All Documents and Communications relating to capital contributions, loans, donations, or other items of value provided by You to Outdoor by Design regardless of whether You expected to be compensated or not, including documents sufficient to reflect the amount and terms of those contributions, donations, or loans, any payments made on those loans, and the current repayment status.

**RESPONSE:**

**REQUEST NO. 4**     All Documents and Communications relating to any direct or indirect transfers of money or other items of value by, for, or between Outdoor by Design and any of the Affiliated Entities, including You.

**RESPONSE:**

**REQUEST NO. 5**     All Documents and Communications relating to TZY.

**RESPONSE:**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____Middle_____ District of _____Florida, Tampa Division_____

In re ___Outdoor By Design LLC___

**Debtor**

*(Complete if issued in an adversary proceeding)*

Case No. ___8:20-bk-04253-CED___

Chapter __11__

_____

**Plaintiff**

v.

_____

**Defendant**

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Jody Shapiro, 31 New Jersey, Huntington Station, NY  11746
c/o Kevin J. Palmersheim, 1424 N. High Point Rd., Middleton, WI  53562

*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See attached Exhibits A and B

| PLACE | DATE AND TIME |
|---|---|
| Underwood Murray, P.A.,  (attn: Megan W. Murray) 100 N Tampa, Suite 2325, Tampa, FL 33602 or email mmurray@underwoodmurray.com | 5:00 p.m. on December 16, 2020 |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ___11/25/2020___

CLERK OF COURT

OR

_____    /s/ Megan W Murray
*Signature of Clerk or Deputy Clerk*        _____
                                            *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Taizhou Yuanda Investment Group Co., Ltd., et al.  ("TZY")___ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

[x] I served the subpoena by delivering a copy to the named person as follows: __Jody Shapiro_____

___31 New Jersey, Huntington Station, NY  11746___  - AND-    _c/o Kevin J. Palmersheim, 1424 N. High Point Rd., Middleton, WI  53562_

_____via Certified Mail_____ on *(date)* ___11/25/2020_____ ; or

[ ] I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

 I declare under penalty of perjury that this information is true and correct.

Date: ___11/25/2020_____                     /s/ Megan W. Murray
                                         _____
                                                   *Server's signature*

                                              Megan W. Murray
                                         _____
                                                   *Printed name and title*
                                         Underwood Murray, P.A., 100  N. Tampa St., Suite 2325
                                         Tampa, FL 33602
                                         mmurray@underwoodmurray.com
                                         _____
                                                   *Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A: DEFINITIONS AND INSTRUCTIONS

## DEFINITIONS

1.      The terms "You" or "Your" mean Jody Shapiro, including Your employees, partners, subsidiaries, affiliates, agents, staff members, or representatives.

2.      The term "TZY" means, collectively, Taizhou Yuanda Investment Group Co., Ltd., Taizhou Yuanda Furniture Co., Ltd., and Taizhou Yuanda Travelling Articles Co., Ltd., including their members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, or successors.

3.      The term "Affiliated Entities" means, collectively, Z Outdoor Living, LLC ("Z Outdoor Living"); AFG, LLC; Casual Products of America, LLC ("Casual Products of America" or "CPA"); Alliant Furniture Group, LLC; AMG International, LLC ("AMG"); B-Cool Technologies, LLC; Outdoor Brands International, LLC; and Outdoor Innovations Group, LLC, including their members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, or successors.

4.      The term "Bankruptcy Creditors" means, collectively, any individual or entity listed as a creditor on Outdoor by Design's bankruptcy filings.

5.      The terms "concerning," "relating to," "related to," "referring or relating to," "relate to," or "refer to," "referencing," mean to address, comprise, consider, reflect, record, reference, memorialize, mention, describe, discuss, contradict, evaluate, consider, review, pertain to, summarize, or report on the subject matter of the Request or to have been created, generated, or maintained in connection with or as a result of the subject matter of the Request.

I\15572241.1

6.    The term "communication(s)" means any conveyance, disclosure, transfer, transmittal, or exchange of oral or written information (in the form of facts, ideas, inquiries, or otherwise) between or among one or more persons or entities.

7.    The terms "Document" and "Documents" include any written, printed, typed, photocopied, photographed, recorded, or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds, or symbols, or any combination thereof. The terms include also, without limitation, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports, and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of meetings or communications, electronic mail/messages and/or email, texts, instant messaging, questionnaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, and all other data compilations from which information can be obtained, including, without limitation, thumb drives, external hard drives, electromagnetically sensitive storage media such as CDs, DVDs, memory sticks, floppy disks, hard disks, and magnetic tapes. The term "Document" also means every copy of a document where such copy is not an identical duplicate of the original.

I\15572241.1

## INSTRUCTIONS

1.      TZY seeks the production of the Documents set forth in the numbered Requests below that are in Your possession, custody, or control.

2.      In construing these Requests, You shall give effect to the Definitions set forth above. The Definitions apply whether or not the defined term is capitalized in the Request.

3.      Undefined words and terms should be given their common meaning. If You are unsure of the definition of a particular word or term that is not defined in the Definitions set forth above, You shall use the definition that You believe to be the most accurate and state that definition in Your response.

4.      Each Request for documents shall be construed independently and no Request shall be viewed as limiting the scope of any other Request.

5.      Where the context in the Requests makes it appropriate, each singular word shall include its plural and each plural word shall include its singular. The words "any," "and," and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery all responses that might otherwise be construed to be outside its scope. Each of the following words includes the meaning of every other word: "each," "every," "all," and "any." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

6.      In responding to these Requests, You shall furnish such information and documents in Your possession, custody, or control, including information that is in the possession, custody, or control of Your agents, investigators, consultants, and (subject to any otherwise applicable privileges) attorneys.

3

7.      Documents produced shall be numbered consecutively, with a prefix identifying the name of the producing entity. For each Document produced, indicate the custodian from whose custody or possession that Document was collected.

8.      Electronically stored information ("ESI") shall be produced in native form, with original metadata. Each production of ESI shall be accompanied by a metadata load file that contains links to the produced files via "Native Link" data values, as well as the original file name, and file path. Each native file shall be renamed with a Bates number and delivered sequentially without gaps. Any ESI that is not text-searchable in native form shall be rendered with OCR software to produce searchable text. Any hard copy documents scanned or otherwise converted to electronic form and produced in electronic form shall be produced as single page TIFF images with document-level (multi-page) searchable text (.TXT) files, rendered with OCR software. The source of the documents (e.g., hard copy, scanned documents) shall be identified. Load files for such productions shall include document breaks which indicate the start and stop of each Document, and sequential Bates numbering without gaps.

9.      If You object to any part of a Request, set forth the basis for Your objection and respond to all parts of the Request to which You do not object.

10.     Each Document requested herein must be produced in its entirety, regardless of whether You consider the entire Document to be relevant or responsive to these Requests. If You have redacted any portion of a Document, stamp the word "redacted" on each page of the Document that You have redacted. Privileged redactions must be included in a privilege log (per Instruction 11, below); non-privileged redactions must also be included in a log describing the basis for the redaction.

11.     If any Document is withheld from production, in whole or in part, based on a claim of privilege, provide a privilege log, which, at a minimum, shall specify, as to each Document:

     a.  Author(s);

     b.  Addressee(s) and recipient(s) of the Document, including Persons copied (cc'd) or blind-copied (bcc'd) on any transmittal of the Document;

     c.  Your basis for withholding the Document, including the specific nature of the Date of the Document and, if applicable, any transmittal(s);

     d.  The specific privilege or protection from disclosure asserted;

     e.  A description of the subject matter of the Document sufficient to allow Defendants and the Court to assess the applicability of the privilege or protection asserted;

     f.  The Bates page range or page length of the Document; and

     g.  The Request(s) to which the Document is responsive.

12.     If no document responsive to a Request exists, please state so in Your response.

13.     The relevant time period for these Requests is from January 1, 2017 through the date of these Requests, unless otherwise stated. Your answers shall include responsive documents created, sent, or received during that period. Defendants reserve the right to amend or revise the relevant time period if the Court orders discovery from a different time period or the parties agree to a different time period.

5

## EXHIBIT B: REQUESTS

**REQUEST NO. 1**    All Documents and Communications relating to the financial condition of Outdoor by Design, including but not limited to tax returns and financial statements dating back to January 1, 2017.

**RESPONSE:**

**REQUEST NO. 2**    All Documents and Communications relating to capital contributions, loans, donations, or other items of value provided by You to Outdoor by Design regardless of whether You expected to be compensated or not, including documents sufficient to reflect the amount and terms of those contributions, donations, or loans, any payments made on those loans, and the current repayment status.

**RESPONSE:**

**REQUEST NO. 3**    All Documents and Communication relating to the ownership of Outdoor by Design, including changes in ownership over time and the reasons therefor.

**RESPONSE:**

**REQUEST NO. 4**    All Documents and Communications relating to the Affiliated Entities, including any direct or indirect transfers of money or other items of value by, for, or between Outdoor by Design, including You or any of its other members, and any of the Affiliated Entities.

**RESPONSE:**

**REQUEST NO. 5**    All Documents and Communications relating to transfers from Outdoor by Design to You or any other member, or family member of any member, of Outdoor by Design.

**RESPONSE:**

**REQUEST NO. 6**    All Documents and Communications relating to any direct or indirect transfers of money or other items of value by, for, or between Outdoor by Design, including You or any of its other members, and its Bankruptcy Creditors.

**RESPONSE:**

I\15572241.1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Middle _____ District of _____ Florida, Tampa Division _____

In re _____ Outdoor By Design LLC _____
                    Debtor

Case No. __ 8:20-bk-04253-CED __

*(Complete if issued in an adversary proceeding)*

Chapter __ 11 __

_____
                    Plaintiff

v.

Adv. Proc. No. _____

_____
                    Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Norman Shapiro, 31 New Jersey, Huntington Station, NY  11746
c/o Kevin J. Palmersheim, 1424 N. High Point Rd., Middleton, WI  53562

*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See attached Exhibits A and B

| PLACE Underwood Murray, P.A.,  (attn: Megan W. Murray) 100 N Tampa, Suite 2325, Tampa, FL 33602 or email mmurray@underwoodmurray.com | DATE AND TIME 5:00 p.m. on December 16, 2020 |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ____ 11/25/2020 ____

CLERK OF COURT

                                                        OR

_____          /s/ Megan W. Murray
*Signature of Clerk or Deputy Clerk*      _____
                                                        *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*   Taizhou Yuanda Investment Group Co., Ltd., et al.  ("TZY")      , who issues or requests this subpoena, are:

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

[x] I served the subpoena by delivering a copy to the named person as follows: __Norman Shapiro_____

____31 New Jersey, Huntington Station, NY  11746    - AND-     c/o Kevin J. Palmersheim, 1424 N. High Point Rd., Middleton, WI  53562

_____via Certified Mail_____ on *(date)* ___11/25/2020_____ ; or

[ ] I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

        I declare under penalty of perjury that this information is true and correct.

Date: ___11/25/2020_____

                                                        _____
                                                        /s/ Megan W. Murray
                                                                *Server's signature*
                                                        Megan W. Murray
                                                        _____
                                                                *Printed name and title*
                                                        Underwood Murray, P.A., 100  N. Tampa St., Suite 2325
                                                        Tampa, FL 33602
                                                        mmurray@underwoodmurray.com
                                                                *Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A: DEFINITIONS AND INSTRUCTIONS

## DEFINITIONS

1.    The terms "You" or "Your" mean Norman Shapiro, including Your employees, partners, subsidiaries, affiliates, agents, staff members, or representatives.

2.    The term "TZY" means, collectively, Taizhou Yuanda Investment Group Co., Ltd., Taizhou Yuanda Furniture Co., Ltd., and Taizhou Yuanda Travelling Articles Co., Ltd., including their members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, or successors.

3.    The term "Affiliated Entities" means, collectively, Z Outdoor Living, LLC ("Z Outdoor Living"); AFG, LLC; Casual Products of America, LLC ("Casual Products of America" or "CPA"); Alliant Furniture Group, LLC; AMG International, LLC ("AMG"); B-Cool Technologies, LLC; Outdoor Brands International, LLC; and Outdoor Innovations Group, LLC, including their members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, or successors.

4.    The term "Bankruptcy Creditors" means, collectively, any individual or entity listed as a creditor on Outdoor by Design's bankruptcy filings.

5.    The terms "concerning," "relating to," "related to," "referring or relating to," "relate to," or "refer to," "referencing," mean to address, comprise, consider, reflect, record, reference, memorialize, mention, describe, discuss, contradict, evaluate, consider, review, pertain to, summarize, or report on the subject matter of the Request or to have been created, generated, or maintained in connection with or as a result of the subject matter of the Request.

I\15572241.1

6.      The term "communication(s)" means any conveyance, disclosure, transfer, transmittal, or exchange of oral or written information (in the form of facts, ideas, inquiries, or otherwise) between or among one or more persons or entities.

7.      The terms "Document" and "Documents" include any written, printed, typed, photocopied, photographed, recorded, or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds, or symbols, or any combination thereof. The terms include also, without limitation, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports, and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of meetings or communications, electronic mail/messages and/or email, texts, instant messaging, questionnaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, and all other data compilations from which information can be obtained, including, without limitation, thumb drives, external hard drives, electromagnetically sensitive storage media such as CDs, DVDs, memory sticks, floppy disks, hard disks, and magnetic tapes. The term "Document" also means every copy of a document where such copy is not an identical duplicate of the original.

I\15572241.1

## INSTRUCTIONS

1.      TZY seeks the production of the Documents set forth in the numbered Requests below that are in Your possession, custody, or control.

2.      In construing these Requests, You shall give effect to the Definitions set forth above. The Definitions apply whether or not the defined term is capitalized in the Request.

3.      Undefined words and terms should be given their common meaning. If You are unsure of the definition of a particular word or term that is not defined in the Definitions set forth above, You shall use the definition that You believe to be the most accurate and state that definition in Your response.

4.      Each Request for documents shall be construed independently and no Request shall be viewed as limiting the scope of any other Request.

5.      Where the context in the Requests makes it appropriate, each singular word shall include its plural and each plural word shall include its singular. The words "any," "and," and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery all responses that might otherwise be construed to be outside its scope. Each of the following words includes the meaning of every other word: "each," "every," "all," and "any." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

6.      In responding to these Requests, You shall furnish such information and documents in Your possession, custody, or control, including information that is in the possession, custody, or control of Your agents, investigators, consultants, and (subject to any otherwise applicable privileges) attorneys.

3

I\15572241.1

7.      Documents produced shall be numbered consecutively, with a prefix identifying the name of the producing entity. For each Document produced, indicate the custodian from whose custody or possession that Document was collected.

8.      Electronically stored information ("ESI") shall be produced in native form, with original metadata. Each production of ESI shall be accompanied by a metadata load file that contains links to the produced files via "Native Link" data values, as well as the original file name, and file path. Each native file shall be renamed with a Bates number and delivered sequentially without gaps. Any ESI that is not text-searchable in native form shall be rendered with OCR software to produce searchable text. Any hard copy documents scanned or otherwise converted to electronic form and produced in electronic form shall be produced as single page TIFF images with document-level (multi-page) searchable text (.TXT) files, rendered with OCR software. The source of the documents (e.g., hard copy, scanned documents) shall be identified. Load files for such productions shall include document breaks which indicate the start and stop of each Document, and sequential Bates numbering without gaps.

9.      If You object to any part of a Request, set forth the basis for Your objection and respond to all parts of the Request to which You do not object.

10.      Each Document requested herein must be produced in its entirety, regardless of whether You consider the entire Document to be relevant or responsive to these Requests. If You have redacted any portion of a Document, stamp the word "redacted" on each page of the Document that You have redacted. Privileged redactions must be included in a privilege log (per Instruction 11, below); non-privileged redactions must also be included in a log describing the basis for the redaction.

I\15572241.1

11.     If any Document is withheld from production, in whole or in part, based on a claim of privilege, provide a privilege log, which, at a minimum, shall specify, as to each Document:

    a.  Author(s);

    b.  Addressee(s) and recipient(s) of the Document, including Persons copied (cc'd) or blind-copied (bcc'd) on any transmittal of the Document;

    c.  Your basis for withholding the Document, including the specific nature of the Date of the Document and, if applicable, any transmittal(s);

    d.  The specific privilege or protection from disclosure asserted;

    e.  A description of the subject matter of the Document sufficient to allow Defendants and the Court to assess the applicability of the privilege or protection asserted;

    f.  The Bates page range or page length of the Document; and

    g.  The Request(s) to which the Document is responsive.

12.     If no document responsive to a Request exists, please state so in Your response.

13.     The relevant time period for these Requests is from January 1, 2017 through the date of these Requests, unless otherwise stated. Your answers shall include responsive documents created, sent, or received during that period. Defendants reserve the right to amend or revise the relevant time period if the Court orders discovery from a different time period or the parties agree to a different time period.

I\15572241.1

## **EXHIBIT B: REQUESTS**

**REQUEST NO. 1**    All Documents and Communications relating to the financial condition of Outdoor by Design, including but not limited to tax returns and financial statements dating back to January 1, 2017.

**RESPONSE:**

**REQUEST NO. 2**    All Documents and Communications relating to capital contributions, loans, donations, or other items of value provided by You to Outdoor by Design regardless of whether You expected to be compensated or not, including documents sufficient to reflect the amount and terms of those contributions, donations, or loans, any payments made on those loans, and the current repayment status.

**RESPONSE:**

**REQUEST NO. 3**    All Documents and Communication relating to the ownership of Outdoor by Design, including changes in ownership over time and the reasons therefor.

**RESPONSE:**

**REQUEST NO. 4**    All Documents and Communications relating to the Affiliated Entities, including any direct or indirect transfers of money or other items of value by, for, or between Outdoor by Design, including You or any of its other members, and any of the Affiliated Entities.

**RESPONSE:**

I\15572241.1

**REQUEST NO. 5**    All Documents and Communications relating to transfers from Outdoor by Design to You or any other member, or family member of any member, of Outdoor by Design.

**RESPONSE:**

**REQUEST NO. 6**    All Documents and Communications relating to any direct or indirect transfers of money or other items of value by, for, or between Outdoor by Design, including You or any of its other members, and its Bankruptcy Creditors.

**RESPONSE:**

7

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Middle _____ District of _____ Florida, Tampa Division _____

In re   Outdoor By Design LLC
_____
                    Debtor

Case No.   8:20-bk-04253-CED

*(Complete if issued in an adversary proceeding)*

Chapter   11

_____
                    Plaintiff
                        v.

Adv. Proc. No. _____

_____
                    Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:   Ashley Thomas, 2514 Prairie Road, Madison, WI  57311
      c/o Kevin J. Palmersheim, 1424 N. High Point Rd., Middleton, WI  53562

*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See attached Exhibits A and B

| PLACE | Underwood Murray, P.A.,  (attn: Megan W. Murray) 100 N Tampa, Suite 2325, Tampa, FL 33602 or email mmurray@underwoodmurray.com | DATE AND TIME 5:00 p.m. on December 16, 2020 |
|---|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   11/25/2020
        _____

CLERK OF COURT

                                                    OR

_____              /s/ Megan W. Murray
*Signature of Clerk or Deputy Clerk*         _____
                                             *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*   Taizhou Yuanda Investment
 Group Co., Ltd., et al.  ("TZY")        ,  who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

[x] I served the subpoena by delivering a copy to the named person as follows:  Ashley Thomas _____

2514 Prairie Road, Madison, WI  57311     - AND-       c/o Kevin J. Palmersheim, 1424 N. High Point Rd., Middleton, WI  53562

_____ via Certified Mail _____  on *(date)* _____11/25/2020_____ ; or

[ ] I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: ___11/25/2020_____

/s/ Megan W. Murray
_____
*Server's signature*

Megan W. Murray
_____
*Printed name and title*

Underwood Murray, P.A., 100  N. Tampa St., Suite 2325
Tampa, FL 33602
__mmurray@underwoodmurray.com_____
*Server's address*

Additional information concerning attempted service, etc.:

Case 8:20-bk-04253-CED   Doc 70   Filed 11/25/20   Page 252 of 278

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A: DEFINITIONS AND INSTRUCTIONS

## DEFINITIONS

1.      The terms "You" or "Your" mean Ashley Thomas, including Your employees, partners, subsidiaries, affiliates, agents, staff members, or representatives.

2.      The term "TZY" means, collectively, Taizhou Yuanda Investment Group Co., Ltd., Taizhou Yuanda Furniture Co., Ltd., and Taizhou Yuanda Travelling Articles Co., Ltd., including their members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, or successors.

3.      The term "Affiliated Entities" means, collectively, Z Outdoor Living, LLC ("Z Outdoor Living"); AFG, LLC; Casual Products of America, LLC ("Casual Products of America" or "CPA"); Alliant Furniture Group, LLC; AMG International, LLC ("AMG"); B-Cool Technologies, LLC; Outdoor Brands International, LLC; and Outdoor Innovations Group, LLC, including their members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, or successors.

4.      The term "Bankruptcy Creditors" means, collectively, any individual or entity listed as a creditor on Outdoor by Design's bankruptcy filings.

5.      The terms "concerning," "relating to," "related to," "referring or relating to," "relate to," or "refer to," "referencing," mean to address, comprise, consider, reflect, record, reference, memorialize, mention, describe, discuss, contradict, evaluate, consider, review, pertain to, summarize, or report on the subject matter of the Request or to have been created, generated, or maintained in connection with or as a result of the subject matter of the Request.

I\15572241.1

6.      The term "communication(s)" means any conveyance, disclosure, transfer, transmittal, or exchange of oral or written information (in the form of facts, ideas, inquiries, or otherwise) between or among one or more persons or entities.

7.      The terms "Document" and "Documents" include any written, printed, typed, photocopied, photographed, recorded, or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds, or symbols, or any combination thereof. The terms include also, without limitation, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports, and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of meetings or communications, electronic mail/messages and/or email, texts, instant messaging, questionnaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, and all other data compilations from which information can be obtained, including, without limitation, thumb drives, external hard drives, electromagnetically sensitive storage media such as CDs, DVDs, memory sticks, floppy disks, hard disks, and magnetic tapes. The term "Document" also means every copy of a document where such copy is not an identical duplicate of the original.

I\15572241.1

# **INSTRUCTIONS**

1.      TZY seeks the production of the Documents set forth in the numbered Requests below that are in Your possession, custody, or control.

2.      In construing these Requests, You shall give effect to the Definitions set forth above. The Definitions apply whether or not the defined term is capitalized in the Request.

3.      Undefined words and terms should be given their common meaning. If You are unsure of the definition of a particular word or term that is not defined in the Definitions set forth above, You shall use the definition that You believe to be the most accurate and state that definition in Your response.

4.      Each Request for documents shall be construed independently and no Request shall be viewed as limiting the scope of any other Request.

5.      Where the context in the Requests makes it appropriate, each singular word shall include its plural and each plural word shall include its singular. The words "any," "and," and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery all responses that might otherwise be construed to be outside its scope. Each of the following words includes the meaning of every other word: "each," "every," "all," and "any." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

6.      In responding to these Requests, You shall furnish such information and documents in Your possession, custody, or control, including information that is in the possession, custody, or control of Your agents, investigators, consultants, and (subject to any otherwise applicable privileges) attorneys.

3

7.        Documents produced shall be numbered consecutively, with a prefix identifying the name of the producing entity. For each Document produced, indicate the custodian from whose custody or possession that Document was collected.

8.        Electronically stored information ("ESI") shall be produced in native form, with original metadata. Each production of ESI shall be accompanied by a metadata load file that contains links to the produced files via "Native Link" data values, as well as the original file name, and file path. Each native file shall be renamed with a Bates number and delivered sequentially without gaps. Any ESI that is not text-searchable in native form shall be rendered with OCR software to produce searchable text. Any hard copy documents scanned or otherwise converted to electronic form and produced in electronic form shall be produced as single page TIFF images with document-level (multi-page) searchable text (.TXT) files, rendered with OCR software. The source of the documents (e.g., hard copy, scanned documents) shall be identified. Load files for such productions shall include document breaks which indicate the start and stop of each Document, and sequential Bates numbering without gaps.

9.        If You object to any part of a Request, set forth the basis for Your objection and respond to all parts of the Request to which You do not object.

10.      Each Document requested herein must be produced in its entirety, regardless of whether You consider the entire Document to be relevant or responsive to these Requests. If You have redacted any portion of a Document, stamp the word "redacted" on each page of the Document that You have redacted. Privileged redactions must be included in a privilege log (per Instruction 11, below); non-privileged redactions must also be included in a log describing the basis for the redaction.

I\15572241.1

11.     If any Document is withheld from production, in whole or in part, based on a claim of privilege, provide a privilege log, which, at a minimum, shall specify, as to each Document:

   a.  Author(s);

   b.  Addressee(s) and recipient(s) of the Document, including Persons copied (cc'd) or blind-copied (bcc'd) on any transmittal of the Document;

   c.  Your basis for withholding the Document, including the specific nature of the Date of the Document and, if applicable, any transmittal(s);

   d.  The specific privilege or protection from disclosure asserted;

   e.  A description of the subject matter of the Document sufficient to allow Defendants and the Court to assess the applicability of the privilege or protection asserted;

   f.  The Bates page range or page length of the Document; and

   g.  The Request(s) to which the Document is responsive.

12.     If no document responsive to a Request exists, please state so in Your response.

13.     The relevant time period for these Requests is from January 1, 2017 through the date of these Requests, unless otherwise stated. Your answers shall include responsive documents created, sent, or received during that period. Defendants reserve the right to amend or revise the relevant time period if the Court orders discovery from a different time period or the parties agree to a different time period.

5

## EXHIBIT B: REQUESTS

**REQUEST NO. 1**    All Documents and Communications relating to the financial condition of Outdoor by Design, including but not limited to tax returns and financial statements dating back to January 1, 2017.

**RESPONSE:**

**REQUEST NO. 2**    All Documents and Communications relating to capital contributions, loans, donations, or other items of value provided by You to Outdoor by Design regardless of whether You expected to be compensated or not, including documents sufficient to reflect the amount and terms of those contributions, donations, or loans, any payments made on those loans, and the current repayment status.

**RESPONSE:**

**REQUEST NO. 3**    All Documents and Communication relating to the ownership of Outdoor by Design, including changes in ownership over time and the reasons therefor.

**RESPONSE:**

**REQUEST NO. 4**    All Documents and Communications relating to the Affiliated Entities, including any direct or indirect transfers of money or other items of value by, for, or between Outdoor by Design, including You or any of its other members, and any of the Affiliated Entities.

**RESPONSE:**

**REQUEST NO. 5**    All Documents and Communications relating to transfers from Outdoor by Design to You or any other member, or family member of any member, of Outdoor by Design.

**RESPONSE:**

**REQUEST NO. 6**    All Documents and Communications relating to any direct or indirect transfers of money or other items of value by, for, or between Outdoor by Design, including You or any of its other members, and its Bankruptcy Creditors.

**RESPONSE:**

I\15572241.1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Middle _____ District of _____ Florida, Tampa Division _____

In re   Outdoor By Design LLC
_____
Debtor

Case No.   8:20-bk-04253-CED

_(Complete if issued in an adversary proceeding)_

Chapter   11

_____
Plaintiff

v.

Adv. Proc. No. _____

_____
Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:   Michael Thomas, 2514 Prairie Road, Madison, WI  57311
      c/o Kevin J. Palmersheim, 1424 N. High Point Rd., Middleton, WI  53562
_____
_(Name of person to whom the subpoena is directed)_

[X] _Production_: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See attached Exhibits A and B

| PLACE   Underwood Murray, P.A.,  (attn: Megan W. Murray) 100 N Tampa, Suite 2325, Tampa, FL 33602 or email mmurray@underwoodmurray.com | DATE AND TIME   5:00 p.m. on December 16, 2020 |
|---|---|

[ ] _Inspection of Premises_: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|   |   |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   11/25/2020
_____

CLERK OF COURT

                                        OR        /s/ Megan W. Murray
_____                    _____
_Signature of Clerk or Deputy Clerk_                _Attorney's signature_

The name, address, email address, and telephone number of the attorney representing _(name of party)_  Taizhou Yuanda Investment
_Group Co., Ltd., et al.  ("TZY")_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

[x] I served the subpoena by delivering a copy to the named person as follows: _Michael Thomas_____

___2514 Prairie Road, Madison, WI  57311___   - AND-   ___c/o Kevin J. Palmersheim, 1424 N. High Point Rd., Middleton, WI  53562___

_____via Certified Mail_____   on *(date)* ___11/25/2020___ ; or

[ ] I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: ___11/25/2020___

/s/ Megan W. Murray
_____
*Server's signature*

Megan W. Murray
_____
*Printed name and title*

Underwood Murray, P.A., 100  N. Tampa St., Suite 2325
Tampa, FL 33602
mmurray@underwoodmurray.com
_____
*Server's address*


Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A: DEFINITIONS AND INSTRUCTIONS

## DEFINITIONS

1.       The terms "You" or "Your" mean Michael Thomas, including Your employees, partners, subsidiaries, affiliates, agents, staff members, or representatives.

2.       The term "TZY" means, collectively, Taizhou Yuanda Investment Group Co., Ltd., Taizhou Yuanda Furniture Co., Ltd., and Taizhou Yuanda Travelling Articles Co., Ltd., including their members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, or successors.

3.       The term "Affiliated Entities" means, collectively, Z Outdoor Living, LLC ("Z Outdoor Living"); AFG, LLC; Casual Products of America, LLC ("Casual Products of America" or "CPA"); Alliant Furniture Group, LLC; AMG International, LLC ("AMG"); B-Cool Technologies, LLC; Outdoor Brands International, LLC; and Outdoor Innovations Group, LLC, including their members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, or successors.

4.       The term "Bankruptcy Creditors" means, collectively, any individual or entity listed as a creditor on Outdoor by Design's bankruptcy filings.

5.       The terms "concerning," "relating to," "related to," "referring or relating to," "relate to," or "refer to," "referencing," mean to address, comprise, consider, reflect, record, reference, memorialize, mention, describe, discuss, contradict, evaluate, consider, review, pertain to, summarize, or report on the subject matter of the Request or to have been created, generated, or maintained in connection with or as a result of the subject matter of the Request.

6.      The term "communication(s)" means any conveyance, disclosure, transfer, transmittal, or exchange of oral or written information (in the form of facts, ideas, inquiries, or otherwise) between or among one or more persons or entities.

7.      The terms "Document" and "Documents" include any written, printed, typed, photocopied, photographed, recorded, or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds, or symbols, or any combination thereof. The terms include also, without limitation, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports, and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of meetings or communications, electronic mail/messages and/or email, texts, instant messaging, questionnaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, and all other data compilations from which information can be obtained, including, without limitation, thumb drives, external hard drives, electromagnetically sensitive storage media such as CDs, DVDs, memory sticks, floppy disks, hard disks, and magnetic tapes. The term "Document" also means every copy of a document where such copy is not an identical duplicate of the original.

2

## INSTRUCTIONS

1.      TZY seeks the production of the Documents set forth in the numbered Requests below that are in Your possession, custody, or control.

2.      In construing these Requests, You shall give effect to the Definitions set forth above. The Definitions apply whether or not the defined term is capitalized in the Request.

3.      Undefined words and terms should be given their common meaning. If You are unsure of the definition of a particular word or term that is not defined in the Definitions set forth above, You shall use the definition that You believe to be the most accurate and state that definition in Your response.

4.      Each Request for documents shall be construed independently and no Request shall be viewed as limiting the scope of any other Request.

5.      Where the context in the Requests makes it appropriate, each singular word shall include its plural and each plural word shall include its singular. The words "any," "and," and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery all responses that might otherwise be construed to be outside its scope. Each of the following words includes the meaning of every other word: "each," "every," "all," and "any." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

6.      In responding to these Requests, You shall furnish such information and documents in Your possession, custody, or control, including information that is in the possession, custody, or control of Your agents, investigators, consultants, and (subject to any otherwise applicable privileges) attorneys.

3

7.      Documents produced shall be numbered consecutively, with a prefix identifying the name of the producing entity. For each Document produced, indicate the custodian from whose custody or possession that Document was collected.

8.      Electronically stored information ("ESI") shall be produced in native form, with original metadata. Each production of ESI shall be accompanied by a metadata load file that contains links to the produced files via "Native Link" data values, as well as the original file name, and file path. Each native file shall be renamed with a Bates number and delivered sequentially without gaps. Any ESI that is not text-searchable in native form shall be rendered with OCR software to produce searchable text. Any hard copy documents scanned or otherwise converted to electronic form and produced in electronic form shall be produced as single page TIFF images with document-level (multi-page) searchable text (.TXT) files, rendered with OCR software. The source of the documents (e.g., hard copy, scanned documents) shall be identified. Load files for such productions shall include document breaks which indicate the start and stop of each Document, and sequential Bates numbering without gaps.

9.      If You object to any part of a Request, set forth the basis for Your objection and respond to all parts of the Request to which You do not object.

10.     Each Document requested herein must be produced in its entirety, regardless of whether You consider the entire Document to be relevant or responsive to these Requests. If You have redacted any portion of a Document, stamp the word "redacted" on each page of the Document that You have redacted. Privileged redactions must be included in a privilege log (per Instruction 11, below); non-privileged redactions must also be included in a log describing the basis for the redaction.

I\15572241.1

11.     If any Document is withheld from production, in whole or in part, based on a claim of privilege, provide a privilege log, which, at a minimum, shall specify, as to each Document:

  a.   Author(s);

  b.   Addressee(s) and recipient(s) of the Document, including Persons copied (cc'd) or blind-copied (bcc'd) on any transmittal of the Document;

  c.   Your basis for withholding the Document, including the specific nature of the Date of the Document and, if applicable, any transmittal(s);

  d.   The specific privilege or protection from disclosure asserted;

  e.   A description of the subject matter of the Document sufficient to allow Defendants and the Court to assess the applicability of the privilege or protection asserted;

  f.   The Bates page range or page length of the Document; and

  g.   The Request(s) to which the Document is responsive.

12.     If no document responsive to a Request exists, please state so in Your response.

13.     The relevant time period for these Requests is from January 1, 2017 through the date of these Requests, unless otherwise stated. Your answers shall include responsive documents created, sent, or received during that period. Defendants reserve the right to amend or revise the relevant time period if the Court orders discovery from a different time period or the parties agree to a different time period.

5

## EXHIBIT B: REQUESTS

**REQUEST NO. 1**    All Documents and Communications relating to the financial condition of Outdoor by Design, including but not limited to tax returns and financial statements dating back to January 1, 2017.

**RESPONSE:**

**REQUEST NO. 2**    All Documents and Communications relating to capital contributions, loans, donations, or other items of value provided by You to Outdoor by Design regardless of whether You expected to be compensated or not, including documents sufficient to reflect the amount and terms of those contributions, donations, or loans, any payments made on those loans, and the current repayment status.

**RESPONSE:**

**REQUEST NO. 3**    All Documents and Communication relating to the ownership of Outdoor by Design, including changes in ownership over time and the reasons therefor.

**RESPONSE:**

**REQUEST NO. 4**    All Documents and Communications relating to the Affiliated Entities, including any direct or indirect transfers of money or other items of value by, for, or between Outdoor by Design, including You or any of its other members, and any of the Affiliated Entities.

**RESPONSE:**

**REQUEST NO. 5**     All Documents and Communications relating to transfers from Outdoor by Design to You or any other member, or family member of any member, of Outdoor by Design.

**RESPONSE:**

**REQUEST NO. 6**     All Documents and Communications relating to any direct or indirect transfers of money or other items of value by, for, or between Outdoor by Design, including You or any of its other members, and its Bankruptcy Creditors.

**RESPONSE:**

I\15572241.1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Middle _____ District of _____ Florida, Tampa Division _____

In re   Outdoor By Design LLC
_____
                    **Debtor**

*(Complete if issued in an adversary proceeding)*

Case No.   8:20-bk-04253-CED

Chapter   11

_____
                    **Plaintiff**

                         v.

_____
                   **Defendant**

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:   Z Outdoor Living, LLC
      c/o Kevin J. Palmersheim, Registered Agent, 1424 N. High Point Rd., Middleton, WI  53562
─────────────────────────────────────────────────────────────────────────
          *(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See attached Exhibits A and B

| PLACE   Underwood Murray, P.A.,  (attn: Megan W. Murray) 100 N Tampa, Suite 2325, Tampa, FL 33602 or email mmurray@underwoodmurray.com | DATE AND TIME 5:00 p.m. on December 16, 2020 |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   11/25/2020
      _____

                    CLERK OF COURT

                                        OR

_____              /s/ Megan W. Murray
_____              _____
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*  Taizhou Yuanda Investment
 Group Co., Ltd., et al.  ("TZY")_____ , who issues or requests this subpoena, are:

─────────────────────────────────────────────────────────────────────────

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

[x] I served the subpoena by delivering a copy to the named person as follows:  Z Outdoor Living, LLC

____ c/o Kevin J. Palmersheim, Registered Agent, 1424 N. High Point Rd., Middleton, WI  53562 ____

____ via Certified Mail _____ on *(date)* __11/25/2020_____ ; or

[ ] I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____   11/25/2020

/s/ Megan W. Murray
_____
*Server's signature*

Megan W. Murray
_____
*Printed name and title*

Underwood Murray, P.A., 100  N. Tampa St., Suite 2325
Tampa, FL 33602
mmurray@underwoodmurray.com
_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A: DEFINITIONS AND INSTRUCTIONS

## DEFINITIONS

1.      The terms "You" or "Your" mean Z Outdoor Living, LLC ("Z Outdoor Living"), including Your employees, partners, subsidiaries, affiliates, agents, staff members, or representatives.

2.      The term "TZY" means, collectively, Taizhou Yuanda Investment Group Co., Ltd., Taizhou Yuanda Furniture Co., Ltd., and Taizhou Yuanda Travelling Articles Co., Ltd., including their members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, or successors.

3.      The term "Affiliated Entities" means, collectively, AFG, LLC; Casual Products of America, LLC ("Casual Products of America" or "CPA"); Alliant Furniture Group, LLC; AMG International, LLC ("AMG"); B-Cool Technologies, LLC; Outdoor Brands International, LLC; and Outdoor Innovations Group, LLC, including their members, officers, directors, employees, partners, subsidiaries, affiliates, agents, staff members, representatives, assignees, predecessors, or successors.

4.      The term "Bankruptcy Creditors" means, collectively, any individual or entity listed as a creditor on Outdoor by Design's bankruptcy filings.

5.      The terms "concerning," "relating to," "related to," "referring or relating to," "relate to," or "refer to," "referencing," mean to address, comprise, consider, reflect, record, reference, memorialize, mention, describe, discuss, contradict, evaluate, consider, review, pertain to, summarize, or report on the subject matter of the Request or to have been created, generated, or maintained in connection with or as a result of the subject matter of the Request.

6.    The term "communication(s)" means any conveyance, disclosure, transfer, transmittal, or exchange of oral or written information (in the form of facts, ideas, inquiries, or otherwise) between or among one or more persons or entities.

7.    The terms "Document" and "Documents" include any written, printed, typed, photocopied, photographed, recorded, or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds, or symbols, or any combination thereof. The terms include also, without limitation, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports, and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of meetings or communications, electronic mail/messages and/or email, texts, instant messaging, questionnaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, and all other data compilations from which information can be obtained, including, without limitation, thumb drives, external hard drives, electromagnetically sensitive storage media such as CDs, DVDs, memory sticks, floppy disks, hard disks, and magnetic tapes. The term "Document" also means every copy of a document where such copy is not an identical duplicate of the original.

2

## INSTRUCTIONS

1.     TZY seeks the production of the Documents set forth in the numbered Requests below that are in Your possession, custody, or control.

2.     In construing these Requests, You shall give effect to the Definitions set forth above. The Definitions apply whether or not the defined term is capitalized in the Request.

3.     Undefined words and terms should be given their common meaning. If You are unsure of the definition of a particular word or term that is not defined in the Definitions set forth above, You shall use the definition that You believe to be the most accurate and state that definition in Your response.

4.     Each Request for documents shall be construed independently and no Request shall be viewed as limiting the scope of any other Request.

5.     Where the context in the Requests makes it appropriate, each singular word shall include its plural and each plural word shall include its singular. The words "any," "and," and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery all responses that might otherwise be construed to be outside its scope. Each of the following words includes the meaning of every other word: "each," "every," "all," and "any." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

6.     In responding to these Requests, You shall furnish such information and documents in Your possession, custody, or control, including information that is in the possession, custody, or control of Your agents, investigators, consultants, and (subject to any otherwise applicable privileges) attorneys.

I\15572605.1

7.      Documents produced shall be numbered consecutively, with a prefix identifying the name of the producing entity. For each Document produced, indicate the custodian from whose custody or possession that Document was collected.

8.      Electronically stored information ("ESI") shall be produced in native form, with original metadata. Each production of ESI shall be accompanied by a metadata load file that contains links to the produced files via "Native Link" data values, as well as the original file name, and file path. Each native file shall be renamed with a Bates number and delivered sequentially without gaps. Any ESI that is not text-searchable in native form shall be rendered with OCR software to produce searchable text. Any hard copy documents scanned or otherwise converted to electronic form and produced in electronic form shall be produced as single page TIFF images with document-level (multi-page) searchable text (.TXT) files, rendered with OCR software. The source of the documents (e.g., hard copy, scanned documents) shall be identified. Load files for such productions shall include document breaks which indicate the start and stop of each Document, and sequential Bates numbering without gaps.

9.      If You object to any part of a Request, set forth the basis for Your objection and respond to all parts of the Request to which You do not object.

10.     Each Document requested herein must be produced in its entirety, regardless of whether You consider the entire Document to be relevant or responsive to these Requests. If You have redacted any portion of a Document, stamp the word "redacted" on each page of the Document that You have redacted. Privileged redactions must be included in a privilege log (per Instruction 11, below); non-privileged redactions must also be included in a log describing the basis for the redaction.

4

11.     If any Document is withheld from production, in whole or in part, based on a claim of privilege, provide a privilege log, which, at a minimum, shall specify, as to each Document:

    a.  Author(s);

    b.  Addressee(s) and recipient(s) of the Document, including Persons copied (cc'd) or blind-copied (bcc'd) on any transmittal of the Document;

    c.  Your basis for withholding the Document, including the specific nature of the Date of the Document and, if applicable, any transmittal(s);

    d.  The specific privilege or protection from disclosure asserted;

    e.  A description of the subject matter of the Document sufficient to allow Defendants and the Court to assess the applicability of the privilege or protection asserted;

    f.  The Bates page range or page length of the Document; and

    g.  The Request(s) to which the Document is responsive.

12.     If no document responsive to a Request exists, please state so in Your response.

13.     The relevant time period for these Requests is from January 1, 2017 through the date of these Requests, unless otherwise stated. Your answers shall include responsive documents created, sent, or received during that period. Defendants reserve the right to amend or revise the relevant time period if the Court orders discovery from a different time period or the parties agree to a different time period.

I\15572605.1

## EXHIBIT B: REQUESTS

**REQUEST NO. 1**    All Documents and Communications relating to the financial condition of Outdoor by Design, including but not limited to tax returns and financial statements.

**RESPONSE:**

**REQUEST NO. 2**    All Documents and Communications relating to Outdoor by Design.

**RESPONSE:**

**REQUEST NO. 3**    All Documents and Communications relating to capital contributions, loans, donations, or other items of value provided by You to Outdoor by Design regardless of whether You expected to be compensated or not, including documents sufficient to reflect the amount and terms of those contributions, donations, or loans, any payments made on those loans, and the current repayment status.

**RESPONSE:**

**REQUEST NO. 4**    All Documents and Communications relating to any direct or indirect transfers of money or other items of value by, for, or between Outdoor by Design and any of the Affiliated Entities, including You.

**RESPONSE:**

**REQUEST NO. 5**    All Documents and Communications relating to TZY.

**RESPONSE:**

I\15572605.1